UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DENISE M. BARRY and<br>JANE B. GREEN,<br><br>        Plaintiffs,<br><br>vs.<br><br>ROBERT J. MORAN; PAUL A.<br>CHRISTIAN; WILLIAM KESSLER;<br>WILLIAM HITCHCOCK; CITY OF<br>BOSTON FIRE DEPARTMENT, and<br>JOHN and/or JANE DOES 1-50,<br><br>        Defendants. | CIVIL NO. 05-10528 RCL<br><br>AFFIDAVIT OF COUNSEL |

AFFIDAVIT OF COUNSEL
IN SUPPORT OF PLAINTIFFS' EX PARTE MOTION FOR ORDER SHORTENTING TIME
FOR HEARING ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

I, Thomas F. Feeney, am an attorney duly licensed in the Commonwealth of Massachusetts and the counsel of record for the Plaintiffs in the above-entitled case.

1. On 14 March 2005, the Complaint for Injunctive Relief, Declaratory Relief, and Damages was filed in the Suffolk County Superior Court for the Commonwealth of Massachusetts.

2. Along with the Complaint was filed a Motion for Preliminary Injunction seeking an immediate return to Plaintiff Green's status quo in order to stop the ongoing, irreparable violations of her constitutional rights and to prevent further, debilitating stress that is seriously affecting her health, including dangerous increases in her blood pressure and HDL levels. See Affidavit of Jane Green in Support of Plaintiffs' Motion for Preliminary Injunction, submitted herewith.

3. Plaintiff had discovered the serious manifestations of Defendants' retaliation at a physicians' visit on 12 March 2005. See Exhibit A to Green Affidavit.

4. On 14 March 2005, copies of the pleadings were delivered to the Defendants' counsel's office.

5. On the morning of 15 March 2005, Plaintiffs received the first available date on their Motion for Preliminary Injunction - Monday, 21 March 2005 at 2:00 p.m. A copy of the Summons and Notice of Hearing was sent via facsimile to the attorney who earlier had contacted Plaintiffs' counsel with regards to future contact with Defendants. See letter dated 21 October 2004 from Robert J. Boyle, Jr., Esq., attached hereto as exhibit A.

6. On the morning of 21 March 2005, my office received a telephone call from the City of Boston Law Department where the pleadings originally had been delivered on 14 March 2005, informing me of the removal of this case to Federal Court, and that the hearing set for 2:00 p.m. had been vacated.

7. Because of the imminent, irreparable harm threatened towards Plaintiff Jane Green, and the substantial notice that Defendants have had of this matter, Plaintiffs respectfully request that this Court set a hearing on Plaintiff's Motion for Preliminary Injunction at the earliest possible time.

Signed and sworn to under the pains and penalties of perjury this 22 day of March 2005:

_____
Thomas F. Feeney



# CITY OF BOSTON
## OFFICE OF LABOR RELATIONS

THOMAS M. MENINO
MAYOR

DAVID M. CONNELLY
DIRECTOR

October 21, 2004

Thomas F. Feeney
Counselor at Law
39 Sheafe Street
Chestnut Hill, MA 02467
Fax # 617-277-5751

Dear Attorney Feeney:

A person claiming to be a client of yours, one Denise M. Barry, recently served a letter upon the City of Boston's Human Resources office indicating that she had records related to a claim of discrimination she was making. She further stated, however, that someone from the Human Resources office would have to call you to obtain the records. She provided your telephone number and indicated that you were waiting for a call.

Assuming Ms. Barry is your client, this letter is to provide notice that the attorneys of the City's Office of Labor Relations represent the City with respect to Ms. Barry and any of her claims, pending or to be brought. Pursuant to Rule 4.2 of the Mass. Rules of Professional Conduct, therefore, please refrain from directly communicating about the subject(s) of your representation of Ms. Barry with any agent or employee of the City of Boston, including but not limited to the Human Resources office. Should you have a desire to obtain information from the City, please submit your information request in writing to the Office of Labor Relations and this office will determine whether you are legally entitled.

With respect to any records that Ms. Barry is currently withholding from the Human Resources office, if she decides to continue to withhold them, that is her decision.

Sincerely,

Robert J. Boyle Jr., Esq.
Office of Labor Relations

cc:   File
      Human Resources


A