*Suffolk Superior Civil # 05-977* 

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

# 05 - 10528 RCL

---

DENISE M. BARRY and JANE
B. GREEN,
    **Plaintiffs**,

v.

ROBERT J. MORAN, PAUL A.
CHRISTIAN, WILLIAM
KESSLER, WILLIAM
HITCHOCK, CITY OF BOSTON
FIRE DEPARTMENT, and JOHN
and/or JANE DOES 1-50.
    <u>Defendants</u>.

---



<u>NOTICE OF REMOVAL</u>

(PURSUANT TO 28 U.S.C. §1441)

Defendants Robert Moran and City of Boston hereby give
notice of the removal of this action pursuant to 28 U.S.C. §1441,
from the Superior Court Department of the Trial Court of
Massachusetts, in which court the action is entitled with the
same caption and which is pending in Suffolk Superior Court as
Civil Action No. 05-0977.

In support of this notice, Defendants Moran and City of
Boston state that:

1.    The action appears to be grounded in the laws and
    Constitution of the United States of America.  Count IV of

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

### SUCV2005-00977
### Barry et al v Moran et al

| | | | | |
|---|---|---|---|---|
| **File Date** | 03/14/2005 | **Status** | Disposed: transfered to other court (dtrans) | |
| **Status Date** | 03/21/2005 | **Session** | G - Civil G | |
| **Origin** | 1 | **Case Type** | E17 - Civil Rights Act (12.011H-1) | |
| **Lead Case** | | **Track** | A | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 06/12/2005 | **Answer** | 08/11/2005 | **Rule12/19/20** | 08/11/2005 |
| **Rule 15** | 06/07/2006 | **Discovery** | 05/03/2007 | **Rule 56** | 07/02/2007 |
| **Final PTC** | 10/30/2007 | **Disposition** | 03/13/2008 | **Jury Trial** | No |

PARTIES

**Plaintiff**
Denise M Barry
Active 03/14/2005

**Private Counsel 645605**
Thomas F Feeney
39 Sheafe Street
Suite 1
Chestnut Hill, MA 02467
Phone: 617-277-5750
Fax: 617-277-5751
Active 03/14/2005 Notify

**Plaintiff**
Jane B Green
Active 03/14/2005

**Defendant**
Robert J Moran
Service pending 03/14/2005

**Private Counsel 638152**
James M Chernetsky
Boston (City of) Law Dept
1 City Hall Plaza
Room 615
Boston, MA 02201
Phone: 617-635-4048
Active 03/21/2005 Notify

**Defendant**
Paul A Christian
Service pending 03/14/2005

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

### SUCV2005-00977
### Barry et al v Moran et al

| | |
|---|---|
| **Defendant**<br>William  Kessler<br>Service pending 03/14/2005 | |
| **Defendant**<br>William  Hitchcock<br>Service pending 03/14/2005 | |
| **Defendant**<br>City of  Boston Fire Department<br>Service pending 03/14/2005 | **Private Counsel 638152**<br>James M Chernetsky<br>Boston (City of) Law Dept<br>1 City Hall Plaza<br>Room 615<br>Boston, MA 02201<br>Phone: 617-635-4048<br>Active 03/21/2005 Notify |
| **Defendant**<br>John/Jane  Does 1-50<br>Service pending 03/14/2005 | |

**ENTRIES**

| Date | Paper | Text |
|---|---|---|
| 03/14/2005 | 1.0 | Complaint |
| 03/14/2005 | | Origin 1, Type E17, Track A. |
| 03/14/2005 | 2.0 | Civil action cover sheet filed |
| 03/14/2005 | 3.0 | Plffs motion for preliminary injunction |
| 03/15/2005 | | Notice ordered issued re: preliminary injunction returnable Monday<br>March 21, 2005 in room 3 at 2:00PM (Henry J)  Summons and order of<br>notice issued  See P#1 |
| 03/21/2005 | | Certified copy of petition for removal to U. S. Dist. Court of Defts.<br>Robert Moran and City  of Boston U. S. Dist.#(05-10528RCL). |
| 03/21/2005 | | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

### SUCV2005-00977
### Barry et al v Moran et al

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 03/21/2005 | Civil G | Motion/Hearing: prel inj<br>Trasferred to Federal Court | Event canceled not re-scheduled |

. HEREBY ATTEST AND CERTIFY ON

MARCH 23, 2005 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____

ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

**1**

SUFFOLK , SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. **05 - 0977 -**

DENISE M. BARRY and
JANE B. GREEN,

        Plaintiffs,

        vs.

ROBERT J. MORAN; PAUL A.
CHRISTIAN; WILLIAM KESSLER;
WILLIAM HITCHCOCK; CITY OF
BOSTON FIRE DEPARTMENT, and
JOHN and/or JANE DOES 1-50,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE

MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

2005 MAR 14 P 4:31

## VERIFIED COMPLAINT FOR
## INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND DAMAGES

Plaintiffs Denise M. Barry and Jane B. Green, by and through their undersigned counsel,

hereby assert the following facts and claims against Defendants Robert J. Moran, Paul A.

