**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO. 05-10528-RCL

---

DENISE M. BARRY and JANE B. GREEN,
     <u>Plaintiffs</u>,

v.

ROBERT J. MORAN, PAUL A. CHRISTIAN, WILLIAM KESSLER, WILLIAM HITCHOCK,CITY OF BOSTON FIRE DEPARTMENT, and JOHN and/or JANE DOES 1-50.
     <u>Defendants</u>.

---

<u>**ANSWER OF THE DEFENDANT CITY OF BOSTON TO PLAINTIFF'S FIRST AMENDED COMPLAINT, WITH AFFIRMATIVE DEFENSES AND JURY DEMAND**</u>.

     NOW COMES the City of Boston, Defendant in the above-entitled action, and hereby answers the Amended Complaint of the Plaintiffs, as follows:

**<u>INTRODUCTION</u>**

     Paragraph One of the Plaintiffs' First Amended Complaint contains a preliminary statement summarizing the Plaintiffs' allegations as contained within the numbered paragraphs <u>infra</u>, and as such does not require a response. To the extent that the Plaintiffs' Introduction states any claim against Defendant City of Boston, it is denied.

**<u>PARTIES</u>**

1.    Defendant City of Boston admits the allegations contained in Paragraph One of the Plaintiff's First Amended Complaint.

2.    Defendant City of Boston admits the allegations contained in Paragraph Two of the Plaintiff's First Amended Complaint.

3.    The final sentence of Paragraph Three of the Plaintiff's First Amended Complaint contains an preliminary explanatory statement concerning the allegations made against Defendant Moran, and as such does not require a response. Answering further, Defendant City of Boston denies that Defendant Moran is employed with the title "Personnel Manager." Answering further, Defendant City of Boston admits the remaining allegations contained in Paragraph Three of the Plaintiff's First Amended Complaint.

4.    The final sentence of Paragraph Four of the Plaintiff's First Amended Complaint contains an preliminary explanatory statement concerning the allegations made against Defendant Christian, and as such does not require a response. Answering further, Defendant City of Boston admits the remaining allegations contained in Paragraph Four of the Plaintiff's First Amended Complaint.

5.    The final sentence of Paragraph Five of the Plaintiff's First Amended Complaint contains an preliminary explanatory statement concerning the allegations made against Defendant Kessler, and as such does not require a response. Answering further, Defendant City of Boston admits the remaining allegations contained in Paragraph Five of the Plaintiff's First Amended Complaint.

6.     The final sentence of Paragraph Six of the Plaintiff's First Amended Complaint contains an preliminary explanatory statement concerning the allegations made against Defendant Hitchcock, and as such does not require a response. Answering further, Defendant City of Boston denies that Defendant Hitchcock is employed with the title "Director of Operations." Answering further, Defendant City of Boston admits the remaining allegations contained in Paragraph Six of the Plaintiff's First Amended Complaint.

7.     Defendant City of Boston admits the allegations contained in Paragraph Seven of the Plaintiff's First Amended Complaint.

8.     Paragraph Eight of the Plaintiff's First Amended Complaint is an explanatory introductory statement describing Plaintiffs' intention to amend the Complaint to name further defendants, and as such does not require an answer.

## **JURISDICTION**

9.     Paragraph Nine of Plaintiffs' First Amended Complaint contains a statement of jurisdiction, and as such does not require a response.  To the extent that the Plaintiffs' statement of jurisdiction states any claim against Defendant City of Boston, it is denied.

10.    Paragraph Ten of Plaintiffs' First Amended Complaint contains a further statement of jurisdiction, and as such does not require a response. To the extent that the Plaintiffs' statement of jurisdiction states any claim against Defendant City of Boston, it is denied.


**FACTS COMMON TO ALL COUNTS**

11.    Defendant City of Boston admits the allegations contained in Paragraph Eleven of the Plaintiff's First Amended Complaint.


12.    Defendant City of Boston denies the allegations contained in Paragraph Twelve of the Plaintiff's First Amended Complaint.


13.    Defendant City of Boston admits that Plaintiff Barry began employment with the BFD on the date stated and with the title stated, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Thirteen of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.


14.    Defendant City of Boston denies the final sentence of Paragraph Fourteen of the Plaintiff's First Amended Complaint. Answering further, Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Fourteen of the Plaintiff's First Amended Complaint that another unspecified employee

received an upgrade as alleged, and therefore neither admits nor denies said allegations. Answering further, Defendant City of Boston admits the remaining allegations contained in Paragraph Fourteen of the Plaintiff's First Amended Complaint.

