**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO. 05-10528-RCL

DENISE M. BARRY and JANE
B. GREEN,
      <u>Plaintiffs</u>,

v.

ROBERT J. MORAN, PAUL A.
CHRISTIAN, WILLIAM
KESSLER, WILLIAM
HITCHOCK,CITY OF BOSTON
FIRE DEPARTMENT, and JOHN
and/or JANE DOES 1-50.
      <u>Defendants</u>.

<u>**ANSWER OF THE DEFENDANT ROBERT MORAN TO PLAINTIFF'S FIRST AMENDED COMPLAINT, WITH AFFIRMATIVE DEFENSES AND JURY DEMAND**</u>.

NOW COMES Robert Moran, the Defendant in the above-entitled action, and hereby answers the First Amended Complaint of the Plaintiffs, as follows:

<u>**INTRODUCTION**</u>

Paragraph One of the Plaintiffs' First Amended Complaint contains a preliminary statement summarizing the Plaintiffs' allegations as contained within the numbered paragraphs <u>infra</u>, and as such does not require a response. To the extent that the Plaintiffs' Introduction states any claim against Defendant Robert Moran, it is denied.

**PARTIES**

1.  Defendant Robert Moran admits the allegations contained in Paragraph One of the Plaintiff's First Amended Complaint.

2.  Defendant Robert Moran admits the allegations contained in Paragraph Two of the Plaintiff's First Amended Complaint.

3.  Answering further, Defendant Robert Moran denies that Defendant Moran is employed with the title "Personnel Manager."  Answering further, Defendant Robert Moran admits the remaining allegations contained in Paragraph Three of the Plaintiff's First Amended Complaint.

4.  The final sentence of Paragraph Four of the Plaintiff's First Amended Complaint contains a preliminary explanatory statement concerning the allegations made against Defendant Christian, and as such does not require a response. Answering further, Defendant Robert Moran admits the remaining allegations contained in Paragraph Four of the Plaintiff's First Amended Complaint.

5.  The final sentence of Paragraph Five of the Plaintiff's First Amended Complaint contains a preliminary explanatory statement concerning the allegations made against Defendant Kessler, and as such does not require a response. Answering further, Defendant Robert Moran admits the remaining

allegations contained in Paragraph Five of the Plaintiff's First Amended Complaint.

6.   The final sentence of Paragraph Six of the Plaintiff's First Amended Complaint contains an preliminary explanatory statement concerning the allegations made against Defendant Hitchcock, and as such does not require a response. Answering further, Defendant Robert Moran denies that Defendant Hitchcock is employed with the title "Director of Operations." Answering further, Defendant Moran admits the remaining allegations contained in Paragraph Six of the Plaintiff's First Amended Complaint.

7.   Defendant Robert Moran admits the allegations contained in Paragraph Seven of the Plaintiff's First Amended Complaint.

8.   Paragraph Eight of the Plaintiff's First Amended Complaint is an explanatory introductory statement describing Plaintiffs' intention to amend the Complaint to name further defendants, and as such does not require an answer.

**JURISDICTION**

9.   Paragraph Nine of Plaintiffs' First Amended Complaint contains a statement of jurisdiction, and as such does not require a response.  To the extent that the Plaintiffs'

statement of jurisdiction states any claim against Defendant Robert Moran, it is denied.

10. Paragraph Ten of Plaintiffs' First Amended Complaint contains a further statement of jurisdiction, and as such does not require a response. To the extent that the Plaintiffs' statement of jurisdiction states any claim against Defendant Robert Moran, it is denied.


**FACTS COMMON TO ALL COUNTS**

11. Defendant Robert Moran admits the allegations contained in Paragraph Eleven of the Plaintiff's First Amended Complaint.

12. Defendant Robert Moran denies the allegations contained in Paragraph Twelve of the Plaintiff's First Amended Complaint.

