**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO. 05-10528-RCL

DENISE M. BARRY and JANE
B. GREEN,
    Plaintiffs,

v.

ROBERT J. MORAN, PAUL A.
CHRISTIAN, WILLIAM
KESSLER, WILLIAM
HITCHOCK, PAUL CHRISTIAN
FIRE DEPARTMENT, and JOHN
and/or JANE DOES 1-50.
    Defendants.

**ANSWER OF THE DEFENDANT PAUL CHRISTIAN TO PLAINTIFF'S FIRST
AMENDED COMPLAINT, WITH AFFIRMATIVE DEFENSES AND JURY DEMAND**.

NOW COMES the Paul Christian, Defendant in the above-entitled action, and hereby answers the Amended Complaint of the Plaintiffs, as follows:

**INTRODUCTION**

Paragraph One of the Plaintiffs' First Amended Complaint contains a preliminary statement summarizing the Plaintiffs' allegations as contained within the numbered paragraphs infra, and as such does not require a response.  To the extent that the Plaintiffs' Introduction states any claim against Defendant Paul Christian, it is denied.

**PARTIES**

1.  Defendant Paul Christian admits the allegations contained in Paragraph One of the Plaintiff's First Amended Complaint.

2.  Defendant Paul Christian admits the allegations contained in Paragraph Two of the Plaintiff's First Amended Complaint.

3.  The final sentence of Paragraph Three of the Plaintiff's First Amended Complaint contains an preliminary explanatory statement concerning the allegations made against Defendant Moran, and as such does not require a response. Answering further, Defendant Paul Christian denies that Defendant Moran is employed with the title "Personnel Manager."  Answering further, Defendant Paul Christian admits the remaining allegations contained in Paragraph Three of the Plaintiff's First Amended Complaint.

4.  The final sentence of Paragraph Four of the Plaintiff's First Amended Complaint contains an preliminary explanatory statement concerning the allegations made against Defendant Christian, and as such does not require a response. Answering further, Defendant Paul Christian

admits the remaining allegations contained in Paragraph
Four of the Plaintiff's First Amended Complaint.

5.  The final sentence of Paragraph Five of the Plaintiff's
First Amended Complaint contains an preliminary
explanatory statement concerning the allegations made
against Defendant Kessler, and as such does not require a
response. Answering further, Defendant Paul Christian
admits the remaining allegations contained in Paragraph
Five of the Plaintiff's First Amended Complaint.

6.  The final sentence of Paragraph Six of the Plaintiff's
First Amended Complaint contains an preliminary
explanatory statement concerning the allegations made
against Defendant Hitchcock, and as such does not require
a response. Answering further, Defendant Paul Christian
denies that Defendant Hitchcock is employed with the title
"Director of Operations." Answering further, Defendant
Paul Christian admits the remaining allegations contained
in Paragraph Six of the Plaintiff's First Amended
Complaint.

7.  Defendant Paul Christian admits the allegations contained
in Paragraph Seven of the Plaintiff's First Amended
Complaint.

8.  Paragraph Eight of the Plaintiff's First Amended Complaint
    is an explanatory introductory statement describing
    Plaintiffs' intention to amend the Complaint to name
    further defendants, and as such does not require an
    answer.

**JURISDICTION**

9.  Paragraph Nine of Plaintiffs' First Amended Complaint
    contains a statement of jurisdiction, and as such does not
    require a response.  To the extent that the Plaintiffs'
    statement of jurisdiction states any claim against
    Defendant Paul Christian, it is denied.

10. Paragraph Ten of Plaintiffs' First Amended Complaint
    contains a further statement of jurisdiction, and as such
    does not require a response.  To the extent that the
    Plaintiffs' statement of jurisdiction states any claim
    against Defendant Paul Christian, it is denied.

**FACTS COMMON TO ALL COUNTS**

11. Defendant Paul Christian admits the allegations contained
    in Paragraph Eleven of the Plaintiff's First Amended
    Complaint.

