UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10528-RCL

DENISE M. BARRY and JANE
B. GREEN,
  Plaintiffs,

v.

ROBERT J. MORAN, PAUL A.
CHRISTIAN, WILLIAM
KESSLER, WILLIAM
HITCHOCK,CITY OF BOSTON
FIRE DEPARTMENT, and JOHN
and/or JANE DOES 1-50.
  Defendants.

**ANSWER OF THE DEFENDANT WILLIAM KESSLER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, WITH AFFIRMATIVE DEFENSES AND JURY DEMAND.**

  NOW COMES William Kessler, the Defendant in the above-entitled action, and hereby answers the First Amended Complaint of the Plaintiffs, as follows:

**INTRODUCTION**

  Paragraph One of the Plaintiffs' First Amended Complaint contains a preliminary statement summarizing the Plaintiffs' allegations as contained within the numbered paragraphs infra, and as such does not require a response.  To the extent that the Plaintiffs' Introduction states any claim against Defendant William Kessler, it is denied.

**PARTIES**

1.  Defendant William Kessler admits the allegations contained in
    Paragraph One of the Plaintiff's First Amended Complaint.

2.  Defendant William Kessler admits the allegations contained in
    Paragraph Two of the Plaintiff's First Amended Complaint.

3.  Answering further, Defendant William Kessler denies that
    Defendant Moran is employed with the title "Personnel
    Manager."  Answering further, Defendant William Kessler
    admits the remaining allegations contained in Paragraph Three
    of the Plaintiff's First Amended Complaint.

4.  The final sentence of Paragraph Four of the Plaintiff's First
    Amended Complaint contains a preliminary explanatory
    statement concerning the allegations made against Defendant
    Christian, and as such does not require a response. Answering
    further, Defendant William Kessler admits the remaining
    allegations contained in Paragraph Four of the Plaintiff's
    First Amended Complaint.

5.  The final sentence of Paragraph Five of the Plaintiff's First
    Amended Complaint contains a preliminary explanatory
    statement concerning the allegations made against Defendant
    Kessler, and as such does not require a response. Answering
    further, Defendant William Kessler admits the remaining

allegations contained in Paragraph Five of the Plaintiff's First Amended Complaint.

6.  The final sentence of Paragraph Six of the Plaintiff's First Amended Complaint contains an preliminary explanatory statement concerning the allegations made against Defendant Hitchcock, and as such does not require a response. Answering further, Defendant William Kessler denies that Defendant Hitchcock is employed with the title "Director of Operations." Answering further, Defendant Moran admits the remaining allegations contained in Paragraph Six of the Plaintiff's First Amended Complaint.

7.  Defendant William Kessler admits the allegations contained in Paragraph Seven of the Plaintiff's First Amended Complaint.

8.  Paragraph Eight of the Plaintiff's First Amended Complaint is an explanatory introductory statement describing Plaintiffs' intention to amend the Complaint to name further defendants, and as such does not require an answer.

**JURISDICTION**

9.  Paragraph Nine of Plaintiffs' First Amended Complaint contains a statement of jurisdiction, and as such does not require a response. To the extent that the Plaintiffs'

statement of jurisdiction states any claim against Defendant William Kessler, it is denied.

10. Paragraph Ten of Plaintiffs' First Amended Complaint contains a further statement of jurisdiction, and as such does not require a response.  To the extent that the Plaintiffs' statement of jurisdiction states any claim against Defendant William Kessler, it is denied.

## FACTS COMMON TO ALL COUNTS

11. Defendant William Kessler admits the allegations contained in Paragraph Eleven of the Plaintiff's First Amended Complaint.

12. Defendant William Kessler denies the allegations contained in Paragraph Twelve of the Plaintiff's First Amended Complaint.

13. Defendant William Kessler admits that Plaintiff Barry began employment with the BFD on the date stated and with the title stated, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Thirteen of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

14. Defendant William Kessler is without knowledge or information sufficient to form a belief as to the truth of the

4

allegations contained in Paragraph Fourteen of the
Plaintiff's First Amended Complaint, and therefore neither
admits nor denies said allegations.

15. Defendant William Kessler admits that Defendant Moran was
hired on about July, 2001.  Answering further, Defendant
William Kessler denies that the remaining allegations.

16. Defendant William Kessler admits that the Plaintiff Barry
asked Defendant Moran about a raise and that Defendant Moran
advised her of a lack of funds.  Defendant Kessler denies the
remaining allegations contained in Paragraph Sixteen of the
Plaintiff's First Amended Complaint.

