**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO. 05-10528-RCL

DENISE M. BARRY,JANE B. GREEN,
ELIZABETH H. GOLDEN, PATRICIA J.
McDONOUGH, ELAINE MESITI, LILA BROWN,
MARY M. KANE AND JUDITH A. KELLEY
        Plaintiffs,

v.

ROBERT J. MORAN, PAUL A. CHRISTIAN,
WILLIAM KESSLER, WILLIAM HITCHOCK,
RONALD KEATING,JOSEPH FINN, CITY OF
BOSTON FIRE DEPARTMENT, and JOHN
and/or JANE DOES 1-50.
        Defendants.

**DEFENDANT CITY OF BOSTON'S ANSWER TO THE PLAINTIFFS'**
**THIRD AMENDED COMPLAINT**

NOW COMES the City of Boston, Defendant in the above-entitled action, and hereby answers the Third Amended Complaint of the Plaintiffs, as follows[1]:

**INTRODUCTION**

Paragraph One of the Plaintiffs' Third Amended Complaint contains a preliminary statement summarizing the Plaintiffs' allegations as contained within the numbered paragraphs _infra_, and as such does not require a response. To the extent that

---

[1] The Defendant, City of Boston, answers this Third Amended Complaint, but in doing so, does not waive any rights with respect to filing a motion to dismiss any claims asserted in Plaintiffs' Third Amended Complaint. As discussed at the recent status conference held on November 13, 2006, Defendant, City of Boston, reserves its right to file such motion to dismiss following class certification discovery. Defendant also reserves its right to file a motion to deny class certification.

the Plaintiffs' Introduction states any claim against
Defendant City of Boston, it is denied.

**PARTIES**

1.  The Defendant admits the allegations contained in Paragraph
    One of the Plaintiffs' Third Amended Complaint.

2.  The Defendant admits the allegations contained in Paragraph
    Two of the Plaintiffs' Third Amended Complaint.

3.  The Defendant admits the allegations contained in Paragraph
    Three of the Plaintiffs' Third Amended Complaint.

4.  The Defendant admits the allegations contained in Paragraph
    Four of the Plaintiffs' Third Amended Complaint.

5.  The Defendant admits the allegations contained in Paragraph
    Five of the Plaintiffs' Third Amended Complaint.

6.  The Defendant admits the allegations contained in Paragraph
    Six of the Plaintiffs' Third Amended Complaint.

7.  The Defendant admits the allegations contained in Paragraph
    Seven of the Plaintiffs' Third Amended Complaint.

8.  The Defendant admits the allegations contained in Paragraph
    Eight of the Plaintiffs' Third Amended Complaint.

9.  The Defendant admits the allegations concerning Robert
    Moran's position with the Boston Fire Department and
    residential address contained in Paragraph Nine of the
    Plaintiffs' Third Amended Complaint. The remaining portion of
    this paragraph is a legal conclusion and does not require a
    response from the Defendant.

10. The Defendant admits the allegations concerning Joseph Finn's
    position with the Boston Fire Department and residential
    address contained in Paragraph Ten of the Plaintiffs' Third
    Amended Complaint. The remaining portion of this paragraph is
    a legal conclusion and does not require a response from the
    Defendant.

11. The Defendant admits the allegations concerning Ronald
    Keating's position with the Boston Fire Department and
    residential address contained in Paragraph Eleven of the
    Plaintiffs' Third Amended Complaint. The remaining portion of
    this paragraph is a legal conclusion and does not require a
    response from the Defendant.

12. The Defendant admits the allegations concerning Paul
    Christian's position with the Boston Fire Department and
    residential address contained in Paragraph Twelve of the
    Plaintiffs' Third Amended Complaint. The remaining portion of

this paragraph is a legal conclusion and does not require a response from the Defendant.

13. The Defendant admits the allegations concerning Roderick Frazer Jr.'s position with the Boston Fire Department and residential address contained in Paragraph Thirteen of the Plaintiffs' Third Amended Complaint. The remaining portion of this paragraph is a legal conclusion and does not require a response from the Defendant.

