**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION NO. 05-10528-RCL

DENISE M. BARRY,JANE B. GREEN,
ELIZABETH H. GOLDEN, PATRICIA J.
McDONOUGH, ELAINE MESITI, LILA BROWN,
MARY M. KANE AND JUDITH A. KELLEY
          <u>Plaintiffs</u>,

v.

ROBERT J. MORAN, PAUL A. CHRISTIAN,
WILLIAM KESSLER, WILLIAM HITCHOCK,
RONALD KEATING,JOSEPH FINN, CITY OF
BOSTON FIRE DEPARTMENT, and JOHN
and/or JANE DOES 1-50.
          <u>Defendants</u>.

<u>**DEFENDANT WILLIAM KESSLER'S ANSWER TO THE PLAINTIFFS'**</u>
<u>**THIRD AMENDED COMPLAINT**</u>

     NOW COMES William Kessler, Defendant in the above-entitled

action, and hereby answers the Third Amended Complaint of the

Plaintiffs, as follows[1]:

<u>**INTRODUCTION**</u>

     Paragraph One of the Plaintiffs' Third Amended Complaint

contains a preliminary statement summarizing the Plaintiffs'

allegations as contained within the numbered paragraphs <u>infra</u>,

and as such does not require a response.  To the extent that

---

[1] The Defendant, William Kessler, answers this Third Amended Complaint,
but in doing so, does not waive any rights with respect to filing a
motion to dismiss any claims asserted in Plaintiffs' Third Amended
Complaint.  As discussed at the recent status conference held on
November 13, 2006, Defendant, William Kessler, reserves his right to
file such motion to dismiss following class certification discovery.
Defendant also reserves its right to file a motion to deny class
certification.

the Plaintiffs' Introduction states any claim against
Defendant William Kessler, it is denied.

**PARTIES**

1.  The Defendant admits the allegations contained in Paragraph
    One of the Plaintiffs' Third Amended Complaint.

2.  The Defendant admits the allegations contained in Paragraph
    Two of the Plaintiffs' Third Amended Complaint.

3.  The Defendant admits the allegations contained in Paragraph
    Three of the Plaintiffs' Third Amended Complaint.

4.  The Defendant admits the allegations contained in Paragraph
    Four of the Plaintiffs' Third Amended Complaint.

5.  The Defendant admits the allegations contained in Paragraph
    Five of the Plaintiffs' Third Amended Complaint.

6.  The Defendant admits the allegations contained in Paragraph
    Six of the Plaintiffs' Third Amended Complaint.

7.  The Defendant admits the allegations contained in Paragraph
    Seven of the Plaintiffs' Third Amended Complaint.

8.  The Defendant admits the allegations contained in Paragraph
    Eight of the Plaintiffs' Third Amended Complaint.

9.  The Defendant admits the allegations concerning Robert
    Moran's position with the Boston Fire Department contained in
    Paragraph Nine of the Plaintiffs' Third Amended Complaint.
    The remaining portion of this paragraph is a legal conclusion
    and does not require a response from the Defendant.

10. The Defendant admits the allegations concerning Joseph Finn's
    position with the Boston Fire Department contained in
    Paragraph Ten of the Plaintiffs' Third Amended Complaint. The
    remaining portion of this paragraph is a legal conclusion and
    does not require a response from the Defendant.

11. The Defendant admits the allegations concerning Ronald
    Keating's position with the Boston Fire Department contained
    in Paragraph Eleven of the Plaintiffs' Third Amended
    Complaint. The remaining portion of this paragraph is a legal
    conclusion and does not require a response from the
    Defendant.

12. The Defendant admits the allegations concerning Paul
    Christian's position with the Boston Fire Department
    contained in Paragraph Twelve of the Plaintiffs' Third
    Amended Complaint. The remaining portion of this paragraph is
    a legal conclusion and does not require a response from the
    Defendant.

13. The Defendant admits the allegations concerning Roderick
    Frazer Jr.'s position with the Boston Fire Department
    contained in Paragraph Thirteen of the Plaintiffs' Third
    Amended Complaint. The remaining portion of this paragraph is
    a legal conclusion and does not require a response from the
    Defendant.

14. The Defendant admits the allegations concerning William
    Kessler's position with the City of Boston contained in
    Paragraph Fourteen of the Plaintiffs' Third Amended
    Complaint. The remaining portion of this paragraph is a legal
    conclusion and does not require a response from the
    Defendant.

