UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10528-RCL

DENISE M. BARRY,JANE B. GREEN,
ELIZABETH H. GOLDEN, PATRICIA J.
McDONOUGH, ELAINE MESITI, LILA BROWN,
MARY M. KANE AND JUDITH A. KELLEY
        Plaintiffs,

v.

ROBERT J. MORAN, PAUL A. CHRISTIAN,
WILLIAM KESSLER, WILLIAM HITCHOCK,
RONALD KEATING,JOSEPH FINN, CITY OF
BOSTON FIRE DEPARTMENT, and JOHN
and/or JANE DOES 1-50.
        Defendants.

**DEFENDANT ROBERT MORAN'S ANSWER TO THE PLAINTIFFS'
THIRD AMENDED COMPLAINT**

NOW COMES Robert Moran, Defendant in the above-entitled action, and hereby answers the Third Amended Complaint of the Plaintiffs, as follows[1]:

**INTRODUCTION**

Paragraph One of the Plaintiffs' Third Amended Complaint contains a preliminary statement summarizing the Plaintiffs' allegations as contained within the numbered paragraphs _infra_, and as such does not require a response.  To the extent that

---

[1] The Defendant, Robert Moran, answers this Third Amended Complaint, but in doing so, does not waive any rights with respect to filing a motion to dismiss any claims asserted in Plaintiffs' Third Amended Complaint. As discussed at the recent status conference held on November 13, 2006, Defendant, Robert Moran, reserves his right to file such motion to dismiss following class certification discovery.  Defendant also reserves its right to file a motion to deny class certification.

the Plaintiffs' Introduction states any claim against
Defendant Robert Moran, it is denied.

**PARTIES**

1.  The Defendant admits the allegations contained in Paragraph
    One of the Plaintiffs' Third Amended Complaint.

2.  The Defendant admits the allegations contained in Paragraph
    Two of the Plaintiffs' Third Amended Complaint.

3.  The Defendant admits the allegations contained in Paragraph
    Three of the Plaintiffs' Third Amended Complaint.

4.  The Defendant admits the allegations contained in Paragraph
    Four of the Plaintiffs' Third Amended Complaint.

5.  The Defendant admits the allegations contained in Paragraph
    Five of the Plaintiffs' Third Amended Complaint.

6.  The Defendant admits the allegations contained in Paragraph
    Six of the Plaintiffs' Third Amended Complaint.

7.  The Defendant admits the allegations contained in Paragraph
    Seven of the Plaintiffs' Third Amended Complaint.

8.  The Defendant admits the allegations contained in Paragraph
    Eight of the Plaintiffs' Third Amended Complaint.

9.  The Defendant admits the allegations concerning Robert Moran's position with the Boston Fire Department contained in Paragraph Nine of the Plaintiffs' Third Amended Complaint. The remaining portion of this paragraph is a legal conclusion and does not require a response from the Defendant.

10. The Defendant admits the allegations concerning Joseph Finn's position with the Boston Fire Department contained in Paragraph Ten of the Plaintiffs' Third Amended Complaint. The remaining portion of this paragraph is a legal conclusion and does not require a response from the Defendant.

11. The Defendant admits the allegations concerning Ronald Keating's position with the Boston Fire Department contained in Paragraph Eleven of the Plaintiffs' Third Amended Complaint. The remaining portion of this paragraph is a legal conclusion and does not require a response from the Defendant.

12. The Defendant admits the allegations concerning Paul Christian's position with the Boston Fire Department contained in Paragraph Twelve of the Plaintiffs' Third Amended Complaint. The remaining portion of this paragraph is a legal conclusion and does not require a response from the Defendant.

13. The Defendant admits the allegations concerning Roderick
    Frazer Jr.'s position with the Boston Fire Department
    contained in Paragraph Thirteen of the Plaintiffs' Third
    Amended Complaint. The remaining portion of this paragraph is
    a legal conclusion and does not require a response from the
    Defendant.

14. The Defendant admits the allegations concerning William
    Kessler's position with the City of Boston contained in
    Paragraph Fourteen of the Plaintiffs' Third Amended
    Complaint. The remaining portion of this paragraph is a legal
    conclusion and does not require a response from the
    Defendant.

