UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENISE M. BARRY; JANE B. GREEN; ELIZABETH H. GOLDEN; PATRICIA J. McDONOUGH; ELAINE MESITI; LILA BROWN; MARY M. KANE; and JUDITH A. KELLEY, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERT J. MORAN; RONALD KEATING; PAUL A. CHRISTIAN; RODERICK FRASER, Jr.; WILLIAM KESSLER; WILLIAM HITCHCOCK; CITY OF BOSTON (FIRE DEPARTMENT), and JOHN and/or JANE DOES 1-50,<br><br>Defendants. | CIVIL NO. 05-10528 RCL |

## MOTION TO COMPEL

Plaintiffs Denise Barry, Jane Green, Elizabeth Golden, Patricia McDonough, Elaine Mesiti, Lila Brown, Mary Kane, and Judith Kelley, individually and on behalf of all those similarly situated, by and through their undersigned counsel, hereby request, pursuant to Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure, an order compelling Peter Laiza, Mary Kilgallen, and Mary Ann McHugo, to be available for deposition pursuant to Plaintiff's Notices of Deposition served on Defendants on 7 March 2007.

Under Rule 23 of the Federal Rules of Civil Procedure, a plaintiff must show that:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are common questions of law and fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

See Fed. R. Civ. P. 23 (a).  In addition, a plaintiff must show that:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

See Fed. R. Civ. P. 23 (b).

Defendants have informed Plaintiffs' counsel that they will refuse to produce for deposition Peter Laiza, Mary Kilgallen, and Mary Ann McHugo.  The only rationale provided is the supposition that none of the three would have relevant information, (or, presumably, information likely to lead to relevant information) regarding the class certification issues.

The present round of discovery is limited to the issues surrounding class certification and key aspects of certification is identifying the commonalities of the claims among the potential class

members. Plaintiffs are informed and believes that Peter Laiza, Mary Kilgallen, ans Mary Ann McHugo have information as to numerosity of the class and the commonness of the factual and legal questions as to the proposed Class.

Peter Laiza especially, as a long-time employee and Deputy Chief of the Boston Fire Department, has direct knowledge of whether "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Deputy Chief Laiza has such knowledge. On or about 7 September 2004, Chief Laizza called Denise Barry and told her that he thinks Bob Moran is retaliating against her for her criticism of the political affiliation discrimination rampant in the BFD. Barry asked, "what are you talking about?" Laizza said, "Bob just called over here and asked all kinds of questions about Jane Green and Carol Connors' positions."

Denise Barry reported that on or about 21 December 2004, Peter Laizza went into the Commissioner's office, in which the Commissioner, Chief Hitchcock, and Bob Moran were all there. They asked Laiza if he told Jane Green to report to 1010 Mass. Ave., he said, "Yes, I did." Chief Laizza stated "to all of them that not only does Jane's Union want it in writing, but her lawyer too, before she moves." Laiza said, "that he let them know that this is pure retaliation and he will not be a part of it." Laiza said "the Commissioner said, "I want Jane Green out of this building, no ifs, and, or buts about it". Laiza said he stated to all of them that he was not putting it in writing and if they want her moved that they should write it themselves. Laiza said he stated that this looks like retaliation to me. The Commissioner responded "you're not a f,,,ing lawyer". Peter said he told the Commissioner "I didn't say that I was a f...ing lawyer, I am just telling you that I know the laws from working in Personnel, and retaliation is serious."

Peter Laizza said that he mentioned when subpoenas go out that he is not going under the

3

bus." He said the Commissioner said, "what are you talking about?" Laiza said that he stated, "you're doing this because Denise has a case against Bob and Jane is one of her witnesses". He said, the Commissioner said, "what case are you talking about?" Laiza said "Denise's case!" He said the Commissioner looked around at Chief Hitchcock and Bob Moran and they both stated that they didn't know anything about a case". Laiza said, "Denise I know that they know and they are playing dumb, but I just wanted to get out of there." Laiza said "on his way out of the Commissioner's office Bob Moran said "hey Peter what do you think? This is the start of getting rid of Jane Green".

On or about 23 December 2004, in response to the transfer of Jane Green, Peter Laizza said "If I get called as a witness I am going to make sure to state that I was ordered by Chief Finn and the Commissioner to sign the paper." Chief Laiza's information surely extends to the pattern and practice of the Boston Fire Department of issuing adverse employment deisions to those who do not have the correct political affiliation, sponsorship, or support. Although it is understandable why the Boston Fire Department would seek to hide Mr. Laiza's knowledge from scrutiny, failing to produce him for a deposition will cause substantial prejudice to Plaintiffs' ability to prosecute this action.

Similarly, Mary Kilgallen as one of the more recent and obviously political hires, with little or no qualifications for the job into which she was placed, has direct knowledge of the manner in which Defendants have "acted or refused to act on grounds generally applicable to the class." In other words, Mary Kilgallen has direct knowledge of the pattern and practice of discrimination practiced by the current administration because, aside from being one of the key political appointees that forced adverse employment decisions against the Class Members, she also had been a member of at least one interview panel for a political appointment, namely her own promotion, and thus is an integral part of the decision-making process.

4

Mary Ann McHugo is a similar political appointee who has direct knowledge of how Defendants "acted or refused to act on grounds generally applicable to the class."

Defendants have refused also to produce the names and addresses of potential class members. The names are important because it is helpful in determining what claims they may have and the addresses are important because often the political affiliation comes from being a neighbor of those in the current or prior administrations.

                                Respectfully submitted,

                                Plaintiffs Denise Barry, Jane Green, Elizabeth Golden, Patricia McDonough, Elaine Mesiti, Lila Brown, Mary Kane, and Judith Kelley
                                By their Attorney,

                                _____/s/ Thomas f. Feeney_____
                                Thomas F. Feeney (BBO #645605)
                                THOMAS F. FEENEY, COUNSELLOR AT LAW
                                39 Sheafe Street, Suite 1
                                Chestnut Hill, Massachusetts 02467

DATE: 13 April 2007                 (617) 277-5750

### Certificate of Service

I, Thomas F. Feeney, hereby certify that the Motion to Compel was served upon counsel of record for Defendants, via the Electronic Filing System, and U.S. Mail, First Class, Postage Prepaid, on 13 April 2007.