**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 05-10528-RCL**

DENISE M. BARRY; JANE B. GREEN;
ELIZABETH H. GOLDEN; PATRICIA J.
MCDONOUGH; ELAINE MESITI, LILA
BROWN; MARY M. KANE, and JUDITH A.
KELLEY, individually and on behalf of all those
similarly situated,
      Plaintiffs,

v.

ROBERT J. MORAN, PAUL A. CHRISTIAN,
WILLIAM KESSLER, RONALD KEATING,
JOSEPH FINN, WILLIAM HITCHCOCK,
CITY OF BOSTON FIRE DEPARTMENT, and
JOHN and/or JANE DOES 1-50.
      Defendants.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

**I.     INTRODUCTION**

The Defendants, Robert Moran, Ronald Keating, Paul Christian, Roderick Fraser, Jr.,

William Kessler, William Hitchcock, Joseph Finn and the City of Boston, (hereinafter

"Defendants") in the above captioned action hereby oppose Plaintiffs' Motion to Compel.

Plaintiffs seek to depose the individuals Peter Laizza ("Laizza"), Mary Kilgallen ("Kilgallen")

and Mary Ann McHugo ("McHugo").  Plaintiffs allege that these individuals have "relevant

information" regarding the class certification issues. Plaintiffs further seek the disclosure of

names and addresses of potential class members.

Litigation is currently in the pre-class certification discovery stage pursuant to the Court's

order.  Defendants' contend that Laizza, Kilgallen and McHugo may not be deposed at this stage

of litigation and that the disclosure of the names and addresses of potential class members does

not assist in the certification of the class.

## II.    ARGUMENT

In accordance with Rule 23(c)(1) the Court has an independent obligation to decide

whether an action brought on a class basis is to be made.  In the instant action discovery has been

limited to class certification per the Status Conference of 11/13/2006.  Further, class

determination is preferable before substantial discovery on the merits has been conducted. *Karan*

*v. Nabisco*, 78 F.R.D. 388, 396 (W.D. Penn. 1978). Therefore, to make early class determination

practicable and to serve the ends of fairness and efficiency, the court may direct the parties to

focus the initial discovery on matters pertaining to class questions. *Walker v. World Tire Corp.,*

563 F.2d 918, 921 (8th Cir. 1977).

Some discovery must be procured in order to determine whether the action may proceed

as a class action, and this is not a matter of ascertaining whether plaintiffs will win on the merits,

but whether the requirements of Rule 23 are met.  *Miller v. Mackey International,* 452 F.2d 424,

427 (5th Cir. 1971).

### A.    Plaintiffs May Not Depose Non-Party Witnesses At this Stage of Litigation

Depositions of Laizza, Kilgallen and McHugo go beyond the scope of pre-certification

discovery.  Plaintiffs can make no showing that the testimony to be obtained from Laizza,

Kilgallen and McHugo would be relevant to the issues of numerosity, commonality, typicality

and whether the Plaintiffs adequately represent the interests of the class – the prerequisites to

class certification.  With regards to Laizza, Plaintiffs direct this Court to one incident involving

Plaintiff Jane Green and a single alleged incident of retaliation against her.  However, Plaintiffs

have done no more than assert that "Chief Laiza's information *surely extends* to the pattern and

practice of the Boston Fire Department of issuing adverse employment decisions to those who do not have the correct political affiliation, sponsorship, or support." Similarly, Plaintiffs' make a blanket assertion that Kilgallen has knowledge as to pattern and practice "by the current administration" for what appears to be one incident. The same allegations are made with regards to McHugo. Surely, the persons with knowledge as to actions and the bases for said actions are the actors themselves, namely the Defendants or even the named Plaintiffs. Laizza, Kilgallen and McHugo are not decision makers. Furthermore, their testimony is not likely to lead to information necessary to support class certification.

**B.**        **Plaintiffs May Not Discover Names and Addresses of Job Applicants in Order to Support the Numerosity and Commonality Requirements**

Plaintiffs seek discovery of names and addresses of potential class members. Plaintiffs state that names are helpful in determining what claims they may have and the addresses will help determine the political affiliation by virtue of neighborhood. The Defendants provided, through automatic disclosure, the documents pertaining to the claims made by the Plaintiffs in their Third Amended Complaint. Specifically, the Defendants provided the contents of various job application files for which the named Plaintiffs claimed to have filed applications and perhaps interviewed but failed to be hired for. The identifying information, such as names and addresses, of all job applicants except for the named Plaintiffs were redacted to protect the privacy of these individuals. The Plaintiffs seek discovery of names and addresses for <u>all</u> individuals who applied for these jobs.

Even at this stage of litigation, without the names and addresses of the job applicants, Plaintiffs should have determined what claims they are planning to set forth under Fed.R.Civ.P. 23(a)(2). Under Fed.R.Civ.P 23(a)(2) requires that plaintiffs "demonstrate that there is at least one question of law or fact common to the class." *Collazo v. Calderon*, 212 F.R.D. 437, 442

(D.P.R. 2002) (citing J. Moore, Moore's Federal Practice § 23.23 (3d ed. 1997)).  In their Third Amended Complaint, Plaintiffs appear to allege their claims arise from the same course of conduct and are based upon the same legal theories.

The disclosure of the names and addresses of job applicants at this stage of litigation does not assist in class certification. Furthermore, said disclosure invades upon the privacy of these individuals.

## III.    CONCLUSION

For the foregoing reasons Defendants ask that this Honorable Court deny the Plaintiffs' Motion to compel the Depositions of Laizza, Kilgallen and McHugo and disclosure of names and addresses of job applicants.

Respectfully submitted,

DEFENDANTS,
by their attorneys,


William F. Sinnott
Corporation Counsel


By:    /s/  Scott Holmes
       Scott C. Holmes BBO# 544545
       Senior Assistant Corporation Counsel
       Karen A. Glasgow BBO# 648688
       Senior Assistant Corporation Counsel
       City of Boston Law Department
       Room 615, Boston City Hall
       Boston, Massachusetts  02201
       (617)635-4042 (Holmes)
       (617)635-3238(Glasgow)

4

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the plaintiff by electronic filing.

**April 20, 2007**                                        **/s/ Scott Holmes**