UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**CIVIL ACTION NO. 05-10528-RCL**

DENISE M. BARRY; JANE B. GREEN; ELIZABETH H. GOLDEN; PATRICIA J. MCDONOUGH; ELAINE MESITI, LILA BROWN; MARY M. KANE, and JUDITH A. KELLEY, individually and on behalf of all those similarly situated,
    Plaintiffs,

v.

ROBERT J. MORAN, PAUL A. CHRISTIAN, WILLIAM KESSLER, RONALD KEATING, JOSEPH FINN, WILLIAM HITCHCOCK, CITY OF BOSTON FIRE DEPARTMENT, and JOHN and/or JANE DOES 1-50.
    Defendants.

**STIPULATION OF THE PARTIES REGARDING PROTECTIVE ORDER**

    Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Parties to this action, by and through their respective counsel, hereby stipulate that they agree to the terms of the Protective Order attached hereto, and hereby submit a proposed Protective Order to the Court for endorsement and docketing.  As reasons for the Order, Documents in the possession, custody or control of the Defendants relevant to the Plaintiffs' claims contain personal, privileged and confidential information of residents of the City of Boston and employees of the Boston Fire Department who are not parties to this civil action. This Protective Order is designed to

1

guarantee the confidentiality of private information of the plaintiffs, defendants and other residents of the City of Boston.

        Respectfully submitted,

        DEFENDANTS,
        by their attorneys,


        William F. Sinnott
        Corporation Counsel

        /s/ Karen A. Glasgow
        _____
        Scott C. Holmes BBO# 544545
        Senior Assistant Corporation Counsel
        Karen A. Glasgow BBO# 648688
        Senior Assistant Corporation Counsel
        City of Boston Law Department
        Room 615, Boston City Hall
        Boston, Massachusetts  02201
        (617)635-4042 (Holmes)
        (617)635-3238(Glasgow)



        PLAINTIFFS, DENISE BARRY, et al,
        By their attorney,

        /s/ Thomas F. Feeney
        _____
        Thomas F. Feeney, Esq., BBO# 645605
        39 Sheafe Street, Suite 1
        Chestnut Hill, MA 02467
        617-277-5750

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**CIVIL ACTION NO. 05-10528-RCL**

DENISE M. BARRY; JANE B. GREEN; ELIZABETH H. GOLDEN; PATRICIA J. MCDONOUGH; ELAINE MESITI, LILA BROWN; MARY M. KANE, and JUDITH A. KELLEY, individually and on behalf of all those similarly situated,
    Plaintiffs,

v.

ROBERT J. MORAN, PAUL A. CHRISTIAN, WILLIAM KESSLER, RONALD KEATING, JOSEPH FINN, WILLIAM HITCHCOCK, CITY OF BOSTON FIRE DEPARTMENT, and JOHN and/or JANE DOES 1-50.
    Defendants.

**PROTECTIVE ORDER**

1.    With respect to the documents that will hereinafter be produced through discovery, the party producing such documents may identify such documents as being "Confidential Information." Documents containing such confidential information shall be clearly marked "CONFIDENTIAL."[1] Any party may challenge any other party's designation of a Document as Confidential Information upon motion to the Court. Until the Court rules on such motion, the party challenging the designation shall treat it as Confidential Information as provided in this Protective Order.

---

[1] A party identifying a group of documents as Confidential Information need not mark each page within the group, but may instead make a collective designation by: (1) marking the initial page, including reference to the total number of pages to be identified thereby as Confidential Information; and, (2) describing the group of documents so identified within the appendix created pursuant to Paragraph 1 (again including reference to the total number of pages comprising the group of documents so identified).

1

2. As to the Confidential Information produced or revealed pursuant to Paragraph 1, the parties and their attorneys shall use such Confidential Information only for purposes of this litigation and any administrative proceeding dealing with the same incident or occurrence, and for no other purposes, and shall not disclose such Confidential Information except to the following described groups of persons:

(i) The Court, under seal pursuant to the Court's granting of a Motion for Impoundment;

(ii) Attorneys of record for the parties, including their investigators, consultants, independent contractors, witnesses, employees directly assisting said attorneys of record and the parties;

(iii) Experts for the parties, provided the attorney of record first informs each expert that such Confidential Information to be disclosed is confidential, is to be held in confidence, and is to be used solely for the purpose of preparing for and presenting evidence in this litigation or administrative proceeding and further that these restrictions are imposed by a court order.

3. Each of the persons referred to in Paragraph 2(ii) to whom such Confidential Information is to be disclosed shall, prior to the disclosure, be informed of this Protective Order, and his or her obligation pursuant to this Order, and he or she shall agree to be bound by the terms of this Order.

4. Each of the experts referred to in Paragraph 2(iii) to whom such Confidential Information is to be disclosed shall, prior to the disclosure, be informed of this Protective Order, and his or her obligation pursuant to this Order, and he or she shall agree, in writing, to be bound by the terms of the Order.  Said writing shall be held in the possession of the expert and/or counsel.

5. The attorneys for the parties, their investigators, consultants, independent contractors and their employees and experts may make copies of the Confidential Information as needed in the litigation of this case or administrative proceeding.

6. The Confidential Information may be exhibited to deposition witnesses during their depositions and they may be questioned with respect to such Confidential Information during oral depositions; provided that to the extent that the transcript of any deposition or the exhibits thereto incorporate the Confidential Information, such transcript and any such exhibit shall be subject to the terms of this Protective Order in the same manner as Confidential Information.

7. Subject only to the applicable rules of evidence, the Confidential Information covered by this Protective Order shall be freely available for use at trial or in any related administrative proceeding by any party. Should a party wish to use Confidential Information in motion practice that party must move the court for permission to file said Confidential Information under seal.

8. By signing this Protective Order, the parties and their counsel specifically agree that any claim of privilege, confidentiality or admissibility into evidence is not waived or otherwise compromised.

9. Upon final termination of the above-entitled action whether by verdict, settlement, dismissal or other disposition, the provisions hereof relating to the Confidential Information shall continue to be binding upon all attorneys of record, their employees, deposition witnesses, experts and others, unless the document becomes part of the public record at trial. Further, upon final termination of the above-entitled action, the original Confidential Information, including those portions of the deposition transcripts and deposition exhibits containing the Confidential Information and also including any and all copies made of the original Confidential Information, shall be returned to the producing party upon their request within sixty (60) days.

10. This Order may be modified by further order of this Court upon application to the Court with notice.

11. Parties subject to this Protective Order shall not disclose the Confidential Information to anyone except parties, their attorneys' employees, witnesses and experts and investigators, consultants and independent contractors.

12. If a party seeks to establish that documents or information (or categories of documents or information) designated as confidential, previously or in the future, are not entitled to such status and protection, he shall inform opposing counsel of the basis of his objection. Within ten days thereafter, if the parties cannot resolve the dispute, the party opposing such designation shall bring the matter to the Court for resolution. The party designating the documents as confidential will bear the burden of establishing that a protective order concerning such documents or information is appropriate. See *Anderson v. Cryovac,* 805 F.2d 1 (1st Cir. 1986).

_____
Honorable Judith G. Dein
United States District Court

_____
Date