**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 05-10528-RCL**

DENISE M. BARRY; JANE B. GREEN; ELIZABETH H. GOLDEN; PATRICIA J. MCDONOUGH; ELAINE MESITI, LILA BROWN; MARY M. KANE, and JUDITH A. KELLEY, individually and on behalf of all those similarly situated,
    Plaintiffs,

v.

ROBERT J. MORAN, PAUL A. CHRISTIAN, RODERICK FRASER, Jr., WILLIAM KESSLER, RONALD KEATING, JOSEPH FINN, WILLIAM HITCHCOCK, CITY OF BOSTON FIRE DEPARTMENT, and JOHN and/or JANE DOES 1-50.
    Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS PURSUANT RULE 72(B) TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

**I. INTRODUCTION**

Pursuant to Fed. R. Civ. P. 72(b), Defendants Robert J. Moran, Ronald Keating, Paul A. Christian, Roderick Fraser, Jr., William Kessler, Ronald Keating, Joseph Finn, William Hitchcock, and the City Of Boston Fire Department, (collectively "Defendants"), by and through their undersigned attorneys, hereby file this response to the Plaintiffs' Objections to Report and Recommendation on Plaintiffs' Motion for Class Certification ("Objection"). In support of the response, the Defendants in this matter assert that the Report and Recommendation of Judge Dein ("Recommendation") correctly determined that the Plaintiffs' claims lack requisite commonality or typicality as required under Fed. R. Civ. P. 23(a). The Plaintiffs have failed to

meet their burden of satisfying the prerequisites of this rule and rely upon blanket assertions in their objection without genuine support from the facts or record in this case.[1]

In a well-reasoned opinion, Magistrate Judge Dein on April 7, 2008, recommended that the Plaintiffs' Motion for Class Certification be denied. *See* Recommendation, Doc. No. 83 at 28. The Defendants provide this Response to Plaintiffs' Objection to Report and Recommendations, Doc. No. 84, filed April 21, 2008, to reply to arguments made in the Plaintiffs' Objection. As is evident from Magistrate Judge Dein's Report and Recommendation, there is no basis to certify a class action in this matter. Rather, the Court should affirm the Magistrate Judge's findings and recommendation.

## II. FACTUAL BACKGROUND

The Defendants will not recite the underlying facts; instead they direct the Court to Magistrate Judge Dein's Recommendation which thoroughly discusses the pertinent facts for purposes of this matter, *See* Recommendation, at 4-18.

## III. ARGUMENT

### a. The Report And Recommendation Correctly Concludes That The Plaintiffs' Claims Lack Requisite Commonality Or Typicality As Required Under Fed. R. Civ. P. 23(a).

Despite the protests of the Plaintiffs, the Court reached the appropriate conclusion that there are no common facts that will bind this matter as a class action. By the very nature of the claims they assert, the Court was correct to conclude that the Plaintiffs' claims are highly individualized and demand a case-by-case review. The evidence offered in support of the Defendants' opposition to class certification was more than ample and clearly supported the determination that the Plaintiffs' claims lack the requisite commonality and typicality. Through

---

[1] The Defendants incorporate by reference the Report and Recommendations and Defendants' Opposition to Plaintiffs' Motion for Class Certification with supporting Memorandum of Law and Exhibits.

the necessary legal analysis applied here, the Recommendation reaches the reasonable conclusion that an objective examination must be made of the claim unique to each plaintiff. The fundamental question does not begin with the presumption of discrimination, as the Plaintiffs argue. Before the issue of discrimination can be addressed in this particular employment case, there must be a thorough assessment of the "essentially individual claims of employment discrimination." *See* Recommendation, at 26*, citing Morgan v. Metro. Dist. Comm'n,* 222 F.R.D. 220, 231-32 (D. Conn. 2004). As cited in the Recommendation, and - further stated in *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 157-58 (1982):

> Conceptually, there is a wide gap between (a) and individual's claim that he has been denied a promotion on discriminatory grounds, and his otherwise unsupported allegation that the company has a policy of discrimination, and (b) the existence of a class of persons who have suffered the same injury as that individual, such that the individual's claim and class claims will share common questions of law or fact and that the individual's claims will be typical of the class claims. For [the individual] to bridge that gap, he must prove much more than the validity of his own claim.

It is for this very reason that this court reached the correct conclusion in denying the Plaintiffs' motion for class certification. Once the initial layers of the Plaintiffs' claims are examined and a more thorough, detailed review undertaken, the gap discussed in *Falcon* is revealed. Once revealed, the only just conclusion for the Court was to deny the Plaintiffs' motion.

A careful review of the individual claims illustrated that each Plaintiff has a unique educational and employment background that makes her qualified for some positions and not for others. A more penetrating look discloses that one Plaintiff applied for a position that another did not, that a more qualified applicant was hired for the betterment of the department and that each applicant was individually assessed according to their particular skill set. Each employment

decision by the BFD was an independent decision based on the particular need of each position and the unique qualifications of those who applied.  No position is entirely equal to the next; no applicant has the same qualifications, experience or abilities as the next.  Empirical evidence of the distinction between the claims of the Plaintiffs is readily available once this Court conducted its review of their claims.