Christian, William Kessler, William Hitchcock [collectively referred to as the "Individual

Defendants"] in their individual and official capacities, and against Defendant City of Boston Fire

Department [hereinafter "BFD"].

### I. INTRODUCTION

1)     This is an action to redress the deprivation under color of statutes, ordinances, regulations,

customs, policies, practices, and/or usages of rights, privileges, and immunities secured to

Plaintiffs by the First, Fifth, Ninth, and Fourteenth Amendments to the Constitution of the

United States, Articles I, VI, XI, XII, and Amendment XVI of the Massachusetts



Constitution, Declaration of Rights, and 42 U.S.C. §§ 1983, 1985, 1986, and 1988, et seq., M.G.L. c. 12, §§ 11H, 11I, and 11J, M.G.L. c. 25, §17, and M.G.L. c. 149, § 185b, the City of Boston October 2000 Executive Order, and state common law, inter alia. Plaintiff seeks declaratory and injunctive relief pursuant to M.G.L. c. 214, § 1, M.G.L. c. 231A, and 42 U.S.C. §§ 1983, 1985, and 1986, *inter alia*, and damages. Plaintiff alleges further that Defendant Fire Department and its supervisors negligently failed to train and supervise its employees, including but not limited to Defendant Moran, thereby causing the violations of Plaintiffs' constitutional, statutory, and other legal rights, and seeks damages accordingly.

## PARTIES

1.  Plaintiff Denise M. Barry is an individual residing at 4 Essex Street, Charlestown, Suffolk County, Massachusetts 02129.

2.  Plaintiff Jane B. Green is an individual residing at 60 LaGrange Street, West Roxbury, Suffolk County, Massachusetts 02132.

3.  Defendant Robert Moran is employed as the Personnel Manager in the Boston Fire Department. Upon information and belief, Defendant Moran resides at 86 Minot Street, Dorchester, Boston, Massachusetts 02122. Defendant Moran is sued in his official and individual capacities.

4.  Defendant Paul A. Christian is employed as the Fire Commissioner for the City of Boston Fire Department, with his place of business located at 115 Southhampton Street, Boston, Massachusetts. Defendant Christian is sued in his official and individual capacities.

2

5.   Defendant William Kessler is employed by the City of Boston as the Director of Employment and Recruitment, with his place of business located at Boston City Hall, Room 612, Boston, Massachusetts 02201. Defendant Kessler is sued in his official and individual capacities.

6.   Defendant William Hitchcock is employed as the Director of Operations for the City of Boston Fire Department. Defendant Hitchcock is sued in his official and individual capacities.

7.   Defendant City of Boston Fire Department ["BFD"] is an incorporated governmental agency of the Commonwealth of Massachusetts, with its principal office located at 115 Southhampton Street, Boston, Suffolk County, Massachusetts.

8.   Defendants John and/or Jane Does 1-50 [hereinafter "Doe Defendants"] are administrators, supervisors, and/or other employees and/or staff of the BFD and/or of related municipal entities, and/or government and/or non-government persons and/or entities employed, hired, and/or otherwise engaged by the City of Boston, whose true names and capacities are as yet unknown to Plaintiffs and their counsel despite inquiry and due diligence, who acted and/or failed to act herein as more particularly alleged below. The Doe Defendants are sued herein in both their official and their individual capacities. The true names and capacities of the Doe Defendants will be substituted through a Motion to Amend the Complaint as they become known.


## JURISDICTION

9.   This Court has jurisdiction over this action for damages and equitable relief pursuant to M.G.L. c. 212, § 4 and M.G.L. c. 214, §1, respectively, *inter alia.*

3

## FACTS COMMON TO ALL COUNTS

10.   On or about October 2000, City of Boston Mayor Thomas M. Menino issued an
      Executive Order, attached hereto as Exhibit A, which "ordered and directed" that "[a]ll
      departments within the City of Boston shall adhere to this policy" and setting forth the
      policy, *inter alia*, that "discrimination, retaliation and harassment are contrary to City
      policy and are also illegal. Such conduct is defined as follows: . . . Conduct that
      conditions a person's hiring, compensation, terms and conditions of employment or access
      to services provided by the City on that person's . . . political affiliation[.]"

11.   Plaintiffs are informed and believe, and thereupon allege that the October 2000 Executive
      Order was issued to address a historical pattern and practice of political affiliation
      discrimination, a.k.a. "cronyism", within Boston city departments, including but not
      limited to Defendant Boston Fire Department.

## PLAINTIFF DENISE M. BARRY

12.   On or about 21 August 1996, Plaintiff Barry commenced employment with the BFD in the
      Training Division as a Principal Clerk, with an R-8 civil service employment rating.

13.   On or about 3 July 1998 after a budget review, the BFD upgraded all R-8 positions. As a
      result, Plaintiff Barry and another employee were upgraded to Head Clerk (Rl1) positions.
      Then on 1 September 1998 a Memorandum went out from AFSCME Council 93
      regarding the Joint Clerical Upgrade Committee Meeting such that whoever held a R-11
      Head Clerk position was upgraded to Head Clerk (R12) position, Step 1 (but now at the
      current pay rate of a step 5 pursuant to regular Union step increases at approximately
      $666.00 per week). This has been the only time that Plaintiff Barry has been upgraded.