15. Defendant City of Boston admits that Defendant Moran was hired on about July, 2001. Answering further, Defendant City of Boston denies that Moran was not qualified for the position for which he was hired. Answering further, Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Fifteen of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

16. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Sixteen of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

17. Defendant City of Boston admits the allegations contained in Paragraph Seventeen of the Plaintiff's First Amended Complaint.

18. Defendant City of Boston admits that Plaintiff Barry applied for the position described and was interviewed and admits that Ms. Urso was hired. Answering further, Defendant City of Boston denies that Ms. Urso was unqualified and that either Defendant Moran or Defendant Christian

made the hiring decision for the position.  Answering further, Defendant
City of Boston is without knowledge or information sufficient to form a
belief as to the truth of the remaining allegations contained in Paragraph
Eighteen of the Plaintiff's First Amended Complaint, and therefore neither
admits nor denies said allegations.

19.   Defendant City of Boston is without knowledge or information sufficient to
form a belief as to the truth of the allegations contained in Paragraph
Nineteen of the Plaintiff's First Amended Complaint, and therefore neither
admits nor denies said allegations.

20.   Defendant City of Boston is without knowledge or information sufficient to
form a belief as to the truth of the allegations contained in Paragraph
Twenty of the Plaintiff's First Amended Complaint, and therefore neither
admits nor denies said allegations.

21.   Defendant City of Boston denies the allegations contained in Paragraph
Twenty-One of the Plaintiff's First Amended Complaint.

22.   Defendant City of Boston denies the allegations contained in Paragraph
Twenty-Two of the Plaintiff's First Amended Complaint.

23.   Defendant City of Boston is without knowledge or information sufficient to
form a belief as to the truth of the allegations contained in Paragraph

Twenty-Three of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

24.     Defendant City of Boston denies the allegations contained in Paragraph Twenty-Four of the Plaintiff's First Amended Complaint.

25.     Defendant City of Boston admits that Plaintiff Barry was appointed temporarily to an MM-5 position.  Answering further, Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Twenty-Five of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

26.     Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Six of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

27.     Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Seven of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

28.     Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph

Twenty-Eight of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

29.   Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Nine of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

30.   Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

31.   Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-One of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

32.   Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-Two of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

33.   Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph

Thirty-Three of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

34. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-Four of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

35. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-Five of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

36. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-Six of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

37. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-Seven of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

38. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph

Thirty-Eight of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

39.   Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-Nine of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

40.   Defendant City of Boston admits that the person hired was Mr. McKenzie and that he did not live within the City of Boston at the time of his hire and lived in Maryland.  Answering further, Defendant City of Boston denies that residency is a requirement at the time of hire and that Mr. McKenzie represented that he was a resident.  Answering further, Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Forty of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

41.    Defendant City of Boston admits that Defendant Kessler met with Defendant Barry.   Answering further, Defendant City of Boston denies that Barry had made a written complaint at this time, and denies the statements attributed to Kessler.

42.   Defendant City of Boston denies that Barry had more than one subsequent meeting with Defendant Kessler.  Answering further, Defendant City of

Boston denies the remaining allegations contained in Paragraph Forty-Two of the Plaintiff's First Amended Complaint.

43. Defendant City of Boston admits the allegations contained in Paragraph Forty-Three of the Plaintiff's First Amended Complaint.

44. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Forty-Four of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

45. Defendant City of Boston denies that the letter of October 21, 2004, was in response to Plaintiff Barry having made a complaint.   Answering further, Defendant City of Boston admits the remaining allegations contained in Paragraph Forty-Five of the Plaintiff's First Amended Complaint.

46. Defendant City of Boston denies that the meeting described in Paragraph Forty-Six of the Plaintiff's First Amended Complaint was intended to review allegations of retaliation against Plaintiff Green. Answering further, Defendant City of Boston admits the remaining allegations contained in Paragraph Forty-Six of the Plaintiff's First Amended Complaint.

47. Defendant City of Boston admits that more than six months have elapsed. Answering further, Defendant City of Boston denies the remaining

allegations contained in Paragraph Forty-Seven of the Plaintiff's First
Amended Complaint.

48. Defendant City of Boston denies the allegations contained in Paragraph
Forty-Eight of the Plaintiff's First Amended Complaint.

49. Defendant City of Boston denies the allegations contained in Paragraph
Forty-Nine of the Plaintiff's First Amended Complaint.