13. Defendant Robert Moran admits that Plaintiff Barry began employment with the BFD on the date stated and with the title stated, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Thirteen of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

14. Defendant Robert Moran denies the final sentence of Paragraph Fourteen of the Plaintiff's First Amended Complaint.

Answering further, Defendant Robert Moran is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fourteen of the Plaintiff's First Amended Complaint that another unspecified employee received an upgrade as alleged, and therefore neither admits nor denies said allegations. Answering further, Defendant Robert Moran admits the remaining allegations contained in Paragraph Fourteen of the Plaintiff's First Amended Complaint.

15. Defendant Robert Moran admits that Defendant Moran was hired on about July, 2001.  Answering further, Defendant Robert Moran denies that the remaining allegations.

16. Defendant Robert Moran is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Sixteen of the Plaintiff's First Amended Complaint.

17. Defendant Robert Moran admits the allegations contained in Paragraph Seventeen of the Plaintiff's First Amended Complaint.

18. Defendant Robert Moran admits that Plaintiff Barry applied for the position described and was interviewed and admits that Ms. Urso was hired.  Answering further, Defendant Robert

Moran denies that Ms. Urso was unqualified and that either Defendant Moran or Defendant Christian made the hiring decision for the position.  Answering further, Defendant Robert Moran is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Eighteen of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

19. Defendant Robert Moran is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Nineteen of the Plaintiff's First Amended Complaint.

20. Defendant Robert Moran denies the allegations contained in Paragraph Twenty of the Plaintiff's First Amended Complaint.

21. Defendant Robert Moran denies the allegations contained in Paragraph Twenty-One of the Plaintiff's First Amended Complaint.

22. Defendant Robert Moran denies the allegations contained in Paragraph Twenty-Two of the Plaintiff's First Amended Complaint.

23. Defendant Robert Moran denies the allegations contained in
    Paragraph Twenty-Three of the Plaintiff's First Amended
    Complaint.

24. Defendant Robert Moran denies the allegations contained in
    Paragraph Twenty-Four of the Plaintiff's First Amended
    Complaint.

25. Defendant Robert Moran admits that Plaintiff Barry was
    appointed temporarily to an MM-5 position.  Answering
    further, Defendant Robert Moran is without knowledge or
    information sufficient to form a belief as to the truth of
    the remaining allegations contained in Paragraph Twenty-Five
    of the Plaintiff's First Amended Complaint, and therefore
    neither admits nor denies said allegations.

26. Defendant Robert Moran is without knowledge or information
    sufficient to form a belief as to the truth of the
    allegations contained in Paragraph Twenty-Six of the
    Plaintiff's First Amended Complaint.

27. Defendant Robert Moran is without knowledge or information
    sufficient to form a belief as to the truth of the
    allegations contained in Paragraph Twenty-Six of the
    Plaintiff's First Amended Complaint.

28. Defendant Robert Moran is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Eight of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

29. Defendant Robert Moran is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Nine of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

30. Defendant Robert Moran is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

31. Defendant Robert Moran is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-One of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

32. Defendant Robert Moran is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph Thirty-Two of the
Plaintiff's First Amended Complaint.

33. Defendant Robert Moran is without knowledge or information
sufficient to form a belief as to the truth of the
allegations contained in Paragraph Thirty-Three of the
Plaintiff's First Amended Complaint.

34. Defendant Robert Moran is without knowledge or information
sufficient to form a belief as to the truth of the
allegations contained in Paragraph Thirty-Four of the
Plaintiff's First Amended Complaint, and therefore neither
admits nor denies said allegations.

35. Defendant Robert Moran is without knowledge or information
sufficient to form a belief as to the truth of the
allegations contained in Paragraph Thirty-Five of the
Plaintiff's First Amended Complaint, and therefore neither
admits nor denies said allegations.

36. Defendant Robert Moran is without knowledge or information
sufficient to form a belief as to the truth of the
allegations contained in Paragraph Thirty-Six of the
Plaintiff's First Amended Complaint, and therefore neither
admits nor denies said allegations.

37. Defendant Robert Moran denies the allegations contained in Paragraph Thirty-Seven of the Plaintiff's First Amended Complaint.