12. Defendant Paul Christian denies the allegations contained in Paragraph Twelve of the Plaintiff's First Amended Complaint.

13. Defendant Paul Christian admits that Plaintiff Barry began employment with the BFD on the date stated and with the title stated, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Thirteen of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

14. Defendant Paul Christian denies the final sentence of Paragraph Fourteen of the Plaintiff's First Amended Complaint.  Answering further, Defendant Paul Christian is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Fourteen of the Plaintiff's First Amended Complaint that another unspecified employee received an upgrade as alleged, and therefore neither admits nor denies said allegations.  Answering further, Defendant Paul Christian admits the remaining allegations contained in Paragraph Fourteen of the Plaintiff's First Amended Complaint.

15. Defendant Paul Christian admits that Defendant Moran was
    hired on about July, 2001.  Answering further, Defendant
    Paul Christian denies that Moran was not qualified for the
    position for which he was hired.  Answering further,
    Defendant Paul Christian is without knowledge or
    information sufficient to form a belief as to the truth of
    the remaining allegations contained in Paragraph Fifteen
    of the Plaintiff's First Amended Complaint, and therefore
    neither admits nor denies said allegations.

16. Defendant Paul Christian is without knowledge or
    information sufficient to form a belief as to the truth of
    the allegations contained in Paragraph Sixteen of the
    Plaintiff's First Amended Complaint, and therefore neither
    admits nor denies said allegations.

17. Defendant Paul Christian admits the allegations contained
    in Paragraph Seventeen of the Plaintiff's First Amended
    Complaint.

18. Defendant Paul Christian admits that Plaintiff Barry
    applied for the position described and was interviewed and
    admits that Ms. Urso was hired.  Answering further,
    Defendant Paul Christian denies that Ms. Urso was
    unqualified and that either Defendant Moran or Defendant
    Christian made the hiring decision for the position.

Answering further, Defendant Paul Christian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Eighteen of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

19. Defendant Paul Christian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Nineteen of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

20. Defendant Paul Christian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

21. Defendant Paul Christian denies the allegations contained in Paragraph Twenty-One of the Plaintiff's First Amended Complaint.

22. Defendant Paul Christian denies the allegations contained in Paragraph Twenty-Two of the Plaintiff's First Amended Complaint.

23. Defendant Paul Christian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Three of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

24. Defendant Paul Christian denies the allegations contained in Paragraph Twenty-Four of the Plaintiff's First Amended Complaint.

25. Defendant Paul Christian admits that Plaintiff Barry was appointed temporarily to an MM-5 position.  Answering further, Defendant Paul Christian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Twenty-Five of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

26. Defendant Paul Christian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Six of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

27. Defendant Paul Christian is without knowledge or
    information sufficient to form a belief as to the truth of
    the allegations contained in Paragraph Twenty-Seven of the
    Plaintiff's First Amended Complaint, and therefore neither
    admits nor denies said allegations.

28. Defendant Paul Christian is without knowledge or
    information sufficient to form a belief as to the truth of
    the allegations contained in Paragraph Twenty-Eight of the
    Plaintiff's First Amended Complaint, and therefore neither
    admits nor denies said allegations.

29. Defendant Paul Christian is without knowledge or
    information sufficient to form a belief as to the truth of
    the allegations contained in Paragraph Twenty-Nine of the
    Plaintiff's First Amended Complaint, and therefore neither
    admits nor denies said allegations.

30. Defendant Paul Christian is without knowledge or
    information sufficient to form a belief as to the truth of
    the allegations contained in Paragraph Thirty of the
    Plaintiff's First Amended Complaint, and therefore neither
    admits nor denies said allegations.

31. Defendant Paul Christian is without knowledge or
    information sufficient to form a belief as to the truth of

the allegations contained in Paragraph Thirty-One of the
Plaintiff's First Amended Complaint, and therefore neither
admits nor denies said allegations.

32. Defendant Paul Christian is without knowledge or
information sufficient to form a belief as to the truth of
the allegations contained in Paragraph Thirty-Two of the
Plaintiff's First Amended Complaint, and therefore neither
admits nor denies said allegations.