17. Defendant William Kessler is without knowledge or information
sufficient to form a belief as to the truth of the
allegations contained in Paragraph Seventeen of the
Plaintiff's First Amended Complaint.

18. Defendant William Kessler admits that Plaintiff Barry applied
for the position described and was interviewed and admits
that Ms. Urso was hired.  Answering further, Defendant
William Kessler denies that Ms. Urso was unqualified and that
either Defendant Moran or Defendant Christian made the hiring
decision for the position.  Answering further, Defendant
William Kessler is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Eighteen of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

19. Defendant William Kessler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Nineteen of the Plaintiff's First Amended Complaint.

20. Defendant William Kessler admits that Granara requested such increases, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Nineteen of the Plaintiff's First Amended Complaint.

21. Defendant William Kessler denies the allegations contained in Paragraph Twenty-One of the Plaintiff's First Amended Complaint.

22. Defendant William Kessler denies the allegations contained in Paragraph Twenty-Two of the Plaintiff's First Amended Complaint.

23. Defendant William Kessler is without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph Twenty-Three of the Plaintiff's First Amended Complaint.

24. Defendant William Kessler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Four of the Plaintiff's First Amended Complaint.

25. Defendant William Kessler admits that Plaintiff Barry was appointed temporarily to an MM-5 position.  Answering further, Defendant William Kessler is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Twenty-Five of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

26. Defendant William Kessler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Six of the Plaintiff's First Amended Complaint.

27. Defendant William Kessler admits that Plaintiff Barry was appointed temporarily to an MM-5 position.  Answering further, Defendant William Kessler is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Twenty-Seven

of the Plaintiff's First Amended Complaint, and therefore
neither admits nor denies said allegations.

28. Defendant William Kessler is without knowledge or information
sufficient to form a belief as to the truth of the
allegations contained in Paragraph Twenty-Eight of the
Plaintiff's First Amended Complaint, and therefore neither
admits nor denies said allegations.

29. Defendant William Kessler is without knowledge or information
sufficient to form a belief as to the truth of the
allegations contained in Paragraph Twenty-Nine of the
Plaintiff's First Amended Complaint, and therefore neither
admits nor denies said allegations.

30. Defendant William Kessler is without knowledge or information
sufficient to form a belief as to the truth of the
allegations contained in Paragraph Thirty of the Plaintiff's
First Amended Complaint, and therefore neither admits nor
denies said allegations.

31. Defendant William Kessler is without knowledge or information
sufficient to form a belief as to the truth of the
allegations contained in Paragraph Thirty-One of the
Plaintiff's First Amended Complaint, and therefore neither
admits nor denies said allegations.

32. Defendant William Kessler is without knowledge or information
    sufficient to form a belief as to the truth of the
    allegations contained in Paragraph Thirty-Two of the
    Plaintiff's First Amended Complaint.

33. Defendant William Kessler is without knowledge or information
    sufficient to form a belief as to the truth of the
    allegations contained in Paragraph Thirty-Three of the
    Plaintiff's First Amended Complaint.

34. Defendant William Kessler is without knowledge or information
    sufficient to form a belief as to the truth of the
    allegations contained in Paragraph Thirty-Four of the
    Plaintiff's First Amended Complaint, and therefore neither
    admits nor denies said allegations.

35. Defendant William Kessler is without knowledge or information
    sufficient to form a belief as to the truth of the
    allegations contained in Paragraph Thirty-Five of the
    Plaintiff's First Amended Complaint, and therefore neither
    admits nor denies said allegations.

36. Defendant William Kessler admits the allegations contained in
    Paragraph Thirty-Six of the Plaintiff's First Amended
    Complaint.

37. Defendant William Kessler admits that Plaintiff Barry was
    advised that she was not getting the position.  Answering
    further, Defendant Kessler denies that Defendant Moran said,
    "Well, if you're not into politics little girl, then you're
    not into a position here." Answering further, Defendant
    Kessler is without knowledge or information sufficient to
    form a belief as to the truth of the remaining allegations
    contained in Paragraph Thirty-Seven of the Plaintiff's First
    Amended Complaint, and therefore neither admits nor denies
    said allegations.

38. Defendant William Kessler admits the allegations to the
    allegations contained in Paragraph Thirty-Eight of the
    Plaintiff's First Amended Complaint to the extent that
    Plaintiff Green was present as a shop steward at the October
    9, 2003 meeting, but is without knowledge or information
    sufficient to form a belief as to the truth of the remaining
    allegations contained in Paragraph Thirty-Eight of the
    Plaintiff's First Amended Complaint, and therefore neither
    admits nor denies said allegations.