14. The Defendant admits the allegations concerning William Kessler's position with the City of Boston and residential address contained in Paragraph Fourteen of the Plaintiffs' Third Amended Complaint. The remaining portion of this paragraph is a legal conclusion and does not require a response from the Defendant.

15. The Defendant admits the allegations concerning William Hitchcock's position with the Boston Fire Department and residential address contained in Paragraph Fifteen of the Plaintiffs' Third Amended Complaint. The remaining portion of this paragraph is a legal conclusion and does not require a response from the Defendant.

16. The Defendant admits the allegations contained in Paragraph Eleven of the Plaintiffs' Third Amended Complaint.

17. The Defendant lack sufficient knowledge to either admit or deny the allegations contained in Paragraph Seventeen of the Plaintiffs' Third Amended Complaint.

**JURISDICTION**

18. Paragraph Eighteen of Plaintiffs' Third Amended Complaint contains a statement of jurisdiction, and as such does not require a response.  To the extent that the Plaintiffs' statement of jurisdiction states any claim against Defendant, it is denied.

19. Paragraph Nineteen of Plaintiffs' Third Amended Complaint contains a statement of jurisdiction, and as such does not require a response.  To the extent that the Plaintiffs' statement of jurisdiction states any claim against Defendant, it is denied.

**CLASS ACTION ALLEGATIONS**

The Defendant denies that the Plaintiffs are a class, as defined in Rule 23 of the Federal Rules of Civil Procedure and cases interpreting this rule, and this issue is the subject of Defendant's forthcoming Motion to Deny Class Certification.

20. Paragraph Twenty of the Plaintiffs' Third Amended Complaint asserts a legal principle and does not require a response.

21. Paragraph Twenty-One of the Plaintiffs' Third Amended Complaint asserts a legal conclusion and does not require a response. Insofar as this paragraph may allege certain facts or claims against the Defendant, those allegations are denied.

22. The Defendant denies all facts alleged in Paragraph Twenty-Two of the Plaintiffs' Third Amended Complaint.

23. The Defendant denies the allegations and conclusions contained in Paragraph Twenty-Three of the Plaintiffs' Third Amended Complaint and lack sufficient knowledge as to the representations of the Plaintiffs' attorney and his prior experience.

24. The Defendant denies the allegations and conclusions contained in Paragraph Twenty-Four of the Plaintiffs' Third Amended Complaint.

25. The Defendant denies the allegations and conclusions contained in Paragraph Twenty-Five of the Plaintiffs' Third Amended Complaint.

26. The Defendant denies the allegations and conclusions contained in Paragraph Twenty-Six of the Plaintiffs' Third Amended Complaint.

27. The Defendant denies the allegations and conclusions contained in Paragraph Twenty-Seven of the Plaintiffs' Third Amended Complaint.

28. The Defendant denies the allegations contained in Paragraph Twenty-Eight of the Plaintiffs' Third Amended Complaint.

**FACTS COMMON TO ALL COUNTS**

29. The Defendant admits the allegations contained in Paragraph Twenty Nine of the Plaintiffs' Third Amended Complaint.

30. The Defendant denies the allegations and conclusions contained in Paragraph Thirty of the Plaintiffs' Third Amended Complaint.

31. The Defendant admits as to the hiring of Robert J. Moran but denies the allegations and conclusions contained in the remainder of Paragraph Thirty-One of the Plaintiffs' Third Amended Complaint.

32. The Defendant denies the allegations and conclusions contained in Paragraph Thirty-Two of the Plaintiffs'

Third Amended Complaint.

33. The Defendant denies the allegations and conclusions contained in Paragraph Thirty-Three of the Plaintiffs' Third Amended Complaint.

34  a. – n. The Defendant denies the allegations and conclusions contained in Paragraph Thirty (a) through (n) of the Plaintiffs' Third Amended Complaint.

35. The Defendant denies the allegations and conclusions contained in Paragraph Thirty-Five of the Plaintiffs' Third Amended Complaint.

36. The Defendant denies allegations and conclusions contained in Paragraph Thirty-Six of the Plaintiffs' Third Amended Complaint.

37. The Defendant denies the allegations and conclusions contained in Paragraph Thirty-Seven of the Plaintiffs' Third Amended Complaint.