15. The Defendant admits the allegations concerning William
    Hitchcock's position with the Boston Fire Department
    contained in Paragraph Fifteen of the Plaintiffs' Third
    Amended Complaint. The remaining portion of this paragraph is
    a legal conclusion and does not require a response from the
    Defendant.

16. The Defendant admits the allegations contained in Paragraph
    Eleven of the Plaintiffs' Third Amended Complaint.

17. The Defendant lack sufficient knowledge to either admit or deny the allegations contained in Paragraph Seventeen of the Plaintiffs' Third Amended Complaint.

**JURISDICTION**

18. Paragraph Eighteen of Plaintiffs' Third Amended Complaint contains a statement of jurisdiction, and as such does not require a response.  To the extent that the Plaintiffs' statement of jurisdiction states any claim against Defendant, it is denied.

19. Paragraph Nineteen of Plaintiffs' Third Amended Complaint contains a statement of jurisdiction, and as such does not require a response.  To the extent that the Plaintiffs' statement of jurisdiction states any claim against Defendant, it is denied.

**CLASS ACTION ALLEGATIONS**

The Defendant denies that the Plaintiffs are a class, as defined in Rule 23 of the Federal Rules of Civil Procedure and cases interpreting this rule, and this issue is the subject of Defendant's forthcoming Motion to Deny Class Certification.

20. Paragraph Twenty of the Plaintiffs' Third Amended Complaint asserts a legal principle and does not require a response.

21. Paragraph Twenty-One of the Plaintiffs' Third Amended Complaint asserts a legal conclusion and does not require a response. Insofar as this paragraph may allege certain facts or claims against the Defendant, those allegations are denied.

22. The Defendant denies all facts alleged in Paragraph Twenty-Two of the Plaintiffs' Third Amended Complaint.

23. The Defendant denies the allegations and conclusions contained in Paragraph Twenty-Three of the Plaintiffs' Third Amended Complaint and lack sufficient knowledge as to the representations of the Plaintiffs' attorney and his prior experience.

24. The Defendant denies the allegations and conclusions contained in Paragraph Twenty-Four of the Plaintiffs' Third Amended Complaint.

25. The Defendant denies the allegations and conclusions contained in Paragraph Twenty-Five of the Plaintiffs' Third Amended Complaint.

26. The Defendant denies the allegations and conclusions contained in Paragraph Twenty-Six of the Plaintiffs'

Third Amended Complaint.

27. The Defendant denies the allegations and conclusions contained in Paragraph Twenty-Seven of the Plaintiffs' Third Amended Complaint.

28. The Defendant denies the allegations contained in Paragraph Twenty-Eight of the Plaintiffs' Third Amended Complaint.

**FACTS COMMON TO ALL COUNTS**

29. The Defendant admits the allegations contained in Paragraph Twenty Nine of the Plaintiffs' Third Amended Complaint.

30. The Defendant denies the allegations and conclusions contained in Paragraph Thirty of the Plaintiffs' Third Amended Complaint.

31. The Defendant admits as to the hiring of Robert J. Moran but denies the allegations and conclusions contained in the remainder of Paragraph Thirty-One of the Plaintiffs' Third Amended Complaint.

32. The Defendant denies the allegations and conclusions contained in Paragraph Thirty-Two of the Plaintiffs' Third Amended Complaint.

33. The Defendant denies the allegations and conclusions
    contained in Paragraph Thirty-Three of the Plaintiffs'
    Third Amended Complaint.

34  a. – n. The Defendant denies the allegations and conclusions
    contained in Paragraph Thirty (a) through (n) of the
    Plaintiffs' Third Amended Complaint.

35. The Defendant denies the allegations and conclusions
    contained in Paragraph Thirty-Five of the Plaintiffs' Third
    Amended Complaint.

36. The Defendant denies allegations and conclusions contained in
    Paragraph Thirty-Six of the Plaintiffs' Third Amended
    Complaint.

37. The Defendant denies the allegations and conclusions
    contained in Paragraph Thirty-Seven of the Plaintiffs' Third
    Amended Complaint.

38. The Defendant denies the allegations and conclusions
    contained in Paragraph Thirty-Eight of the Plaintiffs' Third
    Amended Complaint.