15. The Defendant admits the allegations concerning William
    Hitchcock's position with the Boston Fire Department
    contained in Paragraph Fifteen of the Plaintiffs' Third
    Amended Complaint. The remaining portion of this paragraph is
    a legal conclusion and does not require a response from the
    Defendant.

16. The Defendant admits the allegations contained in Paragraph
    Eleven of the Plaintiffs' Third Amended Complaint.

17. The Defendant lack sufficient knowledge to either admit or deny the allegations contained in Paragraph Seventeen of the Plaintiffs' Third Amended Complaint.

**JURISDICTION**

18. Paragraph Eighteen of Plaintiffs' Third Amended Complaint contains a statement of jurisdiction, and as such does not require a response.  To the extent that the Plaintiffs' statement of jurisdiction states any claim against Defendant, it is denied.

19. Paragraph Nineteen of Plaintiffs' Third Amended Complaint contains a statement of jurisdiction, and as such does not require a response.  To the extent that the Plaintiffs' statement of jurisdiction states any claim against Defendant, it is denied.

**CLASS ACTION ALLEGATIONS**

The Defendant denies that the Plaintiffs are a class, as defined in Rule 23 of the Federal Rules of Civil Procedure and cases interpreting this rule, and this issue is the subject of Defendant's forthcoming Motion to Deny Class Certification.

20. Paragraph Twenty of the Plaintiffs' Third Amended Complaint asserts a legal principle and does not require a response.

21. Paragraph Twenty-One of the Plaintiffs' Third Amended Complaint asserts a legal conclusion and does not require a response. Insofar as this paragraph may allege certain facts or claims against the Defendant, those allegations are denied.

22. The Defendant denies all facts alleged in Paragraph Twenty-Two of the Plaintiffs' Third Amended Complaint.

23. The Defendant denies the allegations and conclusions contained in Paragraph Twenty-Three of the Plaintiffs' Third Amended Complaint and lack sufficient knowledge as to the representations of the Plaintiffs' attorney and his prior experience.

24. The Defendant denies the allegations and conclusions contained in Paragraph Twenty-Four of the Plaintiffs' Third Amended Complaint.

25. The Defendant denies the allegations and conclusions contained in Paragraph Twenty-Five of the Plaintiffs' Third Amended Complaint.

26. The Defendant denies the allegations and conclusions contained in Paragraph Twenty-Six of the Plaintiffs'

Third Amended Complaint.

27. The Defendant denies the allegations and conclusions contained in Paragraph Twenty-Seven of the Plaintiffs' Third Amended Complaint.

28. The Defendant denies the allegations contained in Paragraph Twenty-Eight of the Plaintiffs' Third Amended Complaint.

**FACTS COMMON TO ALL COUNTS**

29. The Defendant admits the allegations contained in Paragraph Twenty Nine of the Plaintiffs' Third Amended Complaint.

30. The Defendant denies the allegations and conclusions contained in Paragraph Thirty of the Plaintiffs' Third Amended Complaint.

31. The Defendant admits as to the hiring of Robert J. Moran but denies the allegations and conclusions contained in the remainder of Paragraph Thirty-One of the Plaintiffs' Third Amended Complaint.

32. The Defendant denies the allegations and conclusions contained in Paragraph Thirty-Two of the Plaintiffs' Third Amended Complaint.

33. The Defendant denies the allegations and conclusions
    contained in Paragraph Thirty-Three of the Plaintiffs'
    Third Amended Complaint.

34  a. – n. The Defendant denies the allegations and conclusions
    contained in Paragraph Thirty (a) through (n) of the
    Plaintiffs' Third Amended Complaint.

35. The Defendant denies the allegations and conclusions
    contained in Paragraph Thirty-Five of the Plaintiffs' Third
    Amended Complaint.

36. The Defendant denies allegations and conclusions contained in
    Paragraph Thirty-Six of the Plaintiffs' Third Amended
    Complaint.

37. The Defendant denies the allegations and conclusions
    contained in Paragraph Thirty-Seven of the Plaintiffs' Third
    Amended Complaint.

38. The Defendant denies the allegations and conclusions
    contained in Paragraph Thirty-Eight of the Plaintiffs' Third
    Amended Complaint.

39. The Defendant denies the allegations and conclusions contained in Paragraph Thirty-Nine of the Plaintiffs' Third Amended Complaint.

40. The Defendant denies the allegations and conclusions contained in Paragraph Forty of the Plaintiffs' Third Amended Complaint.