As stated in the Defendants' opposition to the Plaintiffs' motion for class certification, since 2000, Plaintiff Denise Barry has applied for six positions within the department and received a promotion with pay increase on Sept. 18, 2006, when she was chosen for the position of Administrative Assistant; Plaintiff, Jane Green, has not applied for any positions within the department; Plaintiff, Elizabeth Golden, has applied for two positions within the department and received a pay increase on Oct. 6, 2001, when she was upgraded to a Senior Administrative Assistant position; Plaintiff, Patricia McDonough, has applied for two positions within the department and is currently a Senior Administrative Assistant; Plaintiff, Elaine Mesiti, has applied for one position within the department (the Human Resources position currently held by defendant, Robert Moran) and is currently a Principal Administrative Assistant; Plaintiff, Lila Brown, has applied for four positions within the department and  received a promotion with pay increase on Nov. 13, 2006, when she was chosen for the position of Fire Prevention Administrative Assistant; Plaintiff, Mary Kane, has applied for one position within the department and is currently a Senior Administrative Assistant; Plaintiff, Judith Kelley, has applied for three positions within the department and  received a lateral transfer at her request for the position of Senior Administrator in September, 2006 and recently retired from the department.  *See* Exhibit B of Defendants' Opposition to the Plaintiffs' Motion for Class Certification at ¶¶ 12-19.

This brief examination of the individualized claims of these named Plaintiffs is convincing evidence that the gap between those claims and any conceivable class of people similarly situated is too great to justify the certification of a class action in this matter.  There is no commonality of

claims between the Plaintiffs and any potential class members and the court was justified in determining so in the findings of this Recommendation.

The court also reported findings that there is an absence of typicality for the same reasons that is found that the Plaintiffs' did not establish a commonality in their claims, namely, that this case is a collection of individualized claims. Without entirely returning to the argument set forth in the Defendants' opposition to the Plaintiffs' motion for class certification, and rehashing the elements of that argument, the lack of typicality can be witnessed in a brief review of the claims of the proposed class representatives, Denise Barry and Jane Green. The claim of Plaintiff Jane Green, who chose not to apply for any open position, is not typical when compared to the possible claims of Plaintiff, Denise Barry, who has applied for several positions within the department and received a promotion with pay increase on Sept. 18, 2006, when she was selected for a new position within the department. The same issue arises when the claims of Ms. Barry are compared to the potential claims of a retired employee who had a lengthy, successful career at the fire department and who retired after 2000.[2] These obvious disparities fully support the Courts determination that typicality of claims is also absent in the Plaintiffs' case.

The Recommendation applies well-settled legal principles and relevant court precedent to reach a just decision by concluding that a "case-by-case analysis of the plaintiffs' legal claims is necessary and class treatment would be inappropriate." *See* Recommendation, at 3. As a result, this Court should adopt the findings of the Recommendation and deny the Plaintiff's motion for class certification.

---

[2] The Plaintiffs' proposed class would be comprised of individuals who have been subjected to alleged discriminatory practices since the year 2000.

5

### b. The Plaintiffs' Objection Improperly Calls Upon The Court To Weigh Evidentiary Matters And To Consider The Merits Of This Case.

Throughout the Plaintiffs' objection, this Court is asked to rely upon the testimony of the individual Plaintiffs as well as give substantial weight to their allegations. The Plaintiffs repeatedly call for this Court to place a value on these allegations, a value the Court was not willing to place on witness testimony at the class certification stage of this litigation. The Recommendation correctly notes that it should not decide the merits of the case at this time even though "motions to certify generally involve considerations enmeshed in the factual and legal issues comprising a plaintiff's cause of action." *See* Recommendation, page 5, footnote 4, (*quoting Markarian v. Conn. Mutual Life Ins. Co.,* 202 F.R.D. 60, 63 (D. Mass. 2001)) (internal quotations omitted). Clearly, the Court considered the Rule 23 prerequisites in deciding the appropriateness of a class action but was not disposed to consider the underlying merits of the Plaintiffs' claims.

Despite the Courts determination, the Plaintiffs ask this Court in their Objection to find the testimony of two Plaintiffs credible and then to rely upon that testimony to reach a conclusion that there is a pattern and practice of political patronage discrimination at the Boston Fire Department. In response to the Recommendation's finding that the Plaintiffs have failed to demonstrate that they were subjected to standardized conduct, the Plaintiffs argue that "there is an evidentiary admission, *if two witnesses' testimony is found credible*, that the Boston Fire Department has in place a pattern and practice of political patronage discrimination." *See* Plaintiffs' Objection, at 2:12-18 (emphasis added). Also, they attempt to cast a disputed statement by a Defendant, as an admission that the Court should have given credence to in its decision. Like Plaintiffs' counsel's affidavit, which was filed with the Objection, the Plaintiffs' rely upon assertions which would require this Court to weigh evidentiary matters, address the

6

merits of the underlying action, and find facts not supported by any evidence relevant to the Court at this point in time.

The Court in its Recommendation correctly decided to limit the extent of its investigation to core factual and legal issues relevant to class action considerations only, and to reject the attempts of both sides to have factual allegations sway the Court's analysis. For these reasons, Plaintiffs' argument should be rejected and this Court should not alter the Recommendation.

## IV. CONCLUSION

For all the reasons cited herein and in the Defendants' prior submissions regarding their opposition to the Plaintiffs' motion for class certification, the Court should adopt the Report and Recommendation of Magistrate Judge Dein.

    Respectfully submitted,

    DEFENDANTS,
    by their attorneys,

    William F. Sinnott
    Corporation Counsel

    /s/ Scott C. Holmes
    _____
    Scott C. Holmes BBO# 544545
    Senior Assistant Corporation Counsel
    City of Boston Law Department
    Room 615, Boston City Hall
    Boston, Massachusetts 02201
    (617)635-4042 (Holmes)

Date: April 30, 2008

**Certificate of Service**

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants on April 30, 2008.

                                    /s/ Scott C. Holmes
                                 Scott C. Holmes