4

14.    On or about July 2001, Defendant Moran was hired by the BFD.  Plaintiffs are informed
       and believe, and thereupon allege, that Defendant Moran was not qualified or otherwise
       suited for the position of personnel manager, was suspended and/or terminated from his
       previous human resources position for cause, and obtained the position with the BFD as a
       political favor.

15.    On or about 14 July 2003, Plaintiff Barry asked Defendant Moran why she was not getting
       raises or upgrades, whereupon Defendant Moran told Plaintiff Barry that there was not
       enough money and that no one is getting a raise.  Coincidentally, despite the purported
       lack of money, Plaintiff Barry discovered that Defendant Moran was trying, at this time, to
       create an R-15 Administrative Assistant position for a Sheila Mancuso, who just recently
       was employed at the BFD on 12 October 2002.

16.    On or about 14 August 2003, Plaintiff Barry submitted a 12-page letter of
       recommendations from various fire and civilian personnel from different offices that
       Plaintiff Barry had assisted during her BFD career.

17.    On or about 20 August 2003, Plaintiff Barry applied for an R-15 Administrative Assistant
       position in the BFD. Plaintiff Barry went on two interviews; first with Defendant Moran;
       and second with Chief Robert Calobrisi. On her way to the second interview, Plaintiff
       Barry was told by other employees not to waste her time because they already had
       someone picked for the job from outside the department, and that she purportedly did not
       meet the minimum entrance qualifications according to the job posting.  Plaintiff Barry is
       informed and believes, and thereupon alleges that an outsider, Michelle Urso, who did not
       meet the minimum qualifications but was politically affiliated with those with power and
       influence in the BFD, was hired for the position on or about 1 October 2003.

5

18. On or about 28 August 2003, during a conversation with Defendant Moran, Plaintiff Barry asked Defendant Moran if he had received a reply from City Hall about her pay raise. Defendant's response was, despite the recent hiring as set forth above, "No, I didn't tell you the City is out of money, there is a freeze on raises and hiring?" "No,"Plaintiff said, "you didn't tell me."

19. For the past 2 years, Defendant Chief William F. Hitchcock and Chief David R. Granara have requested step increases on several occasions for Plaintiff Barry, which repeatedly were denied by Defendants Moran and Christian.

20. For each position for which Plaintiff Barry applied, she was well qualified for the position, more so than 90% of the persons who received the jobs.

21. For more than the past three years, Plaintiff Barry has been passed over for promotions and step increases because she is not politically affiliated with those in power in the Fire Department or in City Government who have influence in the Fire Department.

22. On or about 1 October 2003,a BFD nurse, knowing of Plaintiff's competence, asked Plaintiff if she would be willing to assist in organizing the medical bills for payment in a job classified as "Case Manager - Indemnification.". Plaintiff agreed to help and Defendant Moran agreed to appoint Plaintiff Barry as an Acting position of MM-5.

23. In order to prepare for her new responsibilities, Plaintiff requested of Defendant Moran if she could attend Peoplesoft Training at City Hall because the software had been updated. Defendant Moran's reply was "Yes, I will work on it immediately."

24. On or about 1 October 2003, Plaintiff Barry asked Defendant Moran what Acting Position grade and step that she was doing as a Case Manager. Defendant Moran responded that the position was an "MM-5, and that he would work out what step it was and respond to

6

Plaintiff Barry at a later time.

25. On or about 3 October 2003, after only one day at the new position, Plaintiff Barry sent $43,996.48 worth of payrun claims to City Hall to be processed; there was a significant backlog of such payrun claims when Plaintiff Barry entered the position.

26. On or about 3 October 2003, Nurse Barbara Ryan send an electronic mail message to Carol Connors and Plaintiff Barry, thanking them for their extra effort during the backlog process.

27. On or about 6 October 2003, Department Nurse Barbara Ryan send an electronic mail message to Chief Granara saying that she wanted to thank him for allowing Plaintiff Barry to assist in the claims payment process and that Plaintiff Barry is a pleasure to work with and performs her duties exceptionally well.

28. Plaintiff Barry was doing both her regular position's responsibilities as well as the Case Manager's responsibilities during the time that she had the temporary upgrade.

29. On or about 6 October 2003, Plaintiff Barry requested again of Defendant Moran about the step rate, because she was only receiving the pay for a step 1 while she should be receiving at least a Step 3 or 4.

30. On or about 7 October 2003, Plaintiff Barry requested again of Defendant Moran if he had a chance to ask City Hall about the step rate; Defendant Moran responded that he would check into it.

31. On or about 7 October 2003, Plaintiff Barry sent $25,753.28 worth of payrun claims to City Hall for processing in order to assist in clearing the Case Manager backlog.