50. Defendant City of Boston admits the allegations contained in Paragraph
Fifty of the Plaintiff's First Amended Complaint, except that it is without
knowledge or information sufficient to form a belief as to the truth of the
allegations contained in Paragraph Fifty of the Plaintiff's First Amended
Complaint that any or all individual defendants made such decision, and
therefore neither admits nor denies said allegations.

51. Defendant City of Boston is without knowledge or information sufficient to
form a belief as to the truth of the allegations contained in Paragraph Fifty-
One of Plaintiff's First Amended Complaint, and therefore neither admits
nor denies said allegations.

52. Defendant City of Boston admits that Plaintiff Barry had two such hearing
before Analyst Alice Kessler and the she is Defendant's Kessler's spouse.
Answering further, Defendant City of Boston is without knowledge or
information sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph Fifty-Two of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

53.    Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-Three of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

54.    Defendant City of Boston denies the allegations contained in Paragraph Fifty-Four of Plaintiff's First Amended Complaint.

55.    Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-Five of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

56.    Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-Six of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

57.    Defendant City of Boston denies the allegations contained in Paragraph Fifty-Seven of Plaintiff's First Amended Complaint.

58. Paragraph Fifty-Eight of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Fifty-Eight of Plaintiff's First Amended Complaint states any claim against Defendant City of Boston, it is denied.

59. Paragraph Fifty-Nine of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Fifty-Nine of Plaintiff's First Amended Complaint states any claim against Defendant City of Boston, it is denied.

60. Defendant City of Boston admits the allegations contained in Paragraph Sixty of Plaintiff's First Amended Complaint.

61. Defendant City of Boston states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Sixty-One of Plaintiff's First Amended Complaint that victims are advised to seek assistance through Plaintiff Green.  Answering further, Defendant City of Boston admits the remaining allegations contained in Paragraph Sixty-One of Plaintiff's First Amended Complaint.

62. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Sixty-Two of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

63. Defendant City of Boston denies the allegations contained in Paragraph Sixty-Three of Plaintiff's First Amended Complaint.

64. Defendant City of Boston admits that Plaintiff Green was based at 115 Southhampton Street on the dates indicated, but denies the remaining allegations contained in Paragraph Sixty-Four of Plaintiff's First Amended Complaint.

65. Defendant City of Boston admits the stated location of the Fire Investigation Unit, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Sixty-Five of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

66. Defendant City of Boston admits the allegations contained in Paragraph Sixty-Six of Plaintiff's First Amended Complaint.

67. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Sixty-Seven of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

68. Defendant City of Boston denies the allegations contained in Paragraph Sixty-Eight of Plaintiff's First Amended Complaint.

69.  Defendant City of Boston denies the allegations contained in Paragraph Sixty-Nine of Plaintiff's First Amended Complaint.

70.  Defendant City of Boston admits that Green's telephone was unavailable to her on the dates indicated.  Answering further, Defendant City of Boston denies the remaining allegations contained in Paragraph Seventy of Plaintiff's First Amended Complaint.

71.  Defendant City of Boston admits that Green's telephone was unavailable to her on the dates indicated.  Answering further, Defendant City of Boston denies the remaining allegations contained in Paragraph Seventy-One of Plaintiff's First Amended Complaint.

72.  Defendant City of Boston denies that it engages in business, but admits the remaining allegations contained in Paragraph Seventy-Two of Plaintiff's First Amended Complaint.

73.  Defendant City of Boston denies that Green's location hampers her job performance.  Answering further, Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Seventy-Three of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

74.    Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seventy-Four of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

75.    Defendant City of Boston denies the allegations contained in Paragraph Seventy-Five of Plaintiff's First Amended Complaint.

76.    Defendant City of Boston denies the allegations contained in Paragraph Seventy-Six of Plaintiff's First Amended Complaint.

77.    Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seventy-Seven of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

78.    Defendant City of Boston admits the allegations contained in Paragraph Seventy-Eight of Plaintiff's First Amended Complaint.

79.    Defendant City of Boston admits the allegations contained in Paragraph Seventy-Nine of Plaintiff's First Amended Complaint.

80.    Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph

Eighty of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

81.    Defendant City of Boston denies the allegations contained in Paragraph Eighty-One of Plaintiff's First Amended Complaint.

82.    Paragraph Eighty-Two of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Eighty-Two of Plaintiff's First Amended Complaint states any claim against Defendant City of Boston, it is denied.

83.    Defendant City of Boston admits that Green was denied the leave sought. Answering further, Defendant City of Boston denies that such leaves have customarily been granted.  Answering further, Defendant City of Boston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Eighty-Three of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

84.    Paragraph Eighty-Four of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Eighty-Four of Plaintiff's First Amended Complaint states any claim against Defendant City of Boston, it is denied.