38. Defendant Robert Moran admits the allegations to the allegations contained in Paragraph Thirty-Eight of the Plaintiff's First Amended Complaint to the extent that Moran informed Barry that she would not be getting the position. Moran denies the remaining allegations.

39. As to what Plaintiff Barry was informed, Defendant Robert Moran is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-Nine of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.  Moran denies the remaining allegations.

40. Defendant Robert Moran admits that the person hired was Mr. McKenzie and that he did not live within the City of Boston at the time of his hire and lived in Maryland.  Answering further, Defendant Robert Moran denies that residency is a requirement at the time of hire and that Mr. McKenzie represented that he was a resident.  Answering further, Defendant Robert Moran is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Forty of the Plaintiff's

First Amended Complaint, and therefore neither admits nor denies said allegations.

41. Defendant Robert Moran is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Forty-One of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

42. Defendant Robert Moran is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Forty-Two of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

43. Defendant Robert Moran is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Forty-Three of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

44. Defendant Robert Moran is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Forty-Four of the

Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

45. Defendant Robert Moran is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Forty-Five of the Plaintiff's First Amended Complaint.

46. Defendant Robert Moran is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Forty-Six of the Plaintiff's First Amended Complaint.

47. Defendant Robert Moran admits that more than six months have elapsed.  Answering further, Defendant Robert Moran denies the remaining allegations contained in Paragraph Forty-Seven of the Plaintiff's First Amended Complaint.

48. Defendant Robert Moran does not answer these allegations as they are directed against another defendant, Defendant Kessler.  To the extent that an answer is required, Defendant Robert Moran denies the allegations contained in Paragraph Forty-Eight of the Plaintiff's First Amended Complaint.

49. Defendant Robert Moran does not answer these allegations as they are directed against another defendant, Defendant

Kessler.  To the extent that an answer is required, Defendant Robert Moran denies the allegations contained in Paragraph Forty-Nine of the Plaintiff's First Amended Complaint.

50. Defendant Robert Moran admits the allegations contained in Paragraph Fifty of the Plaintiff's First Amended Complaint to the extent that Plaintiff Barry was denied a step increase, except that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty of the Plaintiff's First Amended Complaint that any or all individual defendants made such decision, and therefore neither admits nor denies said allegations.

51. Defendant Robert Moran is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-One of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

52. Defendant Robert Moran admits that Plaintiff Barry had two such hearings before Analyst Alice Kessler and the she is Defendant's Kessler's spouse.  Answering further, Defendant Robert Moran is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Fifty-Two of Plaintiff's First Amended

Complaint, and therefore neither admits nor denies said allegations.

53. Defendant Robert Moran is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-Three of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

54. Defendant Robert Moran denies the allegations contained in Paragraph Fifty-Four of Plaintiff's First Amended Complaint.

55. Defendant Robert Moran denies the allegations contained in Paragraph Fifty-Five of Plaintiff's First Amended Complaint.

56. Defendant Robert Moran is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-Six of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

57. Defendant Robert Moran denies the allegations contained in Paragraph Fifty-Seven of Plaintiff's First Amended Complaint.

58. Paragraph Fifty-Eight of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an

answer. To the extent that Paragraph Fifty-Eight of
Plaintiff's First Amended Complaint states any claim against
Defendant Robert Moran, it is denied.

59.  Paragraph Fifty-Nine of Plaintiff's First Amended Complaint
states a legal conclusion, and as such does not require an
answer. To the extent that Paragraph Fifty-Nine of
Plaintiff's First Amended Complaint states any claim against
Defendant Robert Moran, it is denied.

60. Defendant Robert Moran admits the allegations contained in
Paragraph Sixty of Plaintiff's First Amended Complaint.

61. Defendant Robert Moran states that he is without knowledge or
information sufficient to form a belief as to the truth of
the allegations contained in Paragraph Sixty-One of
Plaintiff's First Amended Complaint that victims are advised
to seek assistance through Plaintiff Green.  Answering
further, Defendant Robert Moran admits the remaining
allegations contained in Paragraph Sixty-One of Plaintiff's
First Amended Complaint.