33. Defendant Paul Christian is without knowledge or
information sufficient to form a belief as to the truth of
the allegations contained in Paragraph Thirty-Three of the
Plaintiff's First Amended Complaint, and therefore neither
admits nor denies said allegations.

34. Defendant Paul Christian is without knowledge or
information sufficient to form a belief as to the truth of
the allegations contained in Paragraph Thirty-Four of the
Plaintiff's First Amended Complaint, and therefore neither
admits nor denies said allegations.

35. Defendant Paul Christian is without knowledge or
information sufficient to form a belief as to the truth of
the allegations contained in Paragraph Thirty-Five of the

Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

36. Defendant Paul Christian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-Six of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

37. Defendant Paul Christian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-Seven of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

38. Defendant Paul Christian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-Eight of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

39. Defendant Paul Christian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-Nine of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

40. Defendant Paul Christian admits that the person hired was
    Mr. McKenzie and that he did not live within the Paul
    Christian at the time of his hire and lived in Maryland.
    Answering further, Defendant Paul Christian denies that
    residency is a requirement at the time of hire and that
    Mr. McKenzie represented that he was a resident.
    Answering further, Defendant Paul Christian is without
    knowledge or information sufficient to form a belief as to
    the truth of the allegations contained in Paragraph Forty
    of the Plaintiff's First Amended Complaint, and therefore
    neither admits nor denies said allegations.

41.  Defendant Paul Christian admits that Defendant Kessler
    met with Defendant Barry.  Answering further, Defendant
    Paul Christian denies that Barry had made a written
    complaint at this time, and denies the statements
    attributed to Kessler.

42. Defendant Paul Christian denies that Barry had more than
    one subsequent meeting with Defendant Kessler.  Answering
    further, Defendant Paul Christian denies the remaining
    allegations contained in Paragraph Forty-Two of the
    Plaintiff's First Amended Complaint.

43. Defendant Paul Christian admits the allegations contained in Paragraph Forty-Three of the Plaintiff's First Amended Complaint.

44. Defendant Paul Christian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Forty-Four of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

45. Defendant Paul Christian denies that the letter of October 21, 2004, was in response to Plaintiff Barry having made a complaint.  Answering further, Defendant Paul Christian admits the remaining allegations contained in Paragraph Forty-Five of the Plaintiff's First Amended Complaint.

46. Defendant Paul Christian denies that the meeting described in Paragraph Forty-Six of the Plaintiff's First Amended Complaint was intended to review allegations of retaliation against Plaintiff Green. Answering further, Defendant Paul Christian admits the remaining allegations contained in Paragraph Forty-Six of the Plaintiff's First Amended Complaint.

47. Defendant Paul Christian admits that more than six months have elapsed.  Answering further, Defendant Paul Christian

denies the remaining allegations contained in Paragraph Forty-Seven of the Plaintiff's First Amended Complaint.

48. Defendant Paul Christian denies the allegations contained in Paragraph Forty-Eight of the Plaintiff's First Amended Complaint.

49. Defendant Paul Christian denies the allegations contained in Paragraph Forty-Nine of the Plaintiff's First Amended Complaint.

50. Defendant Paul Christian admits the allegations contained in Paragraph Fifty of the Plaintiff's First Amended Complaint, except that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty of the Plaintiff's First Amended Complaint that any or all individual defendants made such decision, and therefore neither admits nor denies said allegations.

51. Defendant Paul Christian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-One of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

52. Defendant Paul Christian admits that Plaintiff Barry had two such hearing before Analyst Alice Kessler and the she is Defendant's Kessler's spouse.  Answering further, Defendant Paul Christian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Fifty-Two of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

53. Defendant Paul Christian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-Three of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

54. Defendant Paul Christian denies the allegations contained in Paragraph Fifty-Four of Plaintiff's First Amended Complaint.

55. Defendant Paul Christian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-Five of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

56. Defendant Paul Christian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-Six of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

57. Defendant Paul Christian denies the allegations contained in Paragraph Fifty-Seven of Plaintiff's First Amended Complaint.