39. As to what Plaintiff Barry was informed, Defendant William
    Kessler is without knowledge or information sufficient to
    form a belief as to the truth of the allegations contained in
    Paragraph Thirty-Nine of the Plaintiff's First Amended

Complaint, and therefore neither admits nor denies said allegations.  Kessler denies the remaining allegations.

40. Defendant William Kessler admits that the person hired was Mr. McKenzie for the MMM-8 position rather than the MM-5 position and that he did not live within the City of Boston at the time of his hire and lived in Maryland.  Answering further, Defendant William Kessler denies that residency is a requirement at the time of hire and that Mr. McKenzie represented that he was a resident.  Answering further, Defendant William Kessler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Forty of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

41. Defendant William Kessler admits that Plaintiff Barry complained in writing and met with him, but denies the remaining allegations contained in Paragraph Forty-One of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

42. Defendant William Kessler denies the allegations contained in Paragraph Forty-Two of the Plaintiff's First Amended Complaint.

43. Defendant William Kessler admits the allegations contained in Paragraph Forty-Three of the Plaintiff's First Amended Complaint.

44. Defendant William Kessler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Forty-Four of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

45. Defendant William Kessler denies the allegations regarding the correspondence from Labor Relations legal counsel. Answering further, Defendant Kessler admits the remaining allegations contained in Paragraph Forty-Five of the Plaintiff's First Amended Complaint.

46. Defendant William Kessler denies that such a meeting was held to address Plaintiff Green's complaints.  Answering further, Defendant Kessler admits the remaining allegations contained in Paragraph Forty-Six of the Plaintiff's First Amended Complaint.

47. Defendant William Kessler admits that more than six months have elapsed.  Answering further, Defendant William Kessler denies the remaining allegations contained in Paragraph Forty-Seven of the Plaintiff's First Amended Complaint.

48. Defendant William Kessler denies the allegations contained in Paragraph Forty-Eight of the Plaintiff's First Amended Complaint.

49. Defendant William Kessler denies the allegations contained in Paragraph Forty-Nine of the Plaintiff's First Amended Complaint.

50. Defendant William Kessler denies that he denied Plaintiff Barry a step increase and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Fifty of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

51. Defendant William Kessler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-One of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

52. Defendant William Kessler admits that Plaintiff Barry had two such hearings before Analyst Alice Kessler and the she is Defendant's Kessler's spouse. Answering further, Defendant William Kessler is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Fifty-Two of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

53. Defendant William Kessler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-Three of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

54. Defendant William Kessler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-Four of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

55. Defendant William Kessler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-Five of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

56. Defendant William Kessler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-Six of Plaintiff's

First Amended Complaint, and therefore neither admits nor denies said allegations.

57. Defendant William Kessler denies the allegations contained in Paragraph Fifty-Seven of Plaintiff's First Amended Complaint.

58. Paragraph Fifty-Eight of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Fifty-Eight of Plaintiff's First Amended Complaint states any claim against Defendant William Kessler, it is denied.

59. Paragraph Fifty-Nine of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Fifty-Nine of Plaintiff's First Amended Complaint states any claim against Defendant William Kessler, it is denied.

60. Defendant William Kessler states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Sixty of Plaintiff's First Amended Complaint that Plaintiff Green is a civil service employee and admits the remaining allegations contained in Paragraph Sixty of Plaintiff's First Amended Complaint.

61. Defendant William Kessler states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Sixty-One of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

62. Defendant William Kessler admits the allegations contained in Paragraph Sixty-Two of Plaintiff's First Amended Complaint to the extent that Plaintiff Green was present as the Union Shop steward for Plaintiff Barry at a meeting with Defendant Moran and Plaintiff Barry on October 9, 2003.   Defendant Kessler denies the remaining allegations contained in Paragraph Sixty-Two of Plaintiff's First Amended Complaint.

63. Defendant William Kessler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Sixty-Three of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

64. Defendant William Kessler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Sixty-Four of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

65. Defendant William Kessler states that he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Sixty-Five of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

66. Defendant William Kessler admits the allegations contained in Paragraph Sixty-Six of Plaintiff's First Amended Complaint that Plaintiff Green was relocated. Answering further, Defendant William Kessler states that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Sixty-Six of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

67. Defendant William Kessler is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Sixty-Seven of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

68. Defendant William Kessler denies the allegations contained in Paragraph Sixty-Eight of Plaintiff's First Amended Complaint.