38. The Defendant denies the allegations and conclusions contained in Paragraph Thirty-Eight of the Plaintiffs' Third Amended Complaint.

39. The Defendant denies the allegations and conclusions contained in Paragraph Thirty-Nine of the Plaintiffs' Third Amended Complaint.

40. The Defendant denies the allegations and conclusions contained in Paragraph Forty of the Plaintiffs' Third Amended Complaint.

41. The Defendant denies the allegations and conclusions contained in Paragraph Forty-One of the Plaintiffs' Third Amended Complaint.

42. The Defendant denies the allegations and conclusions contained in Paragraph Forty-Two of the Plaintiffs' Third Amended Complaint.

43. The Defendant denies the allegations and conclusions contained in Paragraph Forty-Three of the Plaintiffs' Third Amended Complaint.

44. The Defendant denies the allegations and conclusions contained in Paragraph Forty-Four of the Plaintiffs' Third Amended Complaint.

45. The Defendant denies the allegations and conclusions contained in Paragraph Forty-Five of the Plaintiffs' Third Amended Complaint.

46. Defendant admits that Plaintiff Barry began employment with the BFD on the date stated and with the title stated, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Forty-Six of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

47. Defendant denies the final sentence of Paragraph Forty-seven of the Plaintiff's Third Amended Complaint.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Forty-seven of the Plaintiff's Third Amended Complaint that another unspecified employee received an upgrade as alleged, and therefore neither admits nor denies said allegations.  Answering further, Defendant admits the remaining allegations contained in Paragraph Forty-seven of the Plaintiff's Third Amended Complaint.

48.  The Defendant denies the allegations and conclusions contained in Paragraph Forty-Eight of the Plaintiffs' Third Amended Complaint.

49.  The Defendant admits the allegations and conclusions contained in Paragraph Forty-Nine of the Plaintiffs' Third Amended Complaint.

50.  Defendant admits that Plaintiff Barry applied for the position described and was interviewed and admits that Ms. Urso was hired.  Answering further, Defendant denies that Ms. Urso was unqualified and that either Defendant Moran or Defendant Christian made the hiring decision for the position.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Eighteen of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

51.  The Defendant denies the allegations and conclusions contained in Paragraph Fifty-One of the Plaintiffs' Third Amended Complaint.

52.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-Two of the

Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

53. The Defendant denies the allegations and conclusions contained in Paragraph Fifty-Three of the Plaintiffs' Third Amended Complaint.

54. Defendant ton denies the allegations contained in Paragraph Fifty-Four of Plaintiffs' Third Amended Complaint.

55. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-Five of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

56. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-Six of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

57. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-Seven of the Plaintiffs' Third Amended

Complaint, and therefore neither admits nor denies said allegations.

58.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-Eight of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

59.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-Nine of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

60. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Sixty of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

61. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Sixty-One of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

62. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Sixty-Two of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

63. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Sixty-Three of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

64. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Sixty-Four of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

65. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Sixty-Five of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

66. Defendant denies the allegations contained in Paragraph Sixty-Six of the Plaintiffs' Third Amended Complaint.

67. Defendant is without knowledge or information
    sufficient to form a belief as to the truth of the
    allegations contained in Paragraph Sixty-Seven of the
    Plaintiffs' Third Amended Complaint, and therefore neither
    admits nor denies said allegations.

68. Defendant is without knowledge or information
    sufficient to form a belief as to the truth of the
    allegations contained in Paragraph Sixty-Eight of the
    Plaintiffs' Third Amended Complaint, and therefore neither
    admits nor denies said allegations.

69. Defendant admits that the person hired was Mr. McKenzie and
    that he did not live within the at the time of his hire and
    lived in Maryland.  Answering further, Defendant denies that
    residency is a requirement at the time of hire and that Mr.
    McKenzie represented that he was a resident.   Answering
    further, Defendant is without knowledge or information
    sufficient to form a belief as to the truth of the
    allegations contained in Paragraph Sixty-Nine of the
    Plaintiffs' Third Amended Complaint, and therefore neither
    admits nor denies said allegations.

70. Defendant admits that Defendant Kessler met

with Defendant Barry. Answering further, Defendant denies
that Barry had made a written complaint at this time, and
denies the statements attributed to Kessler.