39. The Defendant denies the allegations and conclusions
    contained in Paragraph Thirty-Nine of the Plaintiffs' Third
    Amended Complaint.

40. The Defendant denies the allegations and conclusions
    contained in Paragraph Forty of the Plaintiffs' Third Amended
    Complaint.

41. The Defendant denies the allegations and conclusions
    contained in Paragraph Forty-One of the Plaintiffs' Third
    Amended Complaint.

42. Defendant denies the allegations and conclusions contained
    in Paragraph Forty-Two of the Plaintiffs' Third Amended
    Complaint.

43. The Defendant denies the allegations contained in Paragraph
    Forty-Three of the Plaintiffs' Third Amended Complaint, and
    therefore neither admits nor denies said allegations.

44. The Defendant denies the allegations and conclusions
    contained in Paragraph Forty-Four of the Plaintiffs' Third
    Amended Complaint.

45. The Defendant denies the allegations and conclusions contained in Paragraph Forty-Five of the Plaintiffs' Third Amended Complaint.

46. Defendant admits that Plaintiff Barry began employment with the BFD on the date stated and with the title stated, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Forty-Six of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

47. Defendant denies the final sentence of Paragraph Forty-seven of the Plaintiff's Third Amended Complaint.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Forty-seven of the Plaintiff's Third Amended Complaint that another unspecified employee received an upgrade as alleged, and therefore neither admits nor denies said allegations.  Answering further, Defendant admits the remaining allegations contained in Paragraph Forty-seven of the Plaintiff's Third Amended Complaint.

48. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Forty-Eight of the

Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

49. The Defendant admits the allegations and conclusions contained in Paragraph Forty-Nine of the Plaintiffs' Third Amended Complaint.

50. Defendant admits that Plaintiff Barry applied for the position described and was interviewed and admits that Ms. Urso was hired.  Answering further, Defendant denies that Ms. Urso was unqualified and that either Defendant Moran or Defendant Christian made the hiring decision for the position.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Fifty of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

51. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-one of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

52. Defendant admits that Granara requested such increases, but

is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Fifty-Two of the Plaintiffs' Third Amended Complaint.

53. The Defendant denies the allegations and conclusions contained in Paragraph Fifty-Three of the Plaintiffs' Third Amended Complaint.

54. Defendant admits that Plaintiff Barry was appointed temporarily to an MM-5 position.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Fifty-Four of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

55. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-Five of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

56. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-Six of

the Plaintiffs' Third Amended Complaint, and

therefore neither admits nor denies said allegations.

57.    Defendant is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained

in Paragraph Fifty-Seven of the Plaintiffs' Third Amended

Complaint, and therefore neither admits nor denies said

allegations.

58.    Defendant is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained

in Paragraph Fifty-Eight of the Plaintiffs' Third Amended

Complaint, and therefore neither admits nor denies said

allegations.

59.    Defendant is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained

in Paragraph Fifty-Nine of the Plaintiffs' Third Amended

Complaint, and therefore neither admits nor denies said

allegations.

60.    Defendant is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained

in Paragraph Sixty of the Plaintiffs' Third Amended

Complaint, and therefore neither admits nor denies said

allegations.

61.    Defendant is without knowledge or information sufficient to
       form a belief as to the truth of the allegations contained
       in Paragraph Sixty-One of the Plaintiffs' Third Amended
       Complaint, and therefore neither admits nor denies said
       allegations.

62.    Defendant is without knowledge or information sufficient to
       form a belief as to the truth of the allegations contained
       in Paragraph Sixty-Two of the Plaintiffs' Third Amended
       Complaint, and therefore neither admits nor denies said
       allegations.

63.    Defendant is without knowledge or information sufficient to
       form a belief as to the truth of the allegations contained
       in Paragraph Sixty-Three of the Plaintiffs' Third Amended
       Complaint, and therefore neither admits nor denies said
       allegations.

64.    Defendant is without knowledge or information
       sufficient to form a belief as to the truth of the
       allegations contained in Paragraph Sixty-Four of the
       Plaintiffs' Third Amended Complaint, and therefore neither
       admits nor denies said allegations.

65.   Defendant is without knowledge or information sufficient to
      form a belief as to the truth of the allegations contained
      in Paragraph Sixty-Five of the Plaintiffs' Third Amended
      Complaint, and therefore neither admits nor denies said
      allegations.