41. The Defendant denies the allegations and conclusions contained in Paragraph Forty-One of the Plaintiffs' Third Amended Complaint.

42. Defendant denies the allegations and conclusions contained in Paragraph Forty-Two of the Plaintiffs' Third Amended Complaint.

43. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Forty-Three of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

44. The Defendant denies the allegations and conclusions contained in Paragraph Forty-Four of the Plaintiffs' Third Amended Complaint.

45. The Defendant denies the allegations and conclusions contained in Paragraph Forty-Five of the Plaintiffs' Third Amended Complaint.

46. Defendant admits that Plaintiff Barry began employment with the BFD on the date stated and with the title stated, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Forty-Six of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

47. Defendant denies the final sentence of Paragraph Forty-seven of the Plaintiff's Third Amended Complaint. Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph Forty-seven of the Plaintiff's Third Amended Complaint that another unspecified employee received an upgrade as alleged, and therefore neither admits nor denies said allegations. Answering further, Defendant admits the remaining allegations contained in Paragraph Forty-seven of the Plaintiff's Third Amended Complaint.

48. The Defendant denies the allegations contained in Paragraph Forty-Eight of the Plaintiffs' Third Amended Complaint.

49. The Defendant admits the allegations and conclusions contained in Paragraph Forty-Nine of the Plaintiffs' Third Amended Complaint.

50. Defendant admits that Plaintiff Barry applied for the position described and was interviewed and admits that Ms. Urso was hired.  Answering further, Defendant denies that Ms. Urso was unqualified and that either Defendant Moran or Defendant Christian made the hiring decision for the position.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Fifty of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

51.  Defendant denies the allegations contained in Paragraph Fifty-one of the Plaintiffs' Third Amended Complaint.

52.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty of the Plaintiff's First Amended Complaint.

53. The Defendant denies the allegations and conclusions contained in Paragraph Fifty-Three of the Plaintiffs' Third Amended Complaint.

54. Defendant admits that Plaintiff Barry was appointed temporarily to an MM-5 position.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Fifty-Four of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

55. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-Five of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

56. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-Six of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

57. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-Seven of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

58.  Defendant is without knowledge or information sufficient to
     form a belief as to the truth of the allegations contained
     in Paragraph Fifty-Eight of the Plaintiffs' Third Amended
     Complaint, and therefore neither admits nor denies said
     allegations.

59.  Defendant is without knowledge or information sufficient to
     form a belief as to the truth of the allegations contained
     in Paragraph Fifty-Nine of the Plaintiffs' Third Amended
     Complaint, and therefore neither admits nor denies said
     allegations.

60.  Defendant is without knowledge or information sufficient to
     form a belief as to the truth of the allegations contained
     in Paragraph Sixty of the Plaintiffs' Third Amended
     Complaint, and therefore neither admits nor denies said
     allegations.

61.  Defendant is without knowledge or information sufficient to
     form a belief as to the truth of the allegations contained
     in Paragraph Sixty-One of the Plaintiffs' Third Amended
     Complaint, and therefore neither admits nor denies said
     allegations.

62.   Defendant is without knowledge or information sufficient to
      form a belief as to the truth of the allegations contained
      in Paragraph Sixty-Two of the Plaintiffs' Third Amended
      Complaint, and therefore neither admits nor denies said
      allegations.

63.   Defendant is without knowledge or information sufficient to
      form a belief as to the truth of the allegations contained
      in Paragraph Sixty-Three of the Plaintiffs' Third Amended
      Complaint, and therefore neither admits nor denies said
      allegations.

64.   Defendant is without knowledge or information
      sufficient to form a belief as to the truth of the
      allegations contained in Paragraph Sixty-Four of the
      Plaintiffs' Third Amended Complaint, and therefore neither
      admits nor denies said allegations.

65.   Defendant is without knowledge or information sufficient to
      form a belief as to the truth of the allegations contained
      in Paragraph Sixty-Five of the Plaintiffs' Third Amended
      Complaint, and therefore neither admits nor denies said
      allegations.

66.  Defendant denies the allegations contained in Paragraph
     Sixty-Six of the Plaintiffs' Third Amended Complaint.


67. Defendant admits the allegations to the allegations
    contained in Paragraph Sixty-Seven of the Plaintiffs' Third
    Amended Complaint to the extent that Plaintiff Green was
    present as a shop steward, but denies the remaining
    allegations contained in Paragraph Sixty-Seven of the
    Plaintiffs' Third Amended Complaint.