32. On or about 8 October 2003, Plaintiff Barry went to the Fire Marshall's Office of Maryanne McHugo in order to get trained in People Soft, but Ms. McHugo had informed

7

Defendant Moran earlier that she could not train Plaintiff Barry, and Defendant Moran had failed to inform Plaintiff Barry about this situation, thereby causing unnecessary dissension among BFD employees, and embarrassing Plaintiff Barry

33.    On or about 9 October 2003, Plaintiff Barry had a meeting with the Fire Department Human Resources Manager, Defendant Robert Moran. This meeting was called because Plaintiff Barry wanted to inquire if she would be getting the Case Manager position and because Plaintiff Barry had complaints that she was not receiving promotions and pay increases when due.

34.    At the 9 October 2003 meeting, in response to Plaintiff Barry's request for the position and complaints, Defendant Moran said that Plaintiff Barry would not be getting the position, that City Hall had someone else in mind and said, rather blatantly, "Well, if you're not into politics little girl, then you're not into a position here."

35.    At the 9 October 2003 meeting, at which Plaintiff Jane Green was present as Plaintiff Barry's Union Shop Steward, Plaintiff Green promptly stood up upon Defendant Moran's statement above, and said to Defendant Moran "I can't believe you are saying this to her, not to mention in front of me." Defendant Moran replied "that's the way it is around here." Whereupon Plaintiff Barry said "so, I am going to be punished because I am not into politics?" Defendant Moran shrugged his shoulders and said "that's politics for you".

36.    Later on 9 October 2003, Plaintiff Barry was informed that Defendant Moran was going to retaliate against Plaintiff Barry for her complaints and request for pay raises, such that he never would approve any pay increases for Plaintiff Barry. That has been the case since that time, such that Plaintiff Barry has continued to be denied promotions and wage increases.

8

37.   The person who received the Case Manager position was a former BFD employee who was politically affiliated with those with power and influence over the BFD, Ian McKenzie, who, Plaintiffs are informed and believe, did not even live within the City of Boston at the time he was hired, as is a requirement for such positions; Mr. McKenzie lived in Maryland at the time, while using a Boston property that he owned as his residence address for the purposes of applying for the position  Moreover, Mr. McKenzie received the position as an MM-8, Step 7, paying approximately $1,350.00 per week, rather than the MM-5, Step 1 pay at approximately $720.00 per week that Plaintiff Barry was receiving for doing the same job.

38.   After Plaintiff Barry's above-mentioned meeting with Defendant Moran, Plaintiff Barry complained in writing and in a meeting to Defendant Kessler, the Director of Employment and Recruitment for the City of Boston, who told her that what Defendant Moran said was not unlawful discrimination and that he could not help Plaintiff Barry.

39.   Plaintiff Barry had subsequent meetings with Defendant Kessler and at each meeting, Defendant Kessler refused to acknowledge that discrimination on the basis of political affiliation was unlawful and failed and otherwise refused do an independent investigation of Plaintiff Barry's allegations.

40.   On or about 3 September 2004, Plaintiff Barry submitted a written complaint against Defendant Moran to her supervisor Chief Granara.

41.   Shortly about or after 3 September 2004, Chief Granara then informed Chief Hitchcock and then proceeded to inform the Fire Commissioner of Plaintiff's complaint against Defendant Moran.

9

42. On or about 3 September 2004, Plaintiff Barry again submitted to, *inter alia*, Defendant Kessler, formal complaints about Defendant Moran's actions against her, including her lack of promotions and retaliation for her complaints, and as to Plaintiff Green for the retaliation being perpetrated upon her as her witness. The Mayor of the City of Boston was notified also of Plaintiffs' complaints against Defendant Moran. In response, on 21 October 2004, legal counsel for the City of Boston's Office of Labor Relations drafted a letter warning Plaintiffs' counsel not to speak with any employees of the City of Boston regarding this matter.

43. On or about 7 September 2004, a meeting was held with Defendant Kessler to review the complaints regarding Defendant Moran's, and others', mistreatment and retaliation against Plaintiffs Barry and Green.

44. More than six months have elapsed and Plaintiffs are informed and believe, and thereupon allege, that Defendant Kessler never conducted an investigation, and never issued a written opinion regarding Plaintiffs' complaints, despite receiving a written request to conduct an investigation, and despite receiving complaints about Defendant Moran from other individuals, in addition to Plaintiffs, during the meeting on 7 September 2004.

45. Instead, Plaintiffs are informed and believe, and thereupon allege, that Defendant Kessler's refusal to consider and otherwise investigate the information provided to him by Plaintiff Barry was motivated by Plaintiff Barry's and Plaintiff Green's lack of political affiliation with those having political influence over the BFD.

46. Defendant Kessler, instead of investigating the significant complaints about Defendant Moran's unlawful employment practices from Plaintiff Barry and others, placed an unreasonable and unnecessary burden upon Plaintiff Barry to produce more

10

documentation, when, in fact, Defendant Kessler had more than enough information to commence and otherwise complete a good faith investigation.