85. Defendant City of Boston denies the allegations contained in Paragraph Eighty-Five of Plaintiff's First Amended Complaint.

## CLAIMS

### First Cause of Action

Defendant City of Boston does not answer the First Cause of Action, as it is the subject of a Motion to Dismiss.

### Second Cause of Action

Defendant City of Boston does not answer the Second Cause of Action as filed by Plaintiff Green, as it is the subject of a Motion to Dismiss.  As to Plaintiff, the Defendant responds as follows.

90. Defendant City of Boston hereby incorporates and restates its answers to the preceding Paragraphs, One Through Eighty-Nine.

91. Defendant City of Boston denies the allegations contained in Paragraph Ninety-One of Plaintiff's First Amended Complaint.

92. Paragraph Ninety-Two of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Ninety-Two of Plaintiff's First Amended Complaint states any claim against Defendant City of Boston, it is denied.

### Third Cause of Action

Defendant City of Boston does not answer the Third Cause of Action, as it is the subject of a Motion to Dismiss filed herewith.

### Fourth Cause of Action

Defendant City of Boston does not answer the Fourth Cause of Action, as it is the subject of a Motion to Dismiss filed herewith.

### Fifth Cause of Action

Defendant City of Boston does not answer the Fifth Cause of Action, as it is the subject of a Motion to Dismiss filed herewith.

### Sixth Cause of Action

Defendant City of Boston does not answer the Sixth Cause of Action, as it is the subject of a Motion to Dismiss filed herewith.

### Seventh Cause of Action

Defendant City of Boston does not answer the Seventh Cause of Action, as it is the subject of a Motion to Dismiss filed herewith.

### Eight Cause of Action

Defendant City of Boston does not answer the Eighth Cause of Action, as it is directed against other Defendants.

### Ninth Cause of Action

Defendant City of Boston does not answer the Ninth Cause of Action, as it is the subject of a Motion to Dismiss filed herewith.

### AFFIRMATIVE DEFENSES

#### *First Affirmative Defense*

The First Amended Complaint fails to state a claim against Defendant City of Boston upon which relief may be granted.

### *Second Affirmative Defense*

Defendant City of Boston states that there is no factual connection between any unconstitutional municipal custom, policy  or practice and any alleged violation of the Plaintiffs' constitutional rights.

### *Third Affirmative Defense*

Defendant City of Boston states that at all relevant times, it acted in good faith and in accord with the Constitutions and laws of the United States and of the Commonwealth of Massachusetts.

### *Fourth Affirmative Defense*

Defendant City of Boston states that the Plaintiffs have not been deprived of any rights secured by either the Constitutions or the laws of the United States, or of the Commonwealth of Massachusetts.

### *Fifth Affirmative Defense*

Defendant City of Boston states that the injury or damage alleged in Plaintiffs' Complaint was neither caused nor proximately caused by Defendant City of Boston.

### *Sixth Affirmative Defense*

Defendant City of Boston states that pursuant to G.L. c.258 §10(c), it is not liable for any intentional tortious conduct by an employee.

### *Seventh Affirmative Defense*

Defendant City of Boston states that pursuant to G.L. c. 258 §10(j), it is not liable for claims based on negligent supervision or training, and/or claims based on a failure to prevent tortious conduct of which it is not the original cause.

*Eighth Affirmative Defense*

Defendant City of Boston states that Plaintiffs failed to make proper presentment of their negligence claims pursuant to the Torts Claims Act.

*Ninth Affirmative Defense*

Defendant City of Boston states that it is a municipality against which punitive damages may not be assessed.

*Tenth Affirmative Defense*

Defendant City of Boston states that the Plaintiffs, by their own acts, omissions, conduct and activities are estopped from asserting any claims against the City of Boston.

*Eleventh Affirmative Defense*

Defendant City of Boston states that no speech of Plaintiff Green was protected as relating to a matter of public concern.

**JURY CLAIM**

Defendant, City of Boston, demands a trial by jury on all claims.

Respectfully submitted,
DEFENDANT, CITY OF BOSTON
Merita A. Hopkins
Corporation Counsel
By its attorneys:


/s/ Helen G. Litsas
_____
James M. Chernetsky, BBO #638152
Helen G. Litsas, BBO#644848
Assistant Corporations Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4023 (Litsas)
(617) 635-4048 (Chernetsky)