62. Defendant Robert Moran admits the allegations contained in
Paragraph Sixty-Two of Plaintiff's First Amended Complaint to
the extent that Plaintiff Green was present as the Union Shop
steward for Plaintiff Barry at a meeting with Defendant Moran

and Plaintiff Barry on October 9, 2003.    Defendant Moran

denies the remaining allegations contained in Paragraph

Sixty-Two of Plaintiff's First Amended Complaint.


63. Defendant Robert Moran denies the allegations contained in

Paragraph Sixty-Three of Plaintiff's First Amended Complaint.


64. Defendant Robert Moran admits that Plaintiff Green was based

at 115 Southhampton Street on the dates indicated, but denies

the remaining allegations contained in Paragraph Sixty-Four

of Plaintiff's First Amended Complaint.


65. Defendant Robert Moran admits the stated location of the Fire

Investigation Unit, but is without knowledge or information

sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph Sixty-Five of Plaintiff's

First Amended Complaint, and therefore neither admits nor

denies said allegations.


66. Defendant Robert Moran admits the allegations contained in

Paragraph Sixty-Six of Plaintiff's First Amended Complaint.


67. Defendant Robert Moran is without knowledge or information

sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph Sixty-Seven of Plaintiff's

First Amended Complaint, and therefore neither admits nor denies said allegations.

68. Defendant Robert Moran denies the allegations contained in Paragraph Sixty-Eight of Plaintiff's First Amended Complaint.

69. Defendant Robert Moran denies the allegations contained in Paragraph Sixty-Nine of Plaintiff's First Amended Complaint.

70. Defendant Robert Moran admits that Green's telephone was unavailable to her on the dates indicated.  Answering further, Defendant Robert Moran denies the remaining allegations contained in Paragraph Seventy of Plaintiff's First Amended Complaint.

71. Defendant Robert Moran admits that Green's telephone was unavailable to her on the dates indicated.  Answering further, Defendant Robert Moran denies the remaining allegations contained in Paragraph Seventy-One of Plaintiff's First Amended Complaint.

72. Defendant Robert Moran denies that it engages in business, but admits the remaining allegations contained in Paragraph Seventy-Two of Plaintiff's First Amended Complaint.

73. Defendant Robert Moran denies that Green's location hampers her job performance.  Answering further, Defendant Robert Moran is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Seventy-Three of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

74. Defendant Robert Moran is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seventy-Four of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

75. Defendant Robert Moran denies the allegations contained in Paragraph Seventy-Five of Plaintiff's First Amended Complaint.

76. Defendant Robert Moran denies the allegations contained in Paragraph Seventy-Six of Plaintiff's First Amended Complaint.

77. Defendant Robert Moran is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seventy-Seven of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

78. Defendant Robert Moran admits the allegations contained in
    Paragraph Seventy-Eight of Plaintiff's First Amended
    Complaint.

79. Defendant Robert Moran admits the allegations contained in
    Paragraph Seventy-Nine of Plaintiff's First Amended
    Complaint.

80. Defendant Robert Moran is without knowledge or information
    sufficient to form a belief as to the truth of the
    allegations contained in Paragraph Eighty of Plaintiff's
    First Amended Complaint, and therefore neither admits nor
    denies said allegations.

81. Defendant Robert Moran denies the allegations contained in
    Paragraph Eighty-One of Plaintiff's First Amended Complaint.

82. Paragraph Eighty-Two of Plaintiff's First Amended Complaint
    states a legal conclusion, and as such does not require an
    answer. To the extent that Paragraph Eighty-Two of
    Plaintiff's First Amended Complaint states any claim against
    Defendant Robert Moran, it is denied.

83. Defendant Robert Moran admits that Green was denied the leave
    sought.  Answering further, Defendant Robert Moran denies

that such leaves have customarily been granted.  Answering
further, Defendant Robert Moran is without knowledge or
information sufficient to form a belief as to the truth of
the remaining allegations contained in Paragraph Eighty-Three
of Plaintiff's First Amended Complaint, and therefore neither
admits nor denies said allegations.