58. Paragraph Fifty-Eight of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Fifty-Eight of Plaintiff's First Amended Complaint states any claim against Defendant Paul Christian, it is denied.

59. Paragraph Fifty-Nine of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Fifty-Nine of Plaintiff's First Amended Complaint states any claim against Defendant Paul Christian, it is denied.

60. Defendant Paul Christian admits the allegations contained in Paragraph Sixty of Plaintiff's First Amended Complaint.

61. Defendant Paul Christian states that it is without
    knowledge or information sufficient to form a belief as to
    the truth of the allegation contained in Paragraph Sixty-
    One of Plaintiff's First Amended Complaint that victims
    are advised to seek assistance through Plaintiff Green.
    Answering further, Defendant Paul Christian admits the
    remaining allegations contained in Paragraph Sixty-One of
    Plaintiff's First Amended Complaint.

62. Defendant Paul Christian is without knowledge or
    information sufficient to form a belief as to the truth of
    the remaining allegations contained in Paragraph Sixty-Two
    of Plaintiff's First Amended Complaint, and therefore
    neither admits nor denies said allegations.

63. Defendant Paul Christian denies the allegations contained
    in Paragraph Sixty-Three of Plaintiff's First Amended
    Complaint.

64. Defendant Paul Christian admits that Plaintiff Green was
    based at 115 Southhampton Street on the dates indicated,
    but denies the remaining allegations contained in
    Paragraph Sixty-Four of Plaintiff's First Amended
    Complaint.

65.  Defendant Paul Christian admits the stated location of the Fire Investigation Unit, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Sixty-Five of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

66. Defendant Paul Christian admits the allegations contained in Paragraph Sixty-Six of Plaintiff's First Amended Complaint.

67. Defendant Paul Christian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Sixty-Seven of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

68. Defendant Paul Christian denies the allegations contained in Paragraph Sixty-Eight of Plaintiff's First Amended Complaint.

69. Defendant Paul Christian denies the allegations contained in Paragraph Sixty-Nine of Plaintiff's First Amended Complaint.

70. Defendant Paul Christian admits that Green's telephone was
    unavailable to her on the dates indicated.  Answering
    further, Defendant Paul Christian denies the remaining
    allegations contained in Paragraph Seventy of Plaintiff's
    First Amended Complaint.

71. Defendant Paul Christian admits that Green's telephone was
    unavailable to her on the dates indicated.  Answering
    further, Defendant Paul Christian denies the remaining
    allegations contained in Paragraph Seventy-One of
    Plaintiff's First Amended Complaint.

72. Defendant Paul Christian denies that it engages in
    business, but admits the remaining allegations contained
    in Paragraph Seventy-Two of Plaintiff's First Amended
    Complaint.

73. Defendant Paul Christian denies that Green's location
    hampers her job performance.  Answering further, Defendant
    Paul Christian is without knowledge or information
    sufficient to form a belief as to the truth of the
    remaining allegations contained in Paragraph Seventy-Three
    of Plaintiff's First Amended Complaint, and therefore
    neither admits nor denies said allegations.

74. Defendant Paul Christian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seventy-Four of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

75. Defendant Paul Christian denies the allegations contained in Paragraph Seventy-Five of Plaintiff's First Amended Complaint.

76. Defendant Paul Christian denies the allegations contained in Paragraph Seventy-Six of Plaintiff's First Amended Complaint.

77. Defendant Paul Christian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seventy-Seven of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

78. Defendant Paul Christian admits the allegations contained in Paragraph Seventy-Eight of Plaintiff's First Amended Complaint.

79. Defendant Paul Christian admits the allegations contained in Paragraph Seventy-Nine of Plaintiff's First Amended Complaint.

80. Defendant Paul Christian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eighty of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

81. Defendant Paul Christian denies the allegations contained in Paragraph Eighty-One of Plaintiff's First Amended Complaint.