69. Defendant William Kessler is without knowledge or information
    sufficient to form a belief as to the truth of the remaining
    allegations contained in Paragraph Sixty-Nine of Plaintiff's
    First Amended Complaint, and therefore neither admits nor
    denies said allegations.

70. Defendant William Kessler is without knowledge or information
    sufficient to form a belief as to the truth of the
    allegations contained in Paragraph Seventy of Plaintiff's
    First Amended Complaint, and therefore neither admits nor
    denies said allegations.

71. Defendant William Kessler is without knowledge or information
    sufficient to form a belief as to the truth of the
    allegations contained in Paragraph Seventy-One of Plaintiff's
    First Amended Complaint, and therefore neither admits nor
    denies said allegations.

72. Defendant William Kessler denies that it engages in business,
    but admits the remaining allegations contained in Paragraph
    Seventy-Two of Plaintiff's First Amended Complaint.

73. Defendant William Kessler is without knowledge or information
    sufficient to form a belief as to the truth of the
    allegations contained in Paragraph Seventy-Three of

Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

74. Defendant William Kessler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seventy-Four of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

75. Defendant William Kessler denies the allegations contained in Paragraph Seventy-Five of Plaintiff's First Amended Complaint.

76. Defendant William Kessler denies the allegations contained in Paragraph Seventy-Six of Plaintiff's First Amended Complaint.

77. Defendant William Kessler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seventy-Seven of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

78. Defendant William Kessler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seventy-Seven of

Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

79. Defendant William Kessler admits the allegations contained in Paragraph Seventy-Nine of Plaintiff's First Amended Complaint.

80. Defendant William Kessler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eighty of Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

81. Defendant William Kessler denies the allegations contained in Paragraph Eighty-One of Plaintiff's First Amended Complaint.

82. Paragraph Eighty-Two of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Eighty-Two of Plaintiff's First Amended Complaint states any claim against Defendant William Kessler, it is denied.

83. Defendant William Kessler is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eighty-Three of

Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

84. Paragraph Eighty-Four of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Eighty-Four of Plaintiff's First Amended Complaint states any claim against Defendant William Kessler, it is denied.

85. Defendant William Kessler denies the allegations contained in Paragraph Eighty-Five of Plaintiff's First Amended Complaint.

## CLAIMS

### First Cause of Action

86. Defendant William Kessler incorporates and restates its answers to the preceding Paragraphs, One Through Eighty-Five.

87. Paragraph Eighty-Seven of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Eighty-Seven of Plaintiff's First Amended Complaint states any claim against Defendant William Kessler, it is denied.

88. Paragraph Eighty-Eight of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Eighty-Eight of

Plaintiff's First Amended Complaint states any claim against Defendant William Kessler, it is denied.

89. Paragraph Eighty-Nine of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Eighty-Nine of Plaintiff's First Amended Complaint states any claim against Defendant William Kessler, it is denied.

## Second Cause of Action

90. Defendant William Kessler does not answer the allegations contained in Paragraph Ninety of Plaintiff's First Amended Complaint because they are directed against another defendant, Defendant Boston Fire Department (Defendant City of Boston).

91. Defendant William Kessler does not answer the allegations contained in Paragraph Ninety-One of Plaintiff's First Amended Complaint because they are directed against another defendant, Defendant Boston Fire Department (Defendant City of Boston).

92. Defendant William Kessler does not answer the allegations contained in Paragraph Ninety-Two of Plaintiff's First Amended Complaint because they are directed against another defendant, Defendant Boston Fire Department (Defendant City of Boston).

## **Third Cause of Action**

93. Defendant William Kessler incorporates and restates its answers to the preceding Paragraphs, One Through Ninety-Three.

94. Paragraph Ninety-Four of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Ninety-Four of Plaintiff's First Amended Complaint states any claim against Defendant William Kessler, it is denied.

95. Paragraph Ninety-Five of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Ninety-Five of Plaintiff's First Amended Complaint states any claim against Defendant William Kessler, it is denied.

96. Paragraph Ninety-Six of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Ninety-Six of Plaintiff's First Amended Complaint states any claim against Defendant William Kessler, it is denied.

97. Paragraph Ninety-Seven of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph Ninety-Seven of

Plaintiff's First Amended Complaint states any claim against Defendant William Kessler, it is denied.

## Fourth Cause of Action

98-99. Defendant William Kessler does not answer the Fourth Cause of Action because it has been dismissed by Order of the Court.

## Fifth Cause of Action

100-104. Defendant William Kessler does not answer the Fifth Cause of Action because it has been dismissed by Order of the Court.