71. Defendant denies that Barry had more than one
subsequent meeting with Defendant Kessler.  Answering
further, Defendant denies the remaining allegations contained
in Paragraph Seventy-One of the Plaintiffs' Third Amended
Complaint.

72. Defendant admits the allegations contained in
Paragraph Seventy-two of the Plaintiffs' Third Amended
Complaint to the extent that Plaintiff Barry submitted such
complaint.

73. Defendant is without knowledge or information sufficient
to form a belief as to the truth of the allegations contained
in Paragraph Seventy-three of the Plaintiffs' Third Amended
Complaint, and therefore neither admits nor denies said
allegations.

74. Defendant denies that the letter of October 21, 2004, was
in response to Plaintiff Barry having made a complaint.
Answering further, Defendant admits the remaining allegations
contained in Paragraph Forty-Five of the Plaintiffs' Third
Amended Complaint.

75.  Defendant denies that the meeting described in Paragraph Seventy-Five of the Plaintiffs' Third Amended Complaint was intended to review allegations of retaliation against Plaintiff Green. Answering further, Defendant admits the remaining allegations contained in Paragraph Seventy-Five of the Plaintiffs' Third Amended Complaint.

76.  Defendant admits that more than six months have elapsed. Answering further, Defendant denies the remaining allegations contained in Paragraph Seventy-Six of the Plaintiffs' Third Amended Complaint.

77.  Defendant denies the allegations contained in Paragraph Seventy-Seven of the Plaintiffs' Third Amended Complaint.

78.  Defendant admits the allegations contained in Paragraph Seventy-Eight of the Plaintiffs' Third Amended Complaint, except that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seventy-Eight of the Plaintiffs' Third Amended Complaint that any or all individual defendants made such decision, and therefore neither admits nor denies said allegations.

79.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained in Paragraph Seventy-Nine of Plaintiffs' Third
Amended Complaint, and therefore neither admits nor
denies said allegations.

80. Defendant admits that Plaintiff Barry had two such hearing
before Analyst Alice Kessler and the she is Defendant's
Kessler's spouse.  Answering further, Defendant is
without knowledge or information sufficient to form a
belief as to the truth of the remaining allegations
contained in Paragraph Eighty of Plaintiffs' Third
Amended Complaint, and therefore neither admits nor
denies said allegations.

81. Defendant is without knowledge or information sufficient
to form a belief as to the truth of the allegations
contained in Paragraph Eighty-One of Plaintiffs' Third
Amended Complaint, and therefore neither admits nor
denies said allegations.

82. Defendant denies the allegations contained in Paragraph
Eighty-Two of Plaintiffs' Third Amended Complaint.

83. Defendant denies the allegations contained in Paragraph
Eighty-three of Plaintiffs' Third Amended Complaint.

84. Defendant denies the allegations contained in Paragraph Eighty-Four of Plaintiffs' Third Amended Complaint.

85. The Defendant denies the allegations and conclusions contained in Paragraph Eighty-Five of the Plaintiffs' Third Amended Complaint.

86. The Defendant denies the allegations and conclusions contained in Paragraph Eighty-Six of the Plaintiffs' Third Amended Complaint.

87. The Defendant denies the allegations and conclusions contained in Paragraph Eighty-Seven of the Plaintiffs' Third Amended Complaint.

88. The Defendant admits to the allegations contained in Paragraph Eighty-Eight of the Plaintiffs' Third Amended Complaint.

89. Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eighty-Nine of Plaintiff's Third Amended Complaint that victims are advised to seek assistance through Plaintiff Green. Answering further, Defendant admits the remaining

allegations contained in Paragraph Eighty-Nine of Plaintiffs' Third Amended Complaint.

90.   Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Ninety of Plaintiff's Third Amended Complaint.

91.   The Defendant denies the allegations and conclusions contained in Paragraph Ninety-One of the Plaintiffs' Third Amended Complaint.

92.    The Defendant admits to the address where the Plaintiff Green was based on or before December 27, 2004, but denies the allegations and conclusions contained in the remainder of Paragraph Ninety-Two of the Plaintiffs' Third Amended Complaint.