66.   Defendant is without knowledge or information
      sufficient to form a belief as to the truth of the
      allegations contained in Paragraph Sixty-Six of the
      Plaintiffs' Third Amended Complaint, and therefore neither
      admits nor denies said allegations.

67.   Defendant admits the allegations to the allegations
      contained in Paragraph Sixty-Seven of the Plaintiffs' Third
      Amended Complaint to the extent that Plaintiff Green was
      present as a shop steward, but is without knowledge or
      information sufficient to form a belief as to the truth of
      the remaining allegations contained in Paragraph Sixty-
      Seven of the Plaintiffs' Third Amended Complaint, and
      therefore neither admits nor denies said allegations.

68.   As to what Plaintiff Barry was informed, Defendant is
      without knowledge or information sufficient to form a
      belief as to the truth of the allegations contained in
      Paragraph Sixty-Eight of the Plaintiffs' Third Amended

Complaint, and therefore neither admits nor denies said
allegations.  Kessler denies the remaining allegations.

69. Defendant admits that the person hired was Mr. McKenzie and
that he did not live within the City  of Boston at the time
of his hire and lived in Maryland.  Answering further,
Defendant denies that residency is a requirement at the time
of hire and that Mr. McKenzie represented that he was a
resident.  Answering further, Defendant is without knowledge
or information sufficient to form a belief as to the truth of
the allegations contained in Paragraph Sixty-Nine of the
Plaintiffs' Third Amended Complaint,

70. Defendant admits that Plaintiff Barry complained in writing
and met with him, but denies the remaining allegations.

71. Defendant denies that Barry had more than one
subsequent meeting with Defendant Kessler.  Answering
further, Defendant denies the remaining allegations contained
in Paragraph Seventy-One of the Plaintiffs' Third Amended
Complaint.

72. Defendant is without knowledge or information
sufficient to form a belief as to the truth of the
allegations contained in Paragraph Seventy-two of the

Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

73.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seventy-three of the Plaintiff's Third Amended Complaint, and therefore neither admits nor denies said allegations.

74.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seventy-Four of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

75.  Defendant admits that a meeting was held in September 2004, but denies the remaining allegations contained in Paragraph Seventy-Five of the Plaintiffs' Third Amended Complaint.

76.  Defendant admits that six months have elapsed but denies the remaining allegations contained in Paragraph Seventy-Six of the Plaintiffs' Third Amended Complaint.

77.  Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in

Paragraph Seventy-Seven of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

78.  Defendant admits the allegations contained in Paragraph Seventy-Eight of the Plaintiffs' Third Amended Complaint, except that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seventy-Eight of the Plaintiffs' Third Amended Complaint that any or all individual defendants made such decision, and therefore neither admits nor denies said allegations.

79.  Defendant denies the allegations contained in Paragraph Seventy-Nine of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

80.  Defendant admits that Plaintiff Barry had two such hearings before Analyst Alice Kessler and the she is Defendant's Kessler's spouse.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Eighty of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

81.  Defendant is without knowledge or information sufficient
     to form a belief as to the truth of the allegations
     contained in Paragraph Eighty-One of Plaintiffs' Third
     Amended Complaint, and therefore neither admits nor
     denies said allegations.

82.  Defendant admits that Plaintiff Barry had two such
     hearings before Analyst Alice Kessler and the she is
     Defendant's spouse.  Answering further, Defendant is
     without knowledge or information sufficient to form a
     belief as to the truth of the remaining allegations
     contained in Paragraph Eighty-two of Plaintiffs' Third
     Amended Complaint, and therefore neither admits nor
     denies said allegations.

83.  Defendant denies the allegations contained in Paragraph
     Eighty-three of Plaintiffs' Third Amended Complaint.

84.  Defendant denies the allegations contained in Paragraph
     Eighty-Four of Plaintiffs' Third Amended Complaint.

85.  The Defendant denies the allegations and conclusions
     contained in Paragraph Eighty-Five of the Plaintiffs'
     Third Amended Complaint.

86.   The Defendant denies the allegations and conclusions contained in Paragraph Eighty-Six of the Plaintiffs' Third Amended Complaint.