68. Defendant denies the allegations contained in Paragraph
    Sixty-Eight of the Plaintiffs' Third Amended Complaint.


69. Defendant admits that the person hired was Mr. McKenzie and
    that he did not live within the City  of Boston at the time
    of his hire and lived in Maryland.  Answering further,
    Defendant denies that residency is a requirement at the time
    of hire and that Mr. McKenzie represented that he was a
    resident.  Answering further, Defendant is without knowledge
    or information sufficient to form a belief as to the truth of
    the allegations contained in Paragraph Sixty-Nine of the
    Plaintiffs' Third Amended Complaint.


70. Defendant is without knowledge or information
    sufficient to form a belief as to the truth of the
    allegations contained in Paragraph Seventy of the Plaintiffs'

Third Amended Complaint, and therefore neither admits nor denies said allegations.

71. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seventy-One of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

72. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seventy-two of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

73. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seventy-three of the Plaintiff's First Amended Complaint, and therefore neither admits nor denies said allegations.

74. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seventy-Four of the Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

75.  Defendant is without knowledge or information
     sufficient to form a belief as to the truth of the
     allegations contained in Paragraph Seventy-Five of the
     Plaintiffs' Third Amended Complaint, and therefore
     neither admits nor denies said allegations.

76.  Defendant is without knowledge or information sufficient
     to form a belief as to the truth of the allegations
     contained in Paragraph Seventy-Six of the Plaintiffs'
     Third Amended Complaint, and therefore, neither admits
     nor denies said allegations.

77.  Defendant is without knowledge sufficient to form a belief
     as to the truth of the allegations contained in Paragraph
     Seventy-Seven of the Plaintiffs' Third Amended Complaint,
     and therefore neither admits nor denies said allegations.

78.  Defendant admits the allegations contained in Paragraph
     Seventy-Eight of the Plaintiffs' Third Amended Complaint,
     except that it is without knowledge or information
     sufficient to form a belief as to the truth of the
     allegations contained in Paragraph Seventy-Eight of the
     Plaintiffs' Third Amended Complaint that any or all
     individual defendants made such decision, and therefore
     neither admits nor denies said allegations.

79.   Defendant denies the allegations contained in Paragraph
      Seventy-Nine of Plaintiffs' Third Amended Complaint, and
      therefore neither admits nor denies said allegations.

80.   Defendant is without knowledge or information sufficient
      to form a belief as to the truth of the allegations
      contained in Paragraph Eighty of Plaintiffs' Third
      Amended Complaint, and therefore neither admits nor
      denies said allegations.

81.   Defendant is without knowledge or information sufficient
      to form a belief as to the truth of the allegations
      contained in Paragraph Eighty-One of Plaintiffs' Third
      Amended Complaint, and therefore neither admits nor
      denies said allegations.

82.   Defendant denies the allegations contained in Paragraph
      Eighty-two of Plaintiffs' Third Amended Complaint.

83.   Defendant denies the allegations contained in Paragraph
      Eighty-three of Plaintiffs' Third Amended Complaint.

84.   Defendant denies the allegations contained in Paragraph
      Eighty-Four of Plaintiffs' Third Amended Complaint.

85.   The Defendant denies the allegations and conclusions contained in Paragraph Eighty-Five of the Plaintiffs' Third Amended Complaint.

86.   The Defendant denies the allegations and conclusions contained in Paragraph Eighty-Six of the Plaintiffs' Third Amended Complaint.

87.   The Defendant denies the allegations and conclusions contained in Paragraph Eighty-Seven of the Plaintiffs' Third Amended Complaint.

88.   The Defendant admits to the allegations contained in Paragraph Eighty-Eight of the Plaintiffs' Third Amended Complaint.

89.   Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eighty-Nine of Plaintiff's Third Amended Complaint that victims are advised to seek assistance through Plaintiff Green. Answering further, Defendant admits the remaining allegations contained in Paragraph Eighty-Nine of Plaintiffs' Third Amended Complaint.

90.  Defendant states that it is without knowledge or
     information sufficient to form a belief as to the truth
     of the allegation contained in Paragraph Ninety of
     Plaintiff's Third Amended Complaint.