47. On or about 15 October 2004, Plaintiff Barry was denied a step increase by Defendants.

48. On or about 20 October 2004, Chief Joseph Finn requested a step increase for Kathy Frechette for an R-17. Kathy Frechette resides in South Boston and is politically affiliated with those presently having political influence over the Boston Fire Department.

49. On or about 9 December 2004, Plaintiff Barry had two hearings scheduled at Labor Relations before Analyst Alice Kessler, the wife of Defendant William Kessler, that were held with regards to her complaints that she was being discriminated against.

50. Eight days after the hearings on 9 December 2004, Plaintiff Green was informed that the Commissioner wants her out of the building immediately for no apparent reason.

51. Plaintiff Barry was offered only once an out-of-grade positions when such position were made available to less senior civil service and non-civil-service employees who were politically affiliated to influential persons, including but not limited to Defendants Christian and Moran, for which she would have been qualified. On or about 15 November 2004, Plaintiff Barry reported and complained about this unlawful practice to Defendants, but her reports and complaint were ignored.

52. Defendants Moran, Christian, and Kessler, and certain Doe Defendants acted, and otherwise purposely failed to act, in concert with each other to affect adversely the terms and conditions of Plaintiff Barry's employment as set forth herein.

53. As a direct and proximate result of the discrimination and other violations of the law perpetrated by Defendants, Plaintiff Barry has been deprived of approximately $55,000 in wages and benefits, and continues to suffer such losses at the rate of approximately $740

punished because I am not into politics?" Defendant Moran shrugged his shoulders and said "that's politics for you."

58    On and before 27 December 2004, Plaintiff Green was based at 115 Southampton Street, Boston, Massachusetts; all of the records that she needs are there, as well as the computer files vital to the efficient operation of her position.

59.   In addition, the Fire Investigation Unit, a necessary stop for the victims of car fires, is located just behind 115 Southhampton Street, on 920 Massachusetts Avenue. Fortunately for the victims of house fires, there is ample free parking near 115 Southampton Street.

60.   On Thursday, 23 December 2004, Defendant Moran handed Plaintiff Green a paper stating "this is your official transfer paper," signed, Peter Liazza, Fire Marshal, Boston Fire Department. The transfer stated that management has decided that the Fire Reports section (Plaintiff Green's section) of the Fire Prevention Division will be relocated to 1010 Massachusetts Avenue, 4th floor, starting Monday, 27 December 2004. The only explanation provided was that "this is not a transfer but a relocation."

61.   When Plaintiff Green was moved, she was told that the equipment and files needed for her position would be moved with her. This never has happened, and Plaintiff Green is informed and believes, and thereupon alleges, that it never will happen.

62.   The relocation is arbitrary, capricious, and malicious because Plaintiff Green's records still are located at 115 Southampton Street, requiring her to make two or three trips a week to look up information for customers.

63.   Plaintiff Green's move to 1010 Massachusetts Avenue also has an adverse impact upon the public.

13

64. Plaintiff Green's move causes an unnecessary, malicious, arbitrary, and capricious burden to the public to access the Fire Investigation Unit, there is no free parking (often a vital consideration for the newly destitute); and Plaintiff Green was practically unreachable because her old telephone number has been disconnected, without being re-established at her new location until Tuesday, 8 March 2005. Plaintiff Green remains separated from key files and record located at 115 Southhampton Street, posing an undue and malicious burden upon the terms and conditions of her employment because of her exercise of her First Amendment Rights to speak on behalf of Plaintiff Barry.

65. Up until 8 March 2005, Plaintiff Green's current location ded not provide her with a telephone such that she was cut off from answering vital customer and work-related inquiries and helping customers in need of emergency services, such that she was forced to locate an available desk, and stand over the person whose desk it is, to answer and return calls at least 15 to 20 times a day for three months.

66. The Boston Fire Department is in the business of not only putting out fires, but are to provide fire victims with the essential services they need to help them.

67. The emotional pain of people experiencing the devastating effects of fire is one thing, and then not to provide the emergency services they so desperately need is another. With the loss of a home, belongings and sometimes family members, people are emotionally distraught and angry, and are in need of emergency services. Plaintiff Green's present location prevents her from meeting the needs of the public effectively.

68. Plaintiff Green's responsibilities as Senior Administrative Assistant - Incident Reports requires her to be in constant contact with people to provide information on fire or incident reports, and to do research in order to get emergency services when needed either

14

through Boston Housing, Salvation Army, Red Cross or insurance companies. This process further requires the public to come to 1010 Mass Ave., to pick up a fire report or information, where parking is a problem or paying a parking fee of five-dollars (which they often do not have); such problems did not exist at her former location.

69. Because of information that Plaintiff Green has provided and offered to provide as a witness to the violations of law being perpetrated by Defendants, the actions of the Defendants are in violation of the terms and conditions of her employment and of law.

70. The transfer or job relocation to 1010 Mass Ave., serves no other purpose than retaliation, discrimination, and harassment because of Plaintiff Green's exercise of her First Amendment Rights to freedom of speech in her union activity in an official capacity as shop steward, and in her role as a witness to and reporter of the violations of law perpetrated upon Plaintiff Barry.