84. Paragraph Eighty-Four of Plaintiff's First Amended Complaint
states a legal conclusion, and as such does not require an
answer. To the extent that Paragraph Eighty-Four of
Plaintiff's First Amended Complaint states any claim against
Defendant Robert Moran, it is denied.

85. Defendant Robert Moran denies the allegations contained in
Paragraph Eighty-Five of Plaintiff's First Amended Complaint.

## CLAIMS

### First Cause of Action

86. Defendant Robert Moran incorporates and restates its answers
to the preceding Paragraphs, One Through Eighty-Five.

87. Paragraph Eighty-Seven of Plaintiff's First Amended Complaint
states a legal conclusion, and as such does not require an
answer. To the extent that Paragraph Eighty-Seven of
Plaintiff's First Amended Complaint states any claim against
Defendant Robert Moran, it is denied.

88. Paragraph Eighty-Eight of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Eighty-Eight of Plaintiff's First Amended Complaint states any claim against Defendant Robert Moran, it is denied.

89. Paragraph Eighty-Nine of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Eighty-Nine of Plaintiff's First Amended Complaint states any claim against Defendant Robert Moran, it is denied.

**Second Cause of Action**

90. Defendant Robert Moran does not answer the allegations contained in Paragraph Ninety of Plaintiff's First Amended Complaint because they are directed against another defendant, Defendant Boston Fire Department (Defendant City of Boston).

91. Defendant Robert Moran does not answer the allegations contained in Paragraph Ninety-One of Plaintiff's First Amended Complaint because they are directed against another defendant, Defendant Boston Fire Department (Defendant City of Boston).

92. Defendant Robert Moran does not answer the allegations contained in Paragraph Ninety-Two of Plaintiff's First Amended Complaint because they are directed against another

defendant, Defendant Boston Fire Department (Defendant City
of Boston).

### Third Cause of Action

93. Defendant Robert Moran incorporates and restates its answers
to the preceding Paragraphs, One Through Ninety-Three.


94. Paragraph Ninety-Four of Plaintiff's First Amended Complaint
states a legal conclusion, and as such does not require an
answer. To the extent that Paragraph Ninety-Four of
Plaintiff's First Amended Complaint states any claim against
Defendant Robert Moran, it is denied.


95. Paragraph Ninety-Five of Plaintiff's First Amended Complaint
states a legal conclusion, and as such does not require an
answer. To the extent that Paragraph Ninety-Five of
Plaintiff's First Amended Complaint states any claim against
Defendant Robert Moran, it is denied.


96. Paragraph Ninety-Six of Plaintiff's First Amended Complaint
states a legal conclusion, and as such does not require an
answer. To the extent that Paragraph Ninety-Six of
Plaintiff's First Amended Complaint states any claim against
Defendant Robert Moran, it is denied.


97. Paragraph Ninety-Seven of Plaintiff's First Amended Complaint
states a legal conclusion, and as such does not require an

answer. To the extent that Paragraph Ninety-Seven of Plaintiff's First Amended Complaint states any claim against Defendant Robert Moran, it is denied.

### Fourth Cause of Action

98-99. Defendant Robert Moran does not answer the Fourth Cause of Action because it has been dismissed by Order of the Court.

### Fifth Cause of Action

100-104. Defendant Robert Moran does not answer the Fifth Cause of Action because it has been dismissed by Order of the Court.

### Sixth Cause of Action

105-108. Defendant Robert Moran does not answer the Sixth Cause of Action because it has been dismissed by Order of the Court.

### Seventh Cause of Action

109-112. Defendant Robert Moran does not answer the allegations contained the Seventh Cause of Action as it is directed against other defendants.  To the extent that Paragraphs One Hundred and Nine through One Hundred and Twelve of Plaintiff's First Amended Complaint state a claim against Defendant Moran, it is denied.

### Eighth Cause of Action

113.  Defendant Robert Moran incorporates and restates its
      answers to the preceding Paragraphs, One Through Hundred
      and Twelve.