82. Paragraph Eighty-Two of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Eighty-Two of Plaintiff's First Amended Complaint states any claim against Defendant Paul Christian, it is denied.

83. Defendant Paul Christian admits that Green was denied the leave sought.  Answering further, Defendant Paul Christian denies that such leaves have customarily been granted. Answering further, Defendant Paul Christian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph Eighty-Three of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

84. Paragraph Eighty-Four of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Eighty-Four of Plaintiff's First Amended Complaint states any claim against Defendant Paul Christian, it is denied.

85. Defendant Paul Christian denies the allegations contained in Paragraph Eighty-Five of Plaintiff's First Amended Complaint.

<u>**CLAIMS**</u>

<u>**First Cause of Action**</u>

86. Defendant Paul Christian hereby incorporates and restates its answers to the preceding Paragraphs, One Through Eighty-Six.

87. Defendant Paul Christian denies the allegations contained in Paragraph Eighty-Seven of Plaintiff's First Amended Complaint.

88. Paragraph Eighty-Eight of Plaintiff's First Amended
    Complaint states a legal conclusion, and as such does not
    require an answer. To the extent that Paragraph Eighty-
    Seven of Plaintiff's First Amended Complaint states any
    claim against Defendant Paul Christian, it is denied.

89. Paragraph Eighty-Eight of Plaintiff's First Amended
    Complaint states a legal conclusion, and as such does not
    require an answer. To the extent that Paragraph Eighty-
    Seven of Plaintiff's First Amended Complaint states any
    claim against Defendant Paul Christian, it is denied.

### Second Cause of Action

90-92. Defendant Paul Christian does not answer the Second Cause
of Action, as it is directed against another Defendant.

### Third Cause of Action

93. Defendant Paul Christian incorporates and restates its
    answers to the preceding Paragraphs, One Through Ninety-
    Three.

94. Paragraph Ninety-Four of Plaintiff's First Amended Complaint
    states a legal conclusion, and as such does not require an
    answer. To the extent that Paragraph Ninety-Four of
    Plaintiff's First Amended Complaint states any claim against
    Defendant Paul Christian, it is denied.

95. Paragraph Ninety-Five of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Ninety-Five of Plaintiff's First Amended Complaint states any claim against Defendant Paul Christian, it is denied.

96. Paragraph Ninety-Six of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Ninety-Six of Plaintiff's First Amended Complaint states any claim against Defendant Paul Christian, it is denied.

97. Paragraph Ninety-Seven of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Ninety-Seven of Plaintiff's First Amended Complaint states any claim against Defendant Paul Christian, it is denied.

## Fourth Cause of Action

98-99. Defendant Paul Christian does not answer the Fourth Cause of Action because it has been dismissed by Order of the Court.

### Fifth Cause of Action

100-104. Defendant Paul Christian does not answer the Fifth Cause of Action because it has been dismissed by Order of the Court.

### Sixth Cause of Action

105-108. Defendant Paul Christian does not answer the Sixth Cause of Action because it has been dismissed by Order of the Court.

### Seventh Cause of Action

109. Defendant Paul Christian incorporates and restates its answers to the preceding Paragraphs, One Through One Through Hundred and Nine.

110. Paragraph One Hundred and Ten of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not states a legal conclusion, and as such does not require an answer. To the extent that Paragraph One Hundred and Ten of Plaintiff's First Amended Complaint states any claim against Defendant Paul Christian, it is denied.

111. Paragraph One Hundred and Eleven of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not states a legal conclusion, and as such does not require an answer. To the extent that Paragraph One Hundred and Eleven of Plaintiff's First Amended Complaint

states any claim against Defendant Paul Christian, it
is denied.

112.  Paragraph One Hundred and Twelve of Plaintiff's First
Amended Complaint states a legal conclusion, and as such
does not states a legal conclusion, and as such does not
require an answer. To the extent that Paragraph One
Hundred and Twelve of Plaintiff's First Amended
Complaint states any claim against Defendant Paul
Christian, it is denied.