## Sixth Cause of Action

105-108. Defendant William Kessler does not answer the Sixth Cause of Action because it has been dismissed by Order of the Court.

## Seventh Cause of Action

109-112. Defendant William Kessler does not answer the allegations contained the Seventh Cause of Action as it is directed against other defendants.  To the extent that Paragraphs One Hundred and Nine through One Hundred and Twelve of Plaintiff's First Amended Complaint state a claim against Defendant Kessler is denied.

## Eighth Cause of Action

113. Defendant William Kessler incorporates and restates its answers to the preceding Paragraphs, One Through Hundred and Twelve.

114. Paragraph One Hundred and Fourteen of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph One Hundred and Fourteen of Plaintiff's First Amended Complaint states any claim against Defendant William Kessler, it is denied.

115. Paragraph One Hundred and Fifteen of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph One Hundred and Fifteen of Plaintiff's First Amended Complaint states any claim against Defendant William Kessler, it is denied.

116. Paragraph One Hundred and Sixteen of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph One Hundred and Sixteen of Plaintiff's First Amended Complaint states any claim against Defendant William Kessler, it is denied.

117. Paragraph One Hundred and Seventeen of Plaintiff's First Amended Complaint states a legal conclusion, and as such does not require an answer. To the extent that Paragraph One Hundred and Seventeen of Plaintiff's First Amended

Complaint states any claim against Defendant William
Kessler, it is denied.

118.  Paragraph One Hundred and Eighteen of Plaintiff's First
      Amended Complaint states a legal conclusion, and as such
      does not require an answer. To the extent that Paragraph
      One Hundred and Eighteen of Plaintiff's First Amended
      Complaint states any claim against Defendant William
      Kessler, it is denied.

### Ninth Cause of Action

119.  Defendant William Kessler incorporates and restates its
      answers to the preceding Paragraphs, One Through One
      Hundred and Eighteen.

120.  Paragraph One Hundred and Twenty of Plaintiff's First
      Amended Complaint states a legal conclusion, and as such
      does not require an answer. To the extent that Paragraph
      One Hundred and Twenty of Plaintiff's First Amended
      Complaint states any claim against Defendant William
      Kessler, it is denied.

121.  Paragraph One Hundred and Twenty-One of Plaintiff's
      First Amended Complaint states a legal conclusion, and
      as such does not require an answer. To the extent that
      Paragraph One Hundred and Twenty-One of Plaintiff's
      First Amended Complaint states any claim against
      Defendant William Kessler, it is denied.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

The First Amended Complaint fails to state a claim against Defendant William Kessler upon which relief may be granted.

### *Second Affirmative Defense*

Defendant William Kessler states that there is no factual connection between any unconstitutional municipal custom, policy or practice and any alleged violation of the Plaintiffs' constitutional rights.

### *Third Affirmative Defense*

Defendant William Kessler states that at all relevant times, he acted in good faith and in accord with the Constitutions and laws of the United States and of the Commonwealth of Massachusetts.

### *Fourth Affirmative Defense*

Defendant William Kessler states that the Plaintiffs have not been deprived of any rights secured by either the Constitutions or the laws of the United States, or of the Commonwealth of Massachusetts.

### *Fifth Affirmative Defense*

Defendant William Kessler states that the injury or damage alleged in Plaintiffs' Complaint was neither caused nor proximately caused by Defendant William Kessler.

### *Sixth Affirmative Defense*

Defendant William Kessler states that the Plaintiffs, by their own acts, omissions, conduct and activities are estopped from asserting any claims against Defendant William Kessler.

### *Seventh Affirmative Defense*

Defendant William Kessler states that no speech of Plaintiff Green was protected as relating to a matter of public concern.

### *Eighth Affirmative Defense*

Defendant William Kessler states that the First Amended Complaint fails to state a claim entitling the Plaintiffs to relief because he is entitled to qualified immunity.

### **JURY CLAIM**

Defendant, William Kessler, demands a trial by jury on all claims.

Respectfully submitted,
DEFENDANT, WILLIAM KESSLER
Merita A. Hopkins
Corporation Counsel
By its attorneys:

**CERTIFICATE OF SERVICE**

**I hereby certify that on this day a true copy of the above document was served upon the plaintiff by mail/by hand/by fax.**

/s/ Helen G. Litsas

11/2/05       /s/ Helen G. Litsas
_____
James M. Chernetsky, BBO #638152
Helen G. Litsas, BBO#644848
Assistant Corporations Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4023 (Litsas)
(617) 635-4048 (Chernetsky)