93.  Defendant admits the stated location of the Fire Investigation Unit, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Ninety-three of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

94. The Defendant admits to the relocation of the Fire Reports section of the Fire Prevention Division but denies the remaining allegations and conclusions contained in Paragraph Ninety-Four of the Plaintiffs' Third Amended Complaint.

95. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Ninety-Five of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

96. The Defendant denies the allegations and conclusions contained in Paragraph Ninety-Six of the Plaintiffs' Third Amended Complaint.

97. The Defendant denies the allegations and conclusions contained in Paragraph Ninety-Seven of the Plaintiffs' Third Amended Complaint.

98. Defendant admits that Green's telephone was unavailable to her on the dates indicated. Answering further, Defendant denies the remaining allegations contained in Paragraph Ninety-Eight of Plaintiffs' Third Amended Complaint.

99. Defendant admits that Green's telephone was unavailable to her on the dates indicated. Answering further, Defendant

denies the remaining allegations contained in Paragraph Ninety-Nine of Plaintiffs' Third Amended Complaint.

100. Defendant denies that it engages in business, but admits the remaining allegations contained in Paragraph One Hundred of Plaintiffs' Third Amended Complaint.

101. Defendant denies that Green's location hampers her job performance.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph One Hundred and One of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

102. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Two of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

103. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Three of the Plaintiffs' Third Amended Complaint.

104. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Four of the Plaintiffs' Third Amended Complaint.

105. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Five of the Plaintiffs' Third Amended Complaint.

106. The Defendant admits the allegations and conclusions contained in Paragraph One Hundred and Six of the Plaintiffs' Third Amended Complaint.

107. The Defendant admits the allegations and conclusions contained in Paragraph One Hundred and Seven of the Plaintiffs' Third Amended Complaint.

108. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Eight of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

109. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Nine of the Plaintiffs' Third Amended Complaint.

110. The Defendant denies the allegations and conclusions
     contained in Paragraph One Hundred and Ten of the
     Plaintiffs' Third Amended Complaint.

111. Defendant admits that Green was denied the
     leave sought.  Answering further, Defendant denies that
     such leaves have customarily been granted.  Answering
     further, Defendant is without knowledge or information
     sufficient to form a belief as to the truth of the
     remaining allegations contained in Paragraph One Hundred
     and Eleven of the Plaintiffs' Third Amended Complaint.

112. The Defendant denies the allegations and conclusions
     contained in Paragraph One Hundred and Twelve of the
     Plaintiffs' Third Amended Complaint.

113. The Defendant denies the allegations and conclusions
     contained in Paragraph One Hundred and Thirteen of the
     Plaintiffs' Third Amended Complaint.

114. The Defendant denies the allegations and conclusions
     contained in Paragraph One Hundred and Fourteen of the
     Plaintiffs' Third Amended Complaint.

115. The Defendant admits the allegations and conclusions contained in Paragraph One Hundred and Fifteen of the Plaintiffs' Third Amended Complaint.

116. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Sixteen of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

117. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Seventeen of the Plaintiffs' Third Amended Complaint.

118. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Eighteen of the Plaintiffs' Third Amended Complaint.

119. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Nineteen of the Plaintiffs' Third Amended Complaint.

120. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Twenty of Plaintiffs' Third

Amended Complaint, and therefore neither admits nor denies said allegations.

121. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Twenty-One of the Plaintiffs' Third Amended Complaint.

122. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Twenty-Two of the Plaintiffs' Third Amended Complaint.

123. The Defendant admits to the allegations contained in Paragraph One Hundred and Twenty-Three of the Plaintiffs' Third Amended Complaint.

124. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Twenty-Four of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

125. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Twenty-Five of the Plaintiffs' Third Amended Complaint.

126. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Twenty-Six of the Plaintiffs' Third Amended Complaint.

127. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Twenty-Seven of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

128. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Twenty-Eight of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

129. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Twenty-Nine of the Plaintiffs' Third Amended Complaint.

130. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Thirty of the Plaintiffs' Third Amended Complaint.

131. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Thirty-One of the Plaintiffs' Third Amended Complaint.

132. The Defendant admits to the facts contained in Paragraph One Hundred and Thirty-Two of the Plaintiffs' Third Amended Complaint.

133. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Thirty-three of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

134. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Thirty-Four of the Plaintiffs' Third Amended Complaint.

135. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Thirty-Five of the Plaintiffs' Third Amended Complaint.

136. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Thirty-Six of the Plaintiffs' Third Amended Complaint.

137. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Thirty-Seven of the Plaintiffs' Third Amended Complaint.

138. The Defendant admits to the facts contained in Paragraph One Hundred and Thirty-Eight of the Plaintiffs' Third Amended Complaint.

139. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Thirty-nine of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

140. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Forty of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

141. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Forty-One of the Plaintiffs' Third Amended Complaint.

142. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Forty-Two of the Plaintiffs' Third Amended Complaint.

143. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Forty-Three of the Plaintiffs' Third Amended Complaint.

144. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Forty-Four of the Plaintiffs' Third Amended Complaint.

145. The Defendant admits to the facts contained in Paragraph One Hundred and Forty-Five of the Plaintiffs' Third Amended Complaint.

146. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Forty-Six of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

147. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Forty-Seven of the Plaintiffs' Third Amended Complaint.

148. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Forty-Eight of the Plaintiffs' Third Amended Complaint.

149. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Forty-Nine of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

150. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Fifty of the Plaintiffs' Third Amended Complaint.

151. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Fifty-One of the Plaintiffs' Third Amended Complaint.

152. The Defendant admits to the allegations contained in Paragraph One Hundred and Fifty-Two of the Plaintiffs' Third Amended Complaint.

153. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Fifty-three of Plaintiffs'

Third Amended Complaint, and therefore neither admits nor denies said allegations.

154. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Fifty-four of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

155. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Fifty-five of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

156. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Fifty-Six of the Plaintiffs' Third Amended Complaint.

157. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Fifty-Seven of the Plaintiffs' Third Amended Complaint.

158. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Fifty-Eight of the Plaintiffs' Third Amended Complaint.

159. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Fifty-nine of the Plaintiffs' Third Amended Complaint.

## CLAIMS

### First Cause of Action

160. The Defendant incorporates by reference their responses to paragraphs 1 through 159 of the Plaintiffs' Third Amended Complaint.

161. This paragraph states a legal conclusion which does not require a response from the Defendant.

162. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Sixty-Two of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' First Cause of Action.

163. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Sixty-Three of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' First Cause of Action.

164. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Sixty-Four of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' First Cause of Action.

## Second Cause of Action

165. The Defendant incorporates by reference their responses to paragraphs 1 through 164 of the Plaintiffs' Third Amended Complaint.

166. This paragraph states a legal conclusion which does not require a response from the Defendant.

167. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Sixty-Seven of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' Second Cause of Action.

168. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Sixty-Eight of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' Second Cause of Action.

## Third Cause of Action

169. The Defendant incorporates by reference their responses to paragraphs 1 through 168 of the Plaintiffs' Third Amended Complaint.

170. This paragraph states a legal conclusion which does not require a response from the Defendant.

171. This paragraph states a legal theory of recovery which does not require a response from the Defendant.

172. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Seventy-Two of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' Third Cause of Action.

173. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Seventy-Three of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' Third Cause of Action.

174. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Seventy-Four of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' Third Cause of Action.

## Fourth Cause of Action

175. The Defendant incorporates by reference their responses to paragraphs 1 through 174 of the Plaintiffs' Third Amended Complaint.

176. This paragraph states a legal conclusion which does not require a response from the Defendant.

177. This paragraph states a legal theory of recovery which does not require a response from the Defendant.

178. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Seventy-Eight of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' Fourth Cause of Action.

179. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Seventy-Nine of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' Fourth Cause of Action.

180. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Eighty of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' Fourth Cause of Action.

### Sixth Cause of Action

The Plaintiffs' cause of action for intentional infliction of emotional distress was dismissed by this Court as to Plaintiff Green and the Defendant is not required to file any response to paragraphs 181-187 as to Plaintiff Green.

181. The Defendant incorporates by reference their responses to paragraphs 1 through 180 of the Plaintiffs' Third Amended Complaint.