87.   The Defendant denies the allegations and conclusions contained in Paragraph Eighty-Seven of the Plaintiffs' Third Amended Complaint.

88.   The Defendant admits to the allegations contained in Paragraph Eighty-Eight of the Plaintiffs' Third Amended Complaint.

89.   Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eighty-Nine of Plaintiff's Third Amended Complaint that victims are advised to seek assistance through Plaintiff Green. Answering further, Defendant admits the remaining allegations contained in Paragraph Eighty-Nine of Plaintiffs' Third Amended Complaint.

90.   Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Ninety of Plaintiff's Third Amended Complaint.

91.   The Defendant denies the allegations and conclusions contained in Paragraph Ninety-One of the Plaintiffs' Third Amended Complaint.

92.   The Defendant admits to the address where the Plaintiff Green was based on or before December 27, 2004, but denies the allegations and conclusions contained in the remainder of Paragraph Ninety-Two of the Plaintiffs' Third Amended Complaint.

93.   Defendant admits the stated location of the Fire Investigation Unit, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Ninety-three of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

94.   The Defendant admits to the relocation of the Fire Reports section of the Fire Prevention Division but denies the remaining allegations and conclusions contained in Paragraph Ninety-Four of the Plaintiffs' Third Amended Complaint.

95.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Ninety-Five of Plaintiffs' Third Amended

Complaint, and therefore neither admits nor denies said allegations.

96. The Defendant denies the allegations and conclusions contained in Paragraph Ninety-Six of the Plaintiffs' Third Amended Complaint.

97. The Defendant denies the allegations and conclusions contained in Paragraph Ninety-Seven of the Plaintiffs' Third Amended Complaint.

98. Defendant denies the allegations contained in Paragraph Ninety-Eight of Plaintiffs' Third Amended Complaint.

99. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph Ninety-Nine of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

100. Defendant denies that it engages in business, but admits the remaining allegations contained in Paragraph One Hundred of Plaintiffs' Third Amended Complaint.

101. Defendant denies that Green's location hampers her job performance.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in Paragraph One Hundred and One of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

102. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Two of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

103. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Three of the Plaintiffs' Third Amended Complaint.

104. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Four of the Plaintiffs' Third Amended Complaint.

105. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Five of the Plaintiffs' Third Amended Complaint.

106. The Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Six of Plaintiffs' Third Amended

Complaint, and therefore neither admits nor denies said allegations.

107. The Defendant admits the allegations and conclusions contained in Paragraph One Hundred and Seven of the Plaintiffs' Third Amended Complaint.

108. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Eight of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

109. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Nine of the Plaintiffs' Third Amended Complaint.

110. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Ten of the Plaintiffs' Third Amended Complaint.

111. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Eleven of the Plaintiffs' Third Amended Complaint.

112. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Twelve of the Plaintiffs' Third Amended Complaint.

113. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Thirteen of the Plaintiffs' Third Amended Complaint.

114. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Fourteen of the Plaintiffs' Third Amended Complaint.

115. The Defendant admits the allegations and conclusions contained in Paragraph One Hundred and Fifteen of the Plaintiffs' Third Amended Complaint.

116. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Sixteen of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

117. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Seventeen of the Plaintiffs' Third Amended Complaint.

118. The Defendant denies the allegations and conclusions
     contained in Paragraph One Hundred and Eighteen of the
     Plaintiffs' Third Amended Complaint.

119. The Defendant denies the allegations and conclusions
     contained in Paragraph One Hundred and Nineteen of the
     Plaintiffs' Third Amended Complaint.

120. Defendant is without knowledge or information sufficient to
     form a belief as to the truth of the allegations contained
     in Paragraph One Hundred and Twenty of Plaintiffs' Third
     Amended Complaint, and therefore neither admits nor denies
     said allegations.

121. The Defendant denies the allegations and conclusions
     contained in Paragraph One Hundred and Twenty-One of the
     Plaintiffs' Third Amended Complaint.

122. The Defendant denies the allegations and conclusions
     contained in Paragraph One Hundred and Twenty-Two of the
     Plaintiffs' Third Amended Complaint.

123. The Defendant admits to the allegations contained in
     Paragraph One Hundred and Twenty-Three of the Plaintiffs'
     Third Amended Complaint.

124. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Twenty-Four of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

125. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Twenty-Five of the Plaintiffs' Third Amended Complaint.

126. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Twenty-Six of the Plaintiffs' Third Amended Complaint.

127. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Twenty-Seven of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

128. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Twenty-Eight of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

129. The Defendant is without knowledge or information
     sufficient to form a belief as to the truth of the
     allegations contained in Paragraph One Hundred and Twenty-
     Nine of Plaintiffs' Third Amended Complaint, and therefore
     neither admits nor denies said allegations.

130. The Defendant denies the allegations and conclusions
     contained in Paragraph One Hundred and Thirty of the
     Plaintiffs' Third Amended Complaint.

131. The Defendant denies the allegations and conclusions
     contained in Paragraph One Hundred and Thirty-One of the
     Plaintiffs' Third Amended Complaint.

132. The Defendant admits to the facts contained in Paragraph One
     Hundred and Thirty-Two of the Plaintiffs' Third Amended
     Complaint.

133. Defendant is without knowledge or information sufficient to
     form a belief as to the truth of the allegations contained
     in Paragraph One Hundred and Thirty-three of Plaintiffs'
     Third Amended Complaint, and therefore neither admits nor
     denies said allegations.

134. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Thirty-Four of the Plaintiffs' Third Amended Complaint.

135. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Thirty-Five of the Plaintiffs' Third Amended Complaint.

136. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Thirty-Six of the Plaintiffs' Third Amended Complaint.

137. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Thirty-Seven of the Plaintiffs' Third Amended Complaint.

138. The Defendant admits to the facts contained in Paragraph One Hundred and Thirty-Eight of the Plaintiffs' Third Amended Complaint.

139.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Thirty-nine of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

140. Defendant is without knowledge or information sufficient to
     form a belief as to the truth of the allegations contained
     in Paragraph One Hundred and Forty of Plaintiffs' Third
     Amended Complaint, and therefore neither admits nor denies
     said allegations.

141. The Defendant denies the allegations and conclusions
     contained in Paragraph One Hundred and Forty-One of the
     Plaintiffs' Third Amended Complaint.

142. The Defendant denies the allegations and conclusions
     contained in Paragraph One Hundred and Forty-Two of the
     Plaintiffs' Third Amended Complaint.

143. The Defendant denies the allegations and conclusions
     contained in Paragraph One Hundred and Forty-Three of the
     Plaintiffs' Third Amended Complaint.

144. The Defendant denies the allegations and conclusions
     contained in Paragraph One Hundred and Forty-Four of the
     Plaintiffs' Third Amended Complaint.

145. The Defendant admits to the facts contained in Paragraph One
     Hundred and Forty-Five of the Plaintiffs' Third Amended
     Complaint.

146. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Forty-Six of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

147. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Forty-Seven of the Plaintiffs' Third Amended Complaint.

148. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Forty-Eight of the Plaintiffs' Third Amended Complaint.

149. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Forty-Nine of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

150. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Fifty of the Plaintiffs' Third Amended Complaint.

151. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Fifty-One of the Plaintiffs' Third Amended Complaint.

152. The Defendant admits to the allegations contained in Paragraph One Hundred and Fifty-Two of the Plaintiffs' Third Amended Complaint.

153. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Fifty-three of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

154. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Fifty-four of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

155. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Fifty-five of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

156. The Defendant denies the allegations and conclusions
     contained in Paragraph One Hundred and Fifty-Six of the
     Plaintiffs' Third Amended Complaint.

157. The Defendant denies the allegations and conclusions
     contained in Paragraph One Hundred and Fifty-Seven of the
     Plaintiffs' Third Amended Complaint.

158. The Defendant denies the allegations and conclusions
     contained in Paragraph One Hundred and Fifty-Eight of the
     Plaintiffs' Third Amended Complaint.

159. The Defendant denies the allegations and conclusions
     contained in Paragraph One Hundred and Fifty-nine of the
     Plaintiffs' Third Amended Complaint.

## CLAIMS

### First Cause of Action[2]

160. The Defendant incorporates by reference his responses to
     paragraphs 1 through 159 of the Plaintiffs' Third Amended
     Complaint.

---

[2] As to the First Cause of Action, Defendant states further per this
Court's prior Order of Defendant's motion to dismiss, Plaintiffs' claim
can only be asserted against Defendant in his individual capacity only.