91.  The Defendant denies the allegations and conclusions
     contained in Paragraph Ninety-One of the Plaintiffs'
     Third Amended Complaint.

92.  The Defendant admits to the address where the Plaintiff
     Green was based on or before December 27, 2004, but denies
     the allegations and conclusions contained in the remainder
     of Paragraph Ninety-Two of the Plaintiffs' Third Amended
     Complaint.

93.  Defendant admits the stated location of the Fire
     Investigation Unit, but is without knowledge or information
     sufficient to form a belief as to the truth of the
     remaining allegations contained in Paragraph Ninety-three
     of Plaintiffs' Third Amended Complaint, and therefore
     neither admits nor denies said allegations.

94.  The Defendant admits to the relocation of the Fire Reports
     section of the Fire Prevention Division but denies the
     remaining allegations and conclusions contained in Paragraph
     Ninety-Four of the Plaintiffs' Third Amended Complaint.

95. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Ninety-Five of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

96. The Defendant denies the allegations and conclusions contained in Paragraph Ninety-Six of the Plaintiffs' Third Amended Complaint.

97. The Defendant denies the allegations and conclusions contained in Paragraph Ninety-Seven of the Plaintiffs' Third Amended Complaint.

98. Defendant denies the allegations contained in Paragraph Ninety-Eight of Plaintiffs' Third Amended Complaint.

99. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph Ninety-Nine of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

100. Defendant denies that it engages in business, but admits the remaining allegations contained in Paragraph One Hundred of Plaintiffs' Third Amended Complaint.

101. Defendant denies that Green's location hampers her job performance.  Answering further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph One Hundred and One of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

102. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Two of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

103. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Three of the Plaintiffs' Third Amended Complaint.

104. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Four of the Plaintiffs' Third Amended Complaint.

105. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Five of the Plaintiffs' Third Amended Complaint.

106. The Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Six of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

107. The Defendant admits the allegations and conclusions contained in Paragraph One Hundred and Seven of the Plaintiffs' Third Amended Complaint.

108. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Eight of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

109. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Nine of the Plaintiffs' Third Amended Complaint.

110. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Ten of the Plaintiffs' Third Amended Complaint.

111. Defendant is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained
in Paragraph One Hundred and Eleven of the Plaintiffs'
Third Amended Complaint.

112. The Defendant denies the allegations and conclusions
contained in Paragraph One Hundred and Twelve of the
Plaintiffs' Third Amended Complaint.

113. The Defendant denies the allegations and conclusions
contained in Paragraph One Hundred and Thirteen of the
Plaintiffs' Third Amended Complaint.

114. The Defendant denies the allegations and conclusions
contained in Paragraph One Hundred and Fourteen of the
Plaintiffs' Third Amended Complaint.

115. The Defendant admits the allegations and conclusions
contained in Paragraph One Hundred and Fifteen of the
Plaintiffs' Third Amended Complaint.

116. The Defendant is without knowledge or information sufficient
to form a belief as to the truth of the allegations
contained in Paragraph One Hundred and Sixteen of
Plaintiffs' Third Amended Complaint, and therefore neither
admits nor denies said allegations.

117. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Seventeen of the Plaintiffs' Third Amended Complaint.

118. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Eighteen of the Plaintiffs' Third Amended Complaint.

119. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Nineteen of the Plaintiffs' Third Amended Complaint.

120. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Twenty of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

121. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Twenty-One of the Plaintiffs' Third Amended Complaint.

122. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Twenty-Two of the Plaintiffs' Third Amended Complaint.

123. The Defendant admits to the allegations contained in
     Paragraph One Hundred and Twenty-Three of the Plaintiffs'
     Third Amended Complaint.

124. The Defendant is without knowledge or information sufficient
     to form a belief as to the truth of the allegations
     contained in Paragraph One Hundred and Twenty-Four of
     Plaintiffs' Third Amended Complaint, and therefore neither
     admits nor denies said allegations.

125. The Defendant denies the allegations and conclusions
     contained in Paragraph One Hundred and Twenty-Five of the
     Plaintiffs' Third Amended Complaint.

126. The Defendant denies the allegations and conclusions
     contained in Paragraph One Hundred and Twenty-Six of the
     Plaintiffs' Third Amended Complaint.