71. The transfer or job relocation has been difficult and frustrating for Plaintiff Green in trying to do Plaintiff Green's job in the last couple of months, and has caused severe emotional and physical distress and suffering, such that she has been compelled to seek medical treatment for the same.

72. Plaintiff Green filed a grievance regarding her retaliatory, forced relocation, which was heard on 27 January 2005 by Labor Relations Analyst Alice Kessler.

73. Labor Relations Analyst Kessler is the wife of Defendant Kessler.

74. By decision dated 1 March 2005, Labor Relations Analyst Kessler found that there was no violation of the collective bargaining agreement, and thereby denied Plaintiff Green's grievance.

15

75.    Plaintiffs are informed and believe, and thereupon allege, that such grievances that address
       the discrimination based upon political affiliation, and any related grievances, are
       arbitrarily, capriciously, and uniformly denied by the Office of Labor Relations, and
       specifically by Ms. Kessler.

76.    As a direct and proximate cause of the foregoing actions and omissions of the Defendants,
       Plaintiff discovered from her physician on Saturday, 12 March 2005, that her blood
       pressure suddenly has become threateningly high, such that her physician has considered
       pulling Plaintiff Green from her position for health reasons.

77.    As a direct and proximate cause of the foregoing actions and omissions of the Defendants,
       Plaintiff Green has suffered, and will continue to suffer, severe emotional distress in
       amounts to be proven at trial, but no less than $100,000.00.

78.    Defendants, in concert with each other, acted, and otherwise purposefully failed to act, to
       affect adversely the terms and conditions of Plaintiff Green's employment as set forth.

## CLAIMS

### First Cause of Action - Massachusetts Civil Rights Act M.G.L. c. 12, 11H and 11I

79.    Plaintiffs hereby incorporate all allegations contained in the preceding paragraphs.

80.    Defendants Christian, Hitchcok, Kessler, Moran, and certain Doe Defendants were at all
       times relevant herein acting under color of law.

81.    Defendants interfered, or attempted to interfere, by threats, intimidation, and/or coercion,
       with Plaintiffs' exercise of their rights of freedom of speech and to due process of law,
       *inter alia.*

16

82.    As a direct and proximate cause of Defendants' violation of laws as set forth herein,
        Plaintiffs have suffered, and continue to suffer, adverse and hostile employment actions,
        and severe emotional distress, in amounts as set forth herein and to be proven at trial.

### Second Cause of Action - Retaliation in Violation of M.G.L. c 149, § 185(b)

83.    Plaintiffs hereby incorporate all allegations contained in the preceding paragraphs.

84.    Plaintiffs have suffered retaliation in the form of adverse and hostile terms and conditions
        of employment because of Plaintiffs' reports regarding the unlawful political affiliation
        discrimination being perpetrated by Defendants.

85.    As a direct and proximate result of said violations of public policy, Plaintiffs have suffered
        adverse and hostile employment terms and conditions, and have suffered, and will continue
        to suffer, severe emotional distress in amounts as set forth herein and to be shown at trial.

### Third Cause of Action - Whistleblower Protection M.G.L. c. 25. § 17

86.    Plaintiffs hereby incorporate all allegations contained in the preceding paragraphs.

87.    The terms and conditions of Plaintiffs' employment have been affected adversely because
        they reported Defendant Moran's unlawful conduct, of hiring and promoting only those
        individuals who had the "correct" political affiliations, to her superiors in the hopes that
        such unlawful conduct would stop.

88.    As a direct and proximate result of said violations of public policy, Plaintiffs have suffered
        adverse and hostile employment decisions and have suffered, and will continue to suffer
        severe emotional distress in amounts as set forth herein and to be shown at trial.

17

## Fourth Cause of Action - 42 U.S.C. § 1983

89.    Plaintiffs hereby incorporate all allegations contained in the preceding paragraphs.

90.    This claim for relief is brought against Defendants Moran, Christian, Kessler, and Hitchcock, and certain of the Doe Defendants, in their individual capacities for monetary damages, and against all Defendants in their official capacities, including the BFD, for declaratory and injunctive relief.

91.    Defendants Christian, Moran, Kessler, and Hitchcock were at all times acting under color of law.

92.    Plaintiffs are informed and believe, and thereupon allege, that the individual Defendants acted and/or purported to act herein under color of statutes, regulations, customs, practices, and/or usages of the Municipality of the City of Boston and the Commonwealth of Massachusetts.

93.    Plaintiffs are informed and believe, and thereupon allege, that by the aforementioned acts and/or omissions of Defendants Moran, Hitchcock, Kessler, and Christian and certain of the Doe Defendants, Plaintiffs have been unlawfully denied their First Amendment Rights to Freedom of Speech, due process of law, and their rights to be free from unlawful discrimination, including discrimination on the basis of political affiliation, whether created by federal, state, or local law, inter alia, in violation of rights guaranteed to them by the United States Constitution, 42 U.S.C. §§ 1983, 1985, 1986, and 1988, and the Constitution and laws of the Commonwealth of Massachusetts, including but not limited to M.G.L., c. 12, §§ 11H, 11I, and 11J, Articles I, VI, XI, XII, and Amendment XVI of the Massachusetts Constitution, the Massachusetts Declaration of Rights, M.G.L. c. 127, § 32, M.G.L., c. 149, § 185b; and the City of Boston October 2000 Executive Order, inter

18

_alia_.