114.  Paragraph One Hundred and Fourteen of Plaintiff's First
      Amended Complaint states a legal conclusion, and as such
      does not require an answer. To the extent that Paragraph
      One Hundred and Fourteen of Plaintiff's First Amended
      Complaint states any claim against Defendant Robert
      Moran, it is denied.

115.  Paragraph One Hundred and Fifteen of Plaintiff's First
      Amended Complaint states a legal conclusion, and as such
      does not require an answer. To the extent that Paragraph
      One Hundred and Fifteen of Plaintiff's First Amended
      Complaint states any claim against Defendant Robert
      Moran, it is denied.

116.  Paragraph One Hundred and Sixteen of Plaintiff's First
      Amended Complaint states a legal conclusion, and as such
      does not require an answer. To the extent that Paragraph
      One Hundred and Sixteen of Plaintiff's First Amended
      Complaint states any claim against Defendant Robert
      Moran, it is denied.

117.  Paragraph One Hundred and Seventeen of Plaintiff's First
      Amended Complaint states a legal conclusion, and as such
      does not require an answer. To the extent that Paragraph
      One Hundred and Seventeen of Plaintiff's First Amended

Complaint states any claim against Defendant Robert Moran, it is denied.

118. Paragraph One Hundred and Eighteen of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph One Hundred and Eighteen of Plaintiff's First Amended Complaint states any claim against Defendant Robert Moran, it is denied.

### Ninth Cause of Action

119. Defendant Robert Moran incorporates and restates its answers to the preceding Paragraphs, One Through One Hundred and Eighteen.

120. Paragraph One Hundred and Twenty of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph One Hundred and Twenty of Plaintiff's First Amended Complaint states any claim against Defendant Robert Moran, it is denied.

121. Paragraph One Hundred and Twenty-One of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph One Hundred and Twenty-One of Plaintiff's First Amended Complaint states any claim against Defendant Robert Moran, it is denied.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

The First Amended Complaint fails to state a claim against Defendant Robert Moran upon which relief may be granted.

### *Second Affirmative Defense*

Defendant Robert Moran states that there is no factual connection between any unconstitutional municipal custom, policy or practice and any alleged violation of the Plaintiffs' constitutional rights.

### *Third Affirmative Defense*

Defendant Robert Moran states that at all relevant times, he acted in good faith and in accord with the Constitutions and laws of the United States and of the Commonwealth of Massachusetts.

### *Fourth Affirmative Defense*

Defendant Robert Moran states that the Plaintiffs have not been deprived of any rights secured by either the Constitutions or the laws of the United States, or of the Commonwealth of Massachusetts.

### *Fifth Affirmative Defense*

Defendant Robert Moran states that the injury or damage alleged in Plaintiffs' Complaint was neither caused nor proximately caused by Defendant Robert Moran.

### *Sixth Affirmative Defense*

Defendant Robert Moran states that the Plaintiffs, by their own acts, omissions, conduct and activities are estopped from asserting any claims against Defendant Robert Moran.

### *Seventh Affirmative Defense*

Defendant Robert Moran states that no speech of Plaintiff Green was protected as relating to a matter of public concern.

### *Eighth Affirmative Defense*

Defendant Robert Moran states that the First Amended Complaint fails to state a claim entitling the Plaintiffs to relief because he is entitled to qualified immunity.

### **JURY CLAIM**

Defendant, Robert Moran, demands a trial by jury on all claims.

Respectfully submitted,
DEFENDANT, ROBERT MORAN
Merita A. Hopkins
Corporation Counsel
By its attorneys:

**CERTIFICATE OF SERVICE**
**I hereby certify that on this day**
**a true copy of the above document**
**was served upon the plaintiff by**
**mail/by hand/by fax.**

/s/ Helen G. Litsas

11/2/05      /s/ Helen G. Litsas

_____
James M. Chernetsky, BBO #638152
Helen G. Litsas, BBO#644848
Assistant Corporations Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4023 (Litsas)
(617) 635-4048 (Chernetsky)