## Eighth Cause of Action

113.  Defendant Paul Christian incorporates and restates its
answers to the preceding Paragraphs, One Through One
Through Hundred and Twelve.

114.  Paragraph One Hundred and Fourteen of Plaintiff's First
Amended Complaint states a legal conclusion, and as such
does not require an answer. To the extent that Paragraph
One Hundred and Fourteen of Plaintiff's First Amended
Complaint states any claim against Defendant Paul
Christian, it is denied.

115.  Paragraph One Hundred and Fifteen of Plaintiff's First
Amended Complaint states a legal conclusion, and as such
does not require an answer. To the extent that Paragraph

One Hundred and Fifteen of Plaintiff's First Amended Complaint states any claim against Defendant Paul Christian, it is denied.

116.    Paragraph One Hundred and Sixteen of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph One Hundred and Sixteen of Plaintiff's First Amended Complaint states any claim against Defendant Paul Christian, it is denied.

117.    Paragraph One Hundred and Seventeen of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph One Hundred and Seventeen of Plaintiff's First Amended Complaint states any claim against Defendant Paul Christian, it is denied.

118.    Paragraph One Hundred and Eighteen of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph One Hundred and Eighteen of Plaintiff's First Amended Complaint states any claim against Defendant Paul Christian, it is denied.

## Ninth Cause of Action

119.    Defendant Paul Christian incorporates and restates its

        answers to the preceding Paragraphs, One Through One

        Through One Hundred and Eighteen.


120.    Paragraph One Hundred and Twenty of Plaintiff's First

        Amended Complaint states a legal conclusion, and as such

        does not require an answer. To the extent that Paragraph

        One Hundred and Twenty of Plaintiff's First Amended

        Complaint states any claim against Defendant Paul

        Christian, it is denied.


121.    Paragraph One Hundred and Twenty-One of Plaintiff's

        First Amended Complaint states a legal conclusion, and

        as such does not require an answer. To the extent that

        Paragraph One Hundred and Twenty-One of Plaintiff's

        First Amended Complaint states any claim against

        Defendant Paul Christian, it is denied.

### AFFIRMATIVE DEFENSES

#### *First Affirmative Defense*

    The First Amended Complaint fails to state a claim against

Defendant Paul Christian upon which relief may be granted.

#### *Second Affirmative Defense*

    Defendant Paul Christian states that there is no factual

connection between any unconstitutional municipal custom, policy

or practice and any alleged violation of the Plaintiffs'
constitutional rights.

### Third Affirmative Defense

Defendant Paul Christian states that at all relevant times,
it acted in good faith and in accord with the Constitutions and
laws of the United States and of the Commonwealth of
Massachusetts.

### Fourth Affirmative Defense

Defendant Paul Christian states that the Plaintiffs have
not been deprived of any rights secured by either the
Constitutions or the laws of the United States, or of the
Commonwealth of Massachusetts.

### Fifth Affirmative Defense

Defendant Paul Christian states that the injury or damage
alleged in Plaintiffs' Complaint was neither caused nor
proximately caused by Defendant Paul Christian.

### Sixth Affirmative Defense

Defendant Paul Christian states that the Plaintiffs,
by their own acts, omissions, conduct and activities are
estopped from asserting any claims against the Paul Christian.

### *Seventh Affirmative Defense*

Defendant Paul Christian states that no speech of Plaintiff Green was protected as relating to a matter of public concern.

### *Eighth Affirmative Defense*

Defendant Paul Christian states that Plaintiffs have failed to state a claim because he is entitled to qualified immunity.

### **JURY CLAIM**

Defendant, Paul Christian, demands a trial by jury on all claims.

Respectfully submitted,
DEFENDANT, PAUL CHRISTIAN
Merita A. Hopkins
Corporation Counsel
By its attorneys:


/s/ James M. Chernetsky
_____
James M. Chernetsky, BBO #638152
Helen G. Litsas, BBO#644848
Assistant Corporations Counsel
Paul Christian Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4023 (Litsas)
(617) 635-4048 (Chernetsky)