182. This paragraph states a legal conclusion which does not require a response from the Defendant.

183. This paragraph states a legal conclusion which does not require a response from the Defendant.

184. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Eighty-Four of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' Sixth Cause of Action.

185. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Eighty-Five of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' Sixth Cause of Action.

186.  The Defendant denies the allegations and conclusions
      contained in Paragraph One Hundred and Eighty-Six of the
      Plaintiffs' Third Amended Complaint and as they relate to
      the Plaintiffs' Sixth Cause of Action.

187.  The Defendant denies the allegations and conclusions
      contained in Paragraph One Hundred and Eighty-Seven of the
      Plaintiffs' Third Amended Complaint and as they relate to
      the Plaintiffs' Sixth Cause of Action.

### Seventh Cause of Action

188.  The Defendant incorporates by reference their responses to
      paragraphs 1 through 187 of the Plaintiffs' Third Amended
      Complaint.

189.  This paragraph states a legal conclusion which does not
      require a response from the Defendant.

190.  This paragraph states a legal theory of recovery which does
      not require a response from the Defendant.

191.  The Defendant denies the allegations and conclusions
      contained in Paragraph One Hundred and Ninety-One of the
      Plaintiffs' Third Amended Complaint and as they relate to
      the Plaintiffs' Seventh Cause of Action.

## PRAYER FOR RELIEF

To the extent that the Plaintiffs make any allegation or states any claim against the Defendant in its Prayer for Relief, it is denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Third Amended Complaint fails to state a claim upon which relief may be granted against the Defendant.

### Second Affirmative Defense

The Defendant states that there is no factual connection between any unconstitutional municipal custom, policy or practice and any alleged violation of the Plaintiffs' constitutional rights.

### Third Affirmative Defense

The Defendant states that at all relevant times, it acted in good faith and in accord with the Constitutions and laws of the United States and of the Commonwealth of Massachusetts.

### Fourth Affirmative Defense

The Defendant states that the Plaintiffs have not been deprived of any rights secured by either the Constitutions or the

laws of the United States, or of the Commonwealth of Massachusetts.

### *Fifth Affirmative Defense*

The Defendant states that the injury or damage alleged in Plaintiffs' Complaint was neither caused nor proximately caused by Defendant, its agents or employees.

### *Sixth Affirmative Defense*

Defendant states that pursuant to G.L. c.258 §10(c), it is not liable for any intentional tortious conduct by an employee.

### *Seventh Affirmative Defense*

Defendant states that pursuant to G.L. c. 258 §10(j), it is not liable for claims based on negligent supervision or training, and/or claims based on a failure to prevent tortious conduct of which it is not the original cause.

### *Eighth Affirmative Defense*

The Defendant states that Plaintiffs failed to make proper presentment of their negligence claims pursuant to the Torts Claims Act.

### *Ninth Affirmative Defense*

Defendant states that it is a municipality against which punitive damages may not be assessed.

### *Tenth Affirmative Defense*

Defendant states that the Plaintiffs, by their own acts, omissions, conduct and activities are estopped from asserting any claims against the City of Boston.

### *Eleventh Affirmative Defense*

Defendant states that no alleged speech of the Plaintiffs was protected as relating to a matter of public concern.

### *Twelfth Affirmative Defense*

The Plaintiffs' claims are barred by the applicable Statute of Limitations.

### *Thirteenth Affirmative Defense*

The Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

**JURY CLAIM**

Defendant, City of Boston, demands a trial by jury on all claims.

Respectfully submitted,

DEFENDANT, CITY OF BOSTON,
by its attorneys,


William F. Sinnott
Corporation Counsel


By:  /s/ Helen G. Litsas___
     Helen G. Litsas BBO# 644848
     Assistant Corporation Counsel
     Scott C. Holmes BBO# 544545
     City of Boston Law Department
     Room 615, Boston City Hall
     Boston, Massachusetts  02201
     (617)635-4023 (Litsas)
     (617)635-4042 (Holmes)


**CERTIFICATE OF SERVICE**

        **I hereby certify that on this day a true copy of the above
document was served upon the plaintiff by electronic filing.**

**12/30/06**                          **/s/ Helen G. Litsas**

L-0115/ans-2.doc                    42