161. This paragraph states a legal conclusion which does not require a response from the Defendant.

162. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Sixty-Two of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' First Cause of Action.

163. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Sixty-Three of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' First Cause of Action.

164. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Sixty-Four of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' First Cause of Action.

## Second Cause of Action

165. The Defendant incorporates by reference his responses to paragraphs 1 through 164 of the Plaintiffs' Third Amended Complaint.

166. This paragraph states a legal conclusion which does not require a response from the Defendant.

167. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Sixty-Seven of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' Second Cause of Action.

168. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Sixty-Eight of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' Second Cause of Action.

**Third Cause of Action**

169. The Defendant incorporates by reference his responses to paragraphs 1 through 168 of the Plaintiffs' Third Amended Complaint.

170. This paragraph states a legal conclusion which does not require a response from the Defendant.

171. This paragraph states a legal theory of recovery which does not require a response from the Defendant.

172. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Seventy-Two of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' Third Cause of Action.

173. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Seventy-Three of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' Third Cause of Action.

174. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Seventy-Four of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' Third Cause of Action.

## Fourth Cause of Action

Defendant states that per Court Order, Plaintiffs' claim in their alleged Fourth Cause of Action was dismissed as to Defendant Hitchcock. Accordingly, no response by Defendant Hitchcock is required.  Nonetheless, the Defendant provides responses set forth below.

175. The Defendant incorporates by reference his responses to paragraphs 1 through 174 of the Plaintiffs' Third Amended Complaint.

176. This paragraph states a legal conclusion which does not require a response from the Defendant.

177. This paragraph states a legal theory of recovery which does not require a response from the Defendant.

178.  The Defendant denies the allegations and conclusions
      contained in Paragraph One Hundred and Seventy-Eight of the
      Plaintiffs' Third Amended Complaint and as they relate to
      the Plaintiffs' Fourth Cause of Action.

179.  The Defendant denies the allegations and conclusions
      contained in Paragraph One Hundred and Seventy-Nine of the
      Plaintiffs' Third Amended Complaint and as they relate to
      the Plaintiffs' Fourth Cause of Action.

180.  The Defendant denies the allegations and conclusions
      contained in Paragraph One Hundred and Eighty of the
      Plaintiffs' Third Amended Complaint and as they relate to
      the Plaintiffs' Fourth Cause of Action.

### <u>Sixth Cause of Action [sic][3]</u>

     The Plaintiffs' cause of action for intentional infliction
of emotional distress was dismissed by this Court as to Plaintiff
Green and the Defendant is not required to file any response to
paragraphs 181-187 as to Plaintiff Green.

181.  The Defendant incorporates by reference his responses to
      paragraphs 1 through 180 of the Plaintiffs' Third Amended
      Complaint.

---

[3] Plaintiffs' apparently have misnumbered their claims in their Third
Amended Complaint.  Their Complaint skips from their Fourth Cause of
Action to their Sixth Cause of Action.

Case 1:05-cv-10528-RCL    Document 62    Filed 12/30/2006    Page 38 of 44

182.  This paragraph states a legal conclusion which does not
      require a response from the Defendant.

183.  This paragraph states a legal conclusion which does not
      require a response from the Defendant.

184.  The Defendant denies the allegations and conclusions
      contained in Paragraph One Hundred and Eighty-Four of the
      Plaintiffs' Third Amended Complaint and as they relate to
      the Plaintiffs' Sixth Cause of Action.

185.  The Defendant denies the allegations and conclusions
      contained in Paragraph One Hundred and Eighty-Five of the
      Plaintiffs' Third Amended Complaint and as they relate to
      the Plaintiffs' Sixth Cause of Action.

186.  The Defendant denies the allegations and conclusions
      contained in Paragraph One Hundred and Eighty-Six of the
      Plaintiffs' Third Amended Complaint and as they relate to
      the Plaintiffs' Sixth Cause of Action.

187.  The Defendant denies the allegations and conclusions
      contained in Paragraph One Hundred and Eighty-Seven of the
      Plaintiffs' Third Amended Complaint and as they relate to
      the Plaintiffs' Sixth Cause of Action.

## Seventh Cause of Action

Defendant states that per Court Order, Plaintiffs' claim in their alleged Seventh Cause of Action was dismissed as to Defendant Hitchcock. Accordingly, no response by Defendant Hitchcock is required. Nonetheless, the Defendant provides responses set forth below.