127. The Defendant is without knowledge or information sufficient
     to form a belief as to the truth of the allegations
     contained in Paragraph One Hundred and Twenty-Seven of the
     Plaintiffs' Third Amended Complaint, and therefore neither
     admits nor denies said allegations.

128. Defendant is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained
in Paragraph One Hundred and Twenty-Eight of Plaintiffs'
Third Amended Complaint, and therefore neither admits nor
denies said allegations.

129. The Defendant is without knowledge or information
sufficient to form a belief as to the truth of the
allegations contained in Paragraph One Hundred and Twenty-
Nine of Plaintiffs' Third Amended Complaint, and therefore
neither admits nor denies said allegations.

130. The Defendant denies the allegations and conclusions
contained in Paragraph One Hundred and Thirty of the
Plaintiffs' Third Amended Complaint.

131. The Defendant denies the allegations and conclusions
contained in Paragraph One Hundred and Thirty-One of the
Plaintiffs' Third Amended Complaint.

132. The Defendant admits to the facts contained in Paragraph One
Hundred and Thirty-Two of the Plaintiffs' Third Amended
Complaint.

133. Defendant is without knowledge or information sufficient to
form a belief as to the truth of the allegations contained
in Paragraph One Hundred and Thirty-three of Plaintiffs'

Third Amended Complaint, and therefore neither admits nor
denies said allegations.

134. The Defendant denies the allegations and conclusions
contained in Paragraph One Hundred and Thirty-Four of the
Plaintiffs' Third Amended Complaint.

135. The Defendant denies the allegations and conclusions
contained in Paragraph One Hundred and Thirty-Five of the
Plaintiffs' Third Amended Complaint.

136. The Defendant denies the allegations and conclusions
contained in Paragraph One Hundred and Thirty-Six of the
Plaintiffs' Third Amended Complaint.

137. The Defendant denies the allegations and conclusions
contained in Paragraph One Hundred and Thirty-Seven of the
Plaintiffs' Third Amended Complaint.

138. The Defendant admits to the facts contained in Paragraph One
Hundred and Thirty-Eight of the Plaintiffs' Third Amended
Complaint.

139.  Defendant is without knowledge or information sufficient to
form a belief as to the truth of the allegations contained
in Paragraph One Hundred and Thirty-nine of Plaintiffs'

Third Amended Complaint, and therefore neither admits nor denies said allegations.

140. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Forty of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

141. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Forty-One of the Plaintiffs' Third Amended Complaint.

142. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Forty-Two of the Plaintiffs' Third Amended Complaint.

143. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Forty-Three of the Plaintiffs' Third Amended Complaint.

144. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Forty-Four of the Plaintiffs' Third Amended Complaint.

145. The Defendant admits to the facts contained in Paragraph One Hundred and Forty-Five of the Plaintiffs' Third Amended Complaint.

146. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Forty-Six of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

147. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Forty-Seven of the Plaintiffs' Third Amended Complaint.

148. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Forty-Eight of the Plaintiffs' Third Amended Complaint.

149. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One Hundred and Forty-Nine of Plaintiffs' Third Amended Complaint, and therefore neither admits nor denies said allegations.

150. The Defendant denies the allegations and conclusions
     contained in Paragraph One Hundred and Fifty of the
     Plaintiffs' Third Amended Complaint.

151. The Defendant denies the allegations and conclusions
     contained in Paragraph One Hundred and Fifty-One of the
     Plaintiffs' Third Amended Complaint.

152. The Defendant admits to the allegations contained in
     Paragraph One Hundred and Fifty-Two of the Plaintiffs'
     Third Amended Complaint.

153. Defendant is without knowledge or information sufficient to
     form a belief as to the truth of the allegations contained
     in Paragraph One Hundred and Fifty-three of Plaintiffs'
     Third Amended Complaint, and therefore neither admits nor
     denies said allegations.

154. Defendant is without knowledge or information sufficient to
     form a belief as to the truth of the allegations contained
     in Paragraph One Hundred and Fifty-four of Plaintiffs'
     Third Amended Complaint, and therefore neither admits nor
     denies said allegations.

155. Defendant is without knowledge or information sufficient to

form a belief as to the truth of the allegations contained
in Paragraph One Hundred and Fifty-five of Plaintiffs'
Third Amended Complaint, and therefore neither admits nor
denies said allegations.

156. The Defendant denies the allegations and conclusions
contained in Paragraph One Hundred and Fifty-Six of the
Plaintiffs' Third Amended Complaint.