94    Plaintiffs are informed and believe, and thereupon allege, that Defendants Moran, Christian, Hitchcock, Kessler, and certain of the Doe Defendants, acted herein knowingly, intentionally, willfully, recklessly, and/or with deliberate indifference for the rights and/or interests and/or well being of Plaintiffs, thereby directly and proximately causing injuries in amounts as set forth herein and to be proven at trial.

### Fifth Cause of Acton - Conspiracy under 42 U.S.C. §§ 1985 and 1986

95.    Plaintiffs hereby incorporate all allegations contained in the preceding paragraphs.

96.    Plaintiffs are informed and believe, and thereupon allege, that Defendants Moran, Christian, Hitchcock, Kessler, and certain of the Doe Defendants, acted in concert herein to deny Plaintiffs' their rights as set forth herein or otherwise adversely affect the terms and conditions of their employment, knowingly, intentionally, willfully, recklessly, and/or with deliberate indifference for the rights and/or interests and/or well being of Plaintiffs, thereby directly and proximately causing injuries in amounts as set forth heerin and to be proven at trial.

### Sixth Cause of Action - Common Law Violation of Public Policy - Plaintif Barry

97.    Plaintiffs hereby incorporate all allegations contained in the preceding paragraphs.

98.    Plaintiff Barry's terms and conditions of employment have been affected adversely because she refused to commit an unlawful act

99.    Plaintiff's Barry's terms and conditions of employment have been affected adversely because she performed an important public obligation by reporting Defendant Moran's unlawful conduct, of hiring and promoting only those individuals who had the "correct"

19

political affiliations, to her superiors in the hopes that such unlawful conduct would stop.

100. Plaintiff Barry's terms and conditions of employment have been affected adversely because of exercising her right to freedom of speech in her refusal to endorse or become affiliated with those persons, including Defendants Moran and Christian and the Doe Defendants to whom they are politically affiliated, that exercised influence and control over the hiring practices within the Boston Fire Department.

101. As a direct and proximate result of said violations of public policy, Plaintiff Barry has suffered adverse and hostile employment decisions and has suffered severe emotional distress in amounts as set forth herein and to be shown at trial.

## Seventh Cause of Action - Common Law Violation of Public Policy - Plaintiff Green

102. Plaintiffs hereby incorporate all allegations contained in the preceding paragraphs.

103. Plaintiff Green's terms and conditions of employment have been affected adversely because she refused to commit an unlawful act.

104. Plaintiff Green's terms and conditions of employment have been affected adversely because she performed an important public obligation, and otherwise exercised her First Amendment Rights to Freedom of Speech, by reporting Defendant Moran's unlawful conduct, of hiring and promoting only those individuals who had the "correct" political affiliations, to her superiors in the hopes that such unlawful conduct would stop.

105. Plaintiff Green's terms and conditions of employment have been affected adversely because she sought to exercise, and otherwise exercised, her right to freedom of speech in her refusal to endorse or become affiliated with those persons, including Defendants Moran, Hitchcock, and Christian and the Doe Defendants to whom they are politically

20

## Ninth Cause of Action - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

111.  Plaintiffs hereby incorporate all allegations contained in the preceding paragraphs.

112.  This cause of action is brought against Defendant Moran, Christian, Hitchcock, Kessler, and certain of the Doe Defendants in their individual capacities only.

113.  Plaintiffs are informed and believe, and thereupon allege, that Defendant Moran, Christian, Hitchcock, Kessler, and certain of the Doe Defendants wrongfully and intentionally caused emotional distress upon Plaintiffs.

114.  Plaintiffs are informed and believe, and thereupon alleges, that Defendant Moran, Christian, Hitchcock, Kessler, and certain of the Doe Defendants acted herein knowingly, intentionally, willfully, and deliberately without regard for Plaintiffs' rights, interests, or well being, thereby directly and proximately causing injuries in amounts as set forth herein and to be proven at trial.

## Tenth Cause of Action - NEGLIGENCE

115.  Plaintiffs hereby incorporate all of the allegations contained in the preceding paragraphs.

116.  This cause of action is brought against all Defendants.

117.  Plaintiffs are informed and believe, and thereupon allege, that Defendants acted herein negligently, including but not limited to Defendants' failure to appropriately use, and/or train and supervise Defendant Moran and other Fire Department employees in the appropriate standards of conduct regarding the prohibitions of political affiliation discrimination and retaliation for exercises of rights to freedom of speech constitutes negligence under state tort law and M.G.L. c. 258, *inter alia,* thereby proximately and directly causing the injuries of which Plaintiffs complain.