188. The Defendant incorporates by reference his responses to paragraphs 1 through 187 of the Plaintiffs' Third Amended Complaint.

189. This paragraph states a legal conclusion which does not require a response from the Defendant.

190. This paragraph states a legal theory of recovery which does not require a response from the Defendant.

191. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Ninety-One of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' Seventh Cause of Action.

## PRAYER FOR RELIEF

To the extent that the Plaintiffs make any allegation or states any claim against the Defendant in its Prayer for Relief, it is denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Defendant states that Plaintiffs' Third Amended Complaint fails to state a claim upon which relief may be granted against the Defendant.

### Second Affirmative Defense

The Defendant states that the Third Amended Complaint fails to state a claim entitling the Plaintiffs to relief because he is entitled to qualified immunity.

### Third Affirmative Defense

The Defendant states that at all relevant times, he acted in good faith and in accord with the Constitutions and laws of the United States and of the Commonwealth of Massachusetts.

### Fourth Affirmative Defense

The Defendant states that the Plaintiffs have not been deprived of any rights secured by either the Constitutions or the laws of the United States, or of the Commonwealth of Massachusetts.

### *Fifth Affirmative Defense*

The Defendant states that the injury or damage alleged in Plaintiffs' Complaint was neither caused nor proximately caused by Defendant, its agents or employees.

### *Sixth Affirmative Defense*

Defendant states that pursuant to G.L. c.258, he is immune from suit and not liable for any alleged negligent or alleged negligent supervisory conduct.

### *Seventh Affirmative Defense*

Defendant states that Plaintiffs' claims are barred because Plaintiffs failed to exhaust their administrative remedies.

### *Eighth Affirmative Defense*

Plaintiffs, by their conduct and/or actions, or by the conduct and/or actions of their agents and servants have waived any and all rights they may have against the Defendant.

### *Ninth Affirmative Defense*

Defendant states that his actions, if any, were justified and therefore Plaintiff cannot recover.

### *Tenth Affirmative Defense*

Defendant states that the Plaintiffs, by their own acts, omissions, conduct and activities are estopped from asserting any claims against the Defendant.

### *Eleventh Affirmative Defense*

Defendant states that no alleged speech of the Plaintiffs was protected as relating to a matter of public concern.

### *Twelfth Affirmative Defense*

The Plaintiffs' claims are barred by the applicable Statute of Limitations.

### *Thirteenth Affirmative Defense*

The Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

### *Fourteenth Affirmative Defense*

The Plaintiffs' claim under the Massachusetts Whistleblower Statute, G.L. c. 149, § 185, is barred because that statute does not permit recovery against individuals. "The Whistleblower statute permits only an 'employer' to be sued, not individual supervisors." Bennett v. City of Holyoke, 230 F. Supp. 2d 207, 221 (D. Mass. 2002), aff'd by Bennett v. City of Holyoke, 362 F.3d 1 (1st. Cir. 2004) (omitting citations).

### *Fifteenth Affirmative Defense*

The Plaintiffs' claims are barred in whole or in part per the Court's prior order dismissing Plaintiffs' claims.

### *Sixteenth Affirmative Defense*

Defendant at all times acted in good faith upon reasonable belief and any alleged actions of Defendant were required and in compliance with all relevant laws and circumstances.

### *Seventeenth Affirmative Defense*

Plaintiffs' injuries, if any, were proximately caused by their own intentional conduct and not by the conduct of the Defendant.

### **JURY CLAIM**

Defendant, William Kessler, demands a trial by jury on all claims.

Respectfully submitted,

DEFENDANT, WILLIAM KESSLER,
by his attorneys,


William F. Sinnott
Corporation Counsel


By:    /s/ Helen G. Litsas___
       Helen G. Litsas BBO# 644848
       Assistant Corporation Counsel
       Scott C. Holmes BBO# 544545
       City of Boston Law Department
       Room 615, Boston City Hall
       Boston, Massachusetts  02201
       (617)635-4023 (Litsas)
       (617)635-4042 (Holmes)




**CERTIFICATE OF SERVICE**

    **I hereby certify that on this day a true copy of the above document was served upon the plaintiff by electronic filing.**

**12/30/06**                                    **/s/ Helen G. Litsas**