157. The Defendant denies the allegations and conclusions
contained in Paragraph One Hundred and Fifty-Seven of the
Plaintiffs' Third Amended Complaint.

158. The Defendant denies the allegations and conclusions
contained in Paragraph One Hundred and Fifty-Eight of the
Plaintiffs' Third Amended Complaint.

159. The Defendant denies the allegations and conclusions
contained in Paragraph One Hundred and Fifty-nine of the
Plaintiffs' Third Amended Complaint.

## CLAIMS

### First Cause of Action[2]

---

[2] As to the First Cause of Action, Defendant states further per this
Court's prior Order of Defendant's motion to dismiss, Plaintiffs' claim
can only be asserted against Defendant in his individual capacity only.

160. The Defendant incorporates by reference his responses to paragraphs 1 through 159 of the Plaintiffs' Third Amended Complaint.

161. This paragraph states a legal conclusion which does not require a response from the Defendant.

162. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Sixty-Two of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' First Cause of Action.

163. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Sixty-Three of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' First Cause of Action.

164. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Sixty-Four of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' First Cause of Action.

### Second Cause of Action

165. The Defendant incorporates by reference his responses to paragraphs 1 through 164 of the Plaintiffs' Third Amended Complaint.

166. This paragraph states a legal conclusion which does not require a response from the Defendant.

167. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Sixty-Seven of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' Second Cause of Action.

168. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Sixty-Eight of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' Second Cause of Action.

## Third Cause of Action

169. The Defendant incorporates by reference his responses to paragraphs 1 through 168 of the Plaintiffs' Third Amended Complaint.

170. This paragraph states a legal conclusion which does not require a response from the Defendant.

171. This paragraph states a legal theory of recovery which does not require a response from the Defendant.

172. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Seventy-Two of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' Third Cause of Action.

173. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Seventy-Three of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' Third Cause of Action.

174. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Seventy-Four of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' Third Cause of Action.

## Fourth Cause of Action

Defendant states that per Court Order, Plaintiffs' claim in their alleged Fourth Cause of Action was dismissed as to Defendant Hitchcock. Accordingly, no response by Defendant Hitchcock is required. Nonetheless, the Defendant provides responses set forth below.

175. The Defendant incorporates by reference his responses to paragraphs 1 through 174 of the Plaintiffs' Third Amended Complaint.

176. This paragraph states a legal conclusion which does not require a response from the Defendant.

177. This paragraph states a legal theory of recovery which does not require a response from the Defendant.

178. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Seventy-Eight of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' Fourth Cause of Action.

179. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Seventy-Nine of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' Fourth Cause of Action.

180. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Eighty of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' Fourth Cause of Action.

### Sixth Cause of Action [sic][3]

The Plaintiffs' cause of action for intentional infliction of emotional distress was dismissed by this Court as to Plaintiff

---

[3] Plaintiffs' apparently have misnumbered their claims in their Third Amended Complaint. Their Complaint skips from their Fourth Cause of Action to their Sixth Cause of Action.

Green and the Defendant is not required to file any response to paragraphs 181-187 as to Plaintiff Green.

181.  The Defendant incorporates by reference his responses to paragraphs 1 through 180 of the Plaintiffs' Third Amended Complaint.

182.  This paragraph states a legal conclusion which does not require a response from the Defendant.

183.  This paragraph states a legal conclusion which does not require a response from the Defendant.

184.  The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Eighty-Four of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' Sixth Cause of Action.

185.  The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Eighty-Five of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' Sixth Cause of Action.

186.  The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Eighty-Six of the

Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' Sixth Cause of Action.

187. The Defendant denies the allegations and conclusions contained in Paragraph One Hundred and Eighty-Seven of the Plaintiffs' Third Amended Complaint and as they relate to the Plaintiffs' Sixth Cause of Action.

## Seventh Cause of Action

Defendant states that per Court Order, Plaintiffs' claim in their alleged Seventh Cause of Action was dismissed as to Defendant Hitchcock. Accordingly, no response by Defendant Hitchcock is required. Nonetheless, the Defendant provides responses set forth below.

188. The Defendant incorporates by reference his responses to paragraphs 1 through 187 of the Plaintiffs' Third Amended Complaint.