22

(E)     For punitive damages against Defendant BFD, and Defendants Moran, Christian, Kessler, and Hitchcock, and certain of the Doe Defendants, in their individual capacities, in an amount sufficient to deter such practices in the future, which amount is alleged to be $500,000;

(F)     For reimbursement of Plaintiff's costs and expenses herein, including reasonable provision for their attorneys' fees and costs pursuant to 42 U.S.C. § 1988, M.G.L. c. 12, § 11H, 11I, and 11J, and the Massachusetts Declaration of Rights, *inter alia*; and

(G)     For such further and additional relief as the Court deems appropriate and just.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS SO TRIABLE**

Respectfully submitted,
Plaintiffs Denise M. Barry and Jane B. Green
By their attorney,

Thomas F. Feeney, BBO # 645605
THOMAS F FEENEY, COUNSELLOR AT LAW
39 Sheafe Street, Suite 1
Chestnut Hill, Massachusetts 02467
Tel.: (617) 277-5750
Fax: (617) 277-5751

DATED: 14 March 2005

HEREBY ATTEST AND CERTIFY ON
MARCH 23, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

ASSISTANT CLERK.

SUFFOLK, ss.   SUPERIOR COURT DEPT.
(date) 3-15-05
Notice ordered issued hereon returnable
at the 9th - 12th floor
on Monday March 21, 2005 at 2 PM
to show cause why a
preliminary injunction
should not be granted
By the Court, ( Kmay, J.)
ATTEST:
Assistant Clerk

Summons and order of notice issued

24

# CIVIL ACTION
## COVER SHEET

**Trial Court of Massachusetts**
**Superior Court Department**
County: _____

PLAINTIFF(S) DENISE M. BARRY and JANE B. GREEN

DEFENDANT(S) ROBERT MORAN, PAUL CHRISTIAN, WILLIAM KESSLER, WILLIAM HITCHCOCK, CITY OF BOSTON FIRE DEPARTMENT

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE  617-277-5750
THOMAS F. FEENEY, ESQ.
39 INEASE STREET, SUITE 1
CHESTNUT HILL, MA 02467
Board of Bar Overseers number: 645605

ATTORNEY (if known)
ROBERT J. BOYLE, JR., ESQ.
OFFICE OF LABOR RELATIONS
CITY HALL, RM 624
BOSTON, MA 02201   617-635-4525

## Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.          TYPE OF ACTION (specify)     TRACK      IS THIS A JURY CASE?

E-17              CIVIL RIGHTS CLAIM           (A)        (✓) Yes    ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . .
   2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . .
   3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . .
   4. Total physical therapy expenses . . . . . . . . . . . . . . . . . .
   5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . .
      Subtotal $ 55,000

B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . $
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . $
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . $ N/A
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 740/wk
F. Other documented items of damages (describe)
   $ 
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   PLAINTIFFS CLAIM VIOLATIONS OF THEIR CIVIL RIGHTS
   BECAUSE OF POLITICAL AFFILIATION DISCRIMINATION, VIOLATION OF THEIR
   FIRST AMENDMENT RIGHTS AND RETALIATION, INTER ALIA.
   INJURY INCLUDES LOST WAGES, EMOTIONAL DISTRESS ($200,000)
   TOTAL $ 55,000. +

SUFFOLK SUPERIOR CIVIL CLERK SUFFOLK
2005 MAR 11 P 4:5
MICHAEL JOSEPH DONOVAN CLERK/MAGISTRATE

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 3/11/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON

MARCH 23, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____

ASSISTANT CLERK.

3

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 05 - 0977

DENISE M. BARRY and )
JANE B. GREEN, )
)
Plaintiffs, )
)
vs. )
)
ROBERT MORAN; PAUL A. CHRISTIAN; )
WILLIAM KESSLER; WILLIAM )
HITCHCOCK; CITY OF BOSTON FIRE )
DEPARTMENT, and JOHN and/or JANE )
DOES 1-50, )
)
Defendants. )
)

MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE
2005 MAR 14 P 4: 31
SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs hereby move this honorable Court for immediate injunctive relief for Plaintiff

Jane B. Green, pursuant to M.G.L. c. 212, § 4, c. 214, § 1, c. 231A, c. 249 § 4, and

Massachusetts Rules of Civil Procedure, Rule 65. Plaintiffs' Motion for Preliminary Injunctive

Relief is based upon the Verified Complaint for Declaratory Relief, Injunctive Relief, and

Damages filed herewith, and any further testimony the Court may require and the arguments of

counsel at a hearing on the instant motion.

I HEREBY ATTEST AND CERTIFY ON
MARCH 23, 2005 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _Timothy Walsh_

ASSISTANT CLERK.

DATED: 14 March 2005

Respectfully submitted,
Plaintiff Denise Barry and Jane Green,
By their attorney,

Thomas F. Feeney (BBO# 645605)
THOMAS F. FEENEY, COUNSELLOR AT LAW
39 Sheafe Street, Suite 1
Chestnut Hill, Massachusetts 02467
Tel.: (617) 277-5750
Fax: (617) 277-5751