189. This paragraph states a legal conclusion which does not require a response from the Defendant.

190. This paragraph states a legal theory of recovery which does not require a response from the Defendant.

191. The Defendant denies the allegations and conclusions
contained in Paragraph One Hundred and Ninety-One of the
Plaintiffs' Third Amended Complaint and as they relate to
the Plaintiffs' Seventh Cause of Action.

## PRAYER FOR RELIEF

To the extent that the Plaintiffs make any allegation or
states any claim against the Defendant in its Prayer for Relief,
it is denied.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

The Defendant states that Plaintiffs' Third Amended
Complaint fails to state a claim upon which relief may be granted
against the Defendant.

### *Second Affirmative Defense*

The Defendant states that the First Amended Complaint fails
to state a claim entitling the Plaintiffs to relief because he is
entitled to qualified immunity.

### *Third Affirmative Defense*

The Defendant states that at all relevant times, he acted
in good faith and in accord with the Constitutions and laws of
the United States and of the Commonwealth of Massachusetts.

L-0115/ans-2.doc

### Fourth Affirmative Defense

The Defendant states that the Plaintiffs have not been deprived of any rights secured by either the Constitutions or the laws of the United States, or of the Commonwealth of Massachusetts.

### Fifth Affirmative Defense

The Defendant states that the injury or damage alleged in Plaintiffs' Complaint was neither caused nor proximately caused by Defendant, its agents or employees.

### Sixth Affirmative Defense

Defendant states that pursuant to G.L. c.258, he is immune from suit and not liable for any alleged negligent or alleged negligent supervisory conduct.

### Seventh Affirmative Defense

Defendant states that Plaintiffs' claims are barred because Plaintiffs failed to exhaust their administrative remedies.

### Eighth Affirmative Defense

Plaintiffs, by their conduct and/or actions, or by the conduct and/or actions of their agents and servants have waived any and all rights they may have against the Defendant.

### *Ninth Affirmative Defense*

Defendant states that his actions, if any, were justified and therefore Plaintiff cannot recover.

### *Tenth Affirmative Defense*

Defendant states that the Plaintiffs, by their own acts, omissions, conduct and activities are estopped from asserting any claims against the Defendant.

### *Eleventh Affirmative Defense*

Defendant states that no alleged speech of the Plaintiffs was protected as relating to a matter of public concern.

### *Twelfth Affirmative Defense*

The Plaintiffs' claims are barred by the applicable Statute of Limitations.

### *Thirteenth Affirmative Defense*

The Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

### *Fourteenth Affirmative Defense*

The Plaintiffs' claim under the Massachusetts Whistleblower Statute, G.L. c. 149, § 185, is barred because that statute does not permit recovery against individuals. "The Whistleblower

statute permits only an 'employer' to be sued, not individual supervisors." <u>Bennett v. City of Holyoke</u>, 230 F. Supp. 2d 207, 221 (D. Mass. 2002), <u>aff'd by Bennett v. City of Holyoke</u>, 362 F.3d 1 (1st. Cir. 2004) (omitting citations).

### *Fifteenth Affirmative Defense*

The Plaintiffs' claims are barred in whole or in part per the Court's prior order dismissing Plaintiffs' claims.

### *Sixteenth Affirmative Defense*

Defendant at all times acted in good faith upon reasonable belief and any alleged actions of Defendant were required and in compliance with all relevant laws and circumstances.

### *Seventeenth Affirmative Defense*

Plaintiffs' injuries, if any, were proximately caused by their own intentional conduct and not by the conduct of the Defendant.

### **JURY CLAIM**

Defendant, Robert Moran, demands a trial by jury on all claims.

L-0115/ans-2.doc

Respectfully submitted,

DEFENDANT, ROBERT MORAN,
by his attorneys,


William F. Sinnott
Corporation Counsel


By:  /s/ Helen G. Litsas____
     Helen G. Litsas BBO# 644848
     Assistant Corporation Counsel
     Scott C. Holmes BBO# 544545
     City of Boston Law Department
     Room 615, Boston City Hall
     Boston, Massachusetts  02201
     (617)635-4023 (Litsas)
     (617)635-4042 (Holmes)


**CERTIFICATE OF SERVICE**

**I hereby certify that on this day a true copy of the above document was served upon the plaintiff by electronic filing.**

**12/30/06**                              **/s/ Helen G. Litsas**

L-0115/ans